1  DANIEL G. BOGDEN
   United States Attorney
2  PAUL L. PUGLIESE
   Assistant United States Attorney
3  100 W. Liberty Street, Suite 600
   Reno, Nevada 89501
4  Tel: (775) 784-5438

5  Attorneys for Plaintiff

FILED

MAR 27 2006

U.S. MAGISTRATE JUDGE
DISTRICT OF NEVADA
BY_____DEPU

6                  UNITED STATES DISTRICT COURT

7                        DISTRICT OF NEVADA

8  IN THE MATTER OF THE SEARCH OF:        )
                                          )   No. 3:06-MJ-0023-VPC
9  The Residence Located at 12720         )
   Buckthorne Lane, Reno, Nevada, and     )
10 Storage Units 136, 140, 141, 142, and 143, )  **GOVERNMENT'S RESPONSE TO**
   Double R. Storage, 888 Maestro Drive,  )   **MOTION PURSUANT TO FEDERAL**
11 Reno, Nevada                           )   **RULE OF CRIMINAL PROCEDURE 41(g)**
                                          )   **FOR RETURN OF SEIZED PROPERTY**
12                                        )
                                          )

13

14       COMES NOW, the United States of America, by and through DANIEL G. BOGDEN, United

15  States Attorney, and PAUL L. PUGLIESE, Assistant United States Attorney, and certifies that this

16  response is being filed in a timely manner.

17                           **FACTUAL BACKGROUND**

18       On February 28, 2006, Special Agent Mike West, Federal Bureau of Investigation, presented

19  an application and affidavit for search warrant in the matter of the search of 12720 Buckthorn Lane,

20  Reno, Nevada. Special Agent West presented this application after conducting an investigation into

21  alleged violations of title 18, United States Code. In particular, Special Agent West included

22  language in the application that established probable cause to believe that property described in the

23  application constituted evidence of the commission of a criminal offense. On February 28, 2006,

24  after reviewing the application and affidavit for search warrant, this Court issued a search warrant of

25  the premises and directed that the search be conducted on or before March 9, 2006. On that same

26  day, this Court granted a Government motion to seal the affidavit in support of the search warrant.

SEALED DOCKET

On March 1, 2006, the search warrant was executed at the premises and a copy of the warrant and receipt for items seized was left with Eric Pulver, counsel for Dennis Montgomery. On March 8, 2006, a return on the search warrant was executed with the requisite inventory of items seized provided to this Court.

On March 3, 2006, Special Agent West presented five separate applications and affidavits for search warrant in the matter of the search of storage units 136, 140, 141, 142, and 143, Double R Storage, 888 Maestro Drive, Reno, Nevada. Special Agent West presented this application after continued investigation into alleged violations of title 18, United States Code, established probable cause to believe that property described in the applications constituted evidence of the commission of a criminal offense. On March 3, 2006, after reviewing the applications and affidavits for search warrant, this Court issued five separate search warrants for each of the aforementioned storage units, and directed that the searches be conducted on or before March 13, 2006. On that same day, this Court granted a Government motion to seal the affidavits in support of the search warrants. On March 3, 2006, the search warrants were executed at the five separate storage units and a copy of each warrant and receipt for items seized was left inside the separate, locked storage units. On March 8, 2006, returns on the five search warrants were executed with the requisite inventories of items seized provided to this Court.

Counsel have requested an order returning all property seized pursuant to Rule 41(g), Federal Rules of Criminal Procedure. As no criminal proceedings are pending against the moving parties, the Ninth Circuit requires that the motion be treated as a civil equitable proceeding and the Court must initially determine whether this matter is appropriate for exercise of equitable jurisdiction. *See United States v. Kama*, 394 F.3d 1236 (9th Cir. 2005). Should the Court decide to exercise jurisdiction in this matter, and as Rule 41(g) requires an evidentiary hearing on any factual issue necessary to decide the motion, the Government will provide evidence to establish that the vast majority of the property seized during the search may not lawfully be returned prior to analysis by the appropriate Federal agency. In this case, the Department of Defense must analyze documents and

2

electronic storage media seized in order to determine whether classified information or information respecting the national defense is present. As such information is owned by the United States Government, any return of the property would violate sections 793 and 798 of title 18, United States Code. In addition, the Government will also present evidence to establish that the searches in question were based on probable cause and were conducted pursuant to a lawfully issued warrant, and evidence that contradicts information contained in signed and unsigned declarations submitted in support of the motions for the return of seized property. In particular, the hearing will allow the Government to present evidence countering the following unfounded and misleading allegations contained in the opposition's motion:

1) On March 1, 2006, the FBI, *with sledgehammer in hand*, entered the Montgomery's residence, and threatened to smash open his safe if he did not open it;

2) The FBI *refused over five requests for Mr. Montgomery to speak to his lawyer, while they began the search, and attempted to interrogate him despite repeated request (sic) to speak with his lawyer;*

3) The FBI *seized numerous photographic slides of Mr. Montgomery's daughter,* who modeled for Playboy;

4) The FBI *entered the residence with several sealed boxes*;

5) Over the next four hours the FBI rummaged through the Montgomery's property, removed their property; *and excluded Mr. Montgomery and his counsel from the home*;

6) Despite no mention of prescription drugs in the search warrant, the FBI were also apparently was (sic) *looking for prescription medications or illicit drugs in the Montgomery home. The search team even apparently included a DEA agent*;

7) *Agent West told Mr. Montgomery that he could not leave his car in the driveway and instructed him to move it into the garage*;

8) *The Storage Unit Search Warrant only identified Unit No. 143 as the storage unit to be searched*;

3

9) *The storage units were left in a shambles, boxes marked "attorney-client privileged" were upended and rifled through, and several discs* containing Mr. Montgomery's own copyrighted computer programs spanning twenty years in the computer industry and for which Mr. Montgomery holds numerous copyrights were missing *and/or* damaged;

10) *Mr. Montgomery was the only individual at eTreppid with the necessary security clearance to view or receive classified material;*

11) On March 3, 2005 (sic), *the government took quantities of cash from the Montgomery's storage unit.*

## POINTS & AUTHORITIES

The Ninth Circuit has established that "'before a district court can reach the merits of a pre-indictment [Rule 41(g)] motion,' the district court must consider whether (1) 'the Government displayed a callous disregard for the constitutional rights of the movant;' (2) 'the movant has an individual interest in and need for the property he wants returned;' (3) 'the movant would be irreparably injured by denying return of the property'; and (4) 'the movant has an adequate remedy at law for the redress of his grievance." *Kama*, at 1238; *citing Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993). In *Kama*, the district court found that the first three factors weighed against the movant and declined to exercise its jurisdiction. The Ninth Circuit affirmed this ruling.

In the instant case, the first factor announced in *Kama* weighs against the movant. There is no credible evidence that the Government displayed a callous disregard for the constitutional rights of the Montgomerys or the Montgomery Family Trust. As for the remaining three factors, the Court has no evidence to find in favor of the moving parties. Therefore, the Court will need to hear evidence concerning these factors before deciding whether to entertain the motion for return of property under Rule 41(g).

Should the Court determine that exercise of equitable jurisdiction is appropriate, then the Government will establish the appropriateness of its proposal to forward all seized property which may contain classified information or information respecting the national defense to the appropriate

4

1. Federal agency for analysis.  In this case, the Court has reviewed information establishing probable
2. cause to believe that all digital storage media seized may contain classified and national defense
3. information that was originated by the Department of Defense.  Therefore, before any further action
4. is taken with regard to processing the seized evidence, the Department of Defense must analyze the
5. seized media along with any documentation upon which classified information has been transferred.
6. Any contrary action would permit the unauthorized disclosure of information relating to the national
7. defense in violation of 18 U.S.C. § 793(e) and classified information in violation of 18 U.S.C.
8. 798(a).

9.       Federal Rule of Criminal Procedure 41(g) provides that "a person aggrieved by an unlawful
10. search and seizure of property or by the deprivation of property may move for the property's return."
11. The rule does not, however, mandate the return of contraband, i.e., items that are illegally possessed.
12. None of the movants are currently authorized to possess national security information, nor are they
13. holders of a valid clearance to access classified information.  Therefore, any future possession of
14. such information by either Mr. or Mrs. Montgomery would constitute possession of contraband.  The
15. Ninth Circuit has found that "[p]roperty seized for the purposes of a trial that is neither *contraband*
16. nor subject to forfeiture should ordinarily be returned to the defendant once trial has concluded."
17. *United States v. Kaczynski*, 416 F.3d 971 (9th Cir. 2005); *citing United States v. Van Cauwenberghe*,
18. 934 F.2d 1048, 1060-61 (ith Cir. 1991).  "A defendant is indeed presumed to have a right to the
19. return of his property once the property is no longer needed as evidence, and the government has the
20. burden of showing that it has a 'legitimate reason to retain the property.'  *See United States v.*
21. *Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987).  A cognizable claim of ownership or right to
22. possession adverse to that of [the defendant] constitutes a legitimate reason. *United States v. Mills*,
23. 991 F.2d 609, 612 (9th Cir. 1993)." *Kaczynski*, at 974.

24.       In following the Ninth Circuit's model for the return of property under rule 41(g), it is
25. apparent that the moving party must establish that the property for which return is sought is owned
26. by the movant.  In the instant case, the movants request the return of all property seized without

conceding that any classified or national security information contained therein is the property of the United States Government[1]. In addition, as the instant matter is still in the criminal investigative stages, there is no indication that property that may be used at a trial should be returned to the movants at this time.

In addition to a general request for the return of all property seized, the movants specifically request the return of a Hewlett Packard laptop computer and power cord that was seized from a vehicle, family prescription medications seized from the residence, and cash "allegedly" seized from a storage unit. In response, and in addition to the arguments set forth above, the Government will provide evidence to establish that the laptop computer and controlled substances were lawfully seized at the time of the search. The laptop computer was seized pursuant to the terms of the warrant, and there was probable cause to seize the laptop inside the Montgomery vehicle parked within the garage of the residence. The evidence will also establish that Mr. Montgomery drove the vehicle into the garage of his own volition and without any command or suggestion on the part of law enforcement agents at the scene. The drugs were seized in plain view as there was evidence that clearly indicated the contraband nature of the items, Mr. Montgomery was given an opportunity to refute the agents' determination that the drugs constituted contraband nature by providing a prescription but failed to do so, and a DEA agent, not part of the original search team, was contacted to confirm the initial agents' beliefs that the items were contraband. Finally, despite unsupported statements contained in the opposition's motion and declaration, no cash was seized during the search of storage units that was conducted pursuant to the warrant.

\\\

\\\

---

[1] DoD 5220-22-R, National Industrial Security Program Operating Manual, at DL1.72, provides that once information is determined to be classified, it belongs to the United States Government and not the contractor, regardless of proprietary claims. Mr. Montgomery's work with eTreppid was subject to this DoD Manual.

6

## CONCLUSION

The Court has in its possession evidence sufficient to establish that the motion for return of property should be denied without the need for a fact-finding hearing. Should the Court determine, however, that a hearing is warranted, then the Government will be prepared to present evidence to establish that a majority of the property seized cannot lawfully be returned to the movants without first allowing the Department of Defense to conduct an examination for classified and national defense information. In addition, the Government will establish that the movants are not entitled to the return of any seized property at this point in a criminal investigation.

Dated: March 24th, 2006

Respectfully submitted,
DANIEL G. BOGDEN
United States Attorney

PAUL L. PUGLIESE
Assistant United States Attorney

7

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the office of the United States Attorney for the District of Nevada and is a person of such age and discretion as to be competent to serve papers. That on March 24th, 2006, she served a copy of the attached response by facsimile and mail to the person hereinafter named, at the place stated below, which is the last known address and facsimile number.

Philip H. Stillman, Esq.
224 Birmingham Drive, Suite 1A4
Cardiff, CA 92007
Fax: 888-235-4279
Counsel for Dennis and Brenda Montgomery and the Montgomery Family Trust

_____
JOAN SILVERSHIELD