DANIEL G. BOGDEN
United States Attorney
PAUL L. PUGLIESE
Assistant United States Attorney
100 W. Liberty Street, Suite 600
Reno, Nevada 89501
Tel: (775) 784-5438

Attorneys for Plaintiff

FILED

MAY 2006
U.S. MAGISTRATE JUDGE
DISTRICT OF NEVADA
BY _____ DEPUT

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>The Residence Located at 12720 Buckthorne Lane, Reno, Nevada, and Storage Units 136, 140, 141, 142, and 143, Double R. Storage, 888 Maestro Drive, Reno, Nevada | ) No. 3:06-MJ-0023-VPC<br>)<br>) **GOVERNMENT'S MOTION FOR**<br>) **PROTECTIVE ORDER PROHIBITING**<br>) **DISCLOSURE OF CLASSIFIED**<br>) **INFORMATION**<br>) |

The United States of America, by and through its counsel of record, the United States Attorney, in order to protect national security, hereby respectfully moves this Court to issue a protective order regarding the disclosure and dissemination of classified information and documents. This application is made pursuant to the contractual relationship between Mr. Dennis Montgomery and certain executive agencies of the United States. In addition, the prohibition on such disclosure is further enforceable under 18 U.S.C. § 793.

## I. INTRODUCTION

This matter arises before the Court pursuant to the execution of a search warrant in the above-captioned locations. In support of motions challenging the execution of this search warrant, Dennis Montgomery ("Montgomery"), by and through counsel Michael J. Flynn ("Flynn"), has made reference to information which, upon information provided to undersigned counsel, is currently and properly classified by the United States of America and protected from unauthorized disclosure pursuant to the provisions of Executive Order 13292. Classified information was allegedly referenced in the Reply Memorandum filed in support of Motions to (1) unseal search warrant

1 affidavits; (2) for the return of property pursuant to Federal Rule of Criminal Procedure 41(g); and (3) for the segregation and sealing of all attorney-client and trade secret material seized. Classified information also was referenced in the Declaration of Michael Flynn in support of the above-referenced Motions. A classification review is currently being conducted concerning the suspect disclosure. Undersigned counsel[1], however, has been advised that the information is at a minimum level of classification of confidential.

Unauthorized disclosure or dissemination of classified information may result in damage to the national security. By definition, "SECRET" information is "information the unauthorized disclosure of which reasonably could be expected to cause serious damage to the national security." Exec. Order No. 12958, § 1.3. Similarly, "CONFIDENTIAL" information is "information the disclosure of which reasonably could be expected to cause damage to the national security." Id. 1.3. It is therefore imperative that there be no disclosure or dissemination of classified documents or classified information except as provided by order of this Court.

Montgomery and Flynn have knowledge of United States government information relating to the national security. It is apparent from the Reply Memorandum and Declaration filed with this Court that Montgomery intends to place such classified information at issue in this matter. It is also possible that during the course of these proceedings, Montgomery and counsel[2] may seek access to classified documents or information or attempt to introduce or elicit the introduction of classified information. Therefore, it is appropriate for the Court to enter a protective order to protect against additional unlawful disclosures of classified information that may arise during these proceedings.

---

[1] Undersigned counsel for the Government, Assistant United States Attorney Paul L. Pugliese, holds a United States government security clearance at the "Top Secret level and is authorized to have access to the classified information involved in this litigation. Neither Mr. Montgomery nor his counsel hold a current United States government security clearance at any level.

[2] Counsel " or "counsel for Montgomery, as used in the herein motion and related orders, refers to any counsel representing Dennis Montgomery in connection with the current proceeding, Case No. 3:06-MJ-OO23-VPC, or in any related proceedings, including but not limited to Michael J. Flynn.

2

1  Accordingly, the Government seeks a protective order prohibiting the further public
2  disclosure of classified information in any filings with the Court.

3  II. DISCUSSION

4  In United States v. Pappas, 94 F.3d 795 (2d Cir. 1996), the Court of Appeals reviewed a
5  protective order issued by a district court that required defendant and his counsel to maintain the
6  confidentiality of classified information of which they came into possession either before or after the
7  initiation of the criminal prosecution. The Court of Appeals summarized the coverage of the
8  Classified Information Protection Act, 18 U.S.C. app. 3 as follows: "information conveyed by the
9  Government to the defendant in the course of pretrial discovery or the presentation of the
10  Government's case may be prohibited from disclosure, including public disclosure outside the
11  courtroom, but information acquired by the defendant prior to the criminal prosecution may be
12  prohibited from disclosure only 'in connection with the trial' and not outside the trial." Pappas, at
13  801. The Court went on, however, to state that the prohibition of such public disclosure may be
14  supported under "ordinary principles of contract law." Id.

15  The Government is prepared to establish, at a closed proceeding, the contractual relationship
16  between Mr. Montgomery and an agency or agencies of the United States. In addition, the
17  Government can establish that a condition of this relationship was that Mr. Montgomery not disclose
18  classified information. "The Government is entitled to enforce its agreements to maintain the
19  confidentiality of classified information." Id., at 801-802; citing United States v. Snepp. 555 U.S.
20  507, at 510, 516-517 (1980).

21  \\\
22  \\\
23  \\\
24  \\\
25  \\\
26  \\\

3

## III. CONCLUSION

The Government requests that its motion for a protective order be granted. For the Court's convenience, the Government has attached a proposed Protective Order. In addition, the Government requests that, upon issuance of such order, a status conference be scheduled to permit the scheduling of a hearing necessary for resolution of the motions pending before this Court.

Dated: May 8, 2006

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/ Paul L. Pugliese*

PAUL L. PUGLIESE
Assistant United States Attorney

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the office of the United States Attorney for the District of Nevada and is a person of such age and discretion as to be competent to serve papers. That on May ___, 2006, he served a copy of the attached motion by facsimile to the person hereinafter named, at the place stated below, which is the last known address and facsimile number.

Philip H. Stillman, Esq.
224 Birmingham Drive, Suite 1A4
Cardiff, CA 92007
Fax: 888-235-4279
Counsel for Dennis and Brenda Montgomery and the Montgomery Family Trust

PAUL L. PUGLIESE

1 DANIEL G. BOGDEN
United States Attorney
2 PAUL L. PUGLIESE
Assistant United States Attorney
3 100 W. Liberty Street, Suite 600
Reno, Nevada 89501
4 Tel: (775) 784-5438

5 Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: | )<br>) No. 3:06-MJ-0023-VPC |
| The Residence Located at 12720 Buckthorne Lane, Reno, Nevada, and Storage Units 136, 140, 141, 142, and 143, Double R Storage, 888 Maestro Drive, Reno, Nevada | )<br>)<br>)<br>) **PROTECTIVE ORDER**<br>)<br>)<br>) |

This matter comes before the Court upon the motion of the United States for a protective order to prevent the unauthorized disclosure or dissemination of classified national security information and/or documents which may be within the knowledge or possession of Dennis Montgomery ("Montgomery") or counsel for Montgomery ("counsel") in this case.

Pursuant to the general supervisory authority of the Court, and in order to protect the national security, the Court hereby enters the following Protective Order:

1. The Court finds that this case may involve information that has been classified in the interest of the national security. The storage, handling, and control of such information require special security precautions mandated by statute, Executive Order, and regulation, and access to such information requires appropriate security clearances. This Order establishes procedures that must be followed by all parties, counsel, Court personnel and other individuals who receive access to classified information or documents in connection with this litigation. The procedures and restrictions set forth herein shall apply to all proceedings concerning classified information,

1  including post-trial and appellate matter, and may be modified from time to time by further order of
2  the Court acting under its inherent supervisory authority.
3      2. Definitions. The following definitions shall apply to this Order:
4        (a) "Classified information shall mean:
5          (i) any document or information which has been classified by any executive
6  agency in the interests of national security or pursuant to Executive Order 13292 or its predecessor
7  Orders as "CONFIDENTIAL," "SECRET," "TOP SECRET,"or additionally controlled as
8  "SENSITIVE COMPARTMENTED INFORMATION" ("SC."), or any information contained in
9  such document;
10          (ii) any document or information now or formerly in the possession of a
11  private party which (A) has been derived from classified United States government information or
12  (B) has subsequently been classified by the United States pursuant to Executive Order as
13  "CONFIDENTIAL," "SECRET," "TOP SECRET," or additionally controlled as "SENSITIVE
14  COMPARTMENTED INFORMATION" ("SC.");
15          (iii) orally transmitted classified information known to Montgomery or
16  counsel;
17          (iv) any information, regardless of place of origin and including" foreign
18  government information" as that term is defined in Executive Order 13292, that could reasonably be
19  believed to contain classified information, or that refers or relates to national security or intelligence
20  matters;
21          (iv) any document or information as to which Montgomery or counsel have
22  been notified orally or in writing that such document or information contains classified information.
23      (b) "Document" shall mean any material containing information, The term
24  "document" shall include, without limitation, written or printed matter of any kind including
25  originals, conforming copies, non-conforming copies (e.g., a copy of an original with an added
26  notation), letters, reports, summaries, memoranda, notes, communications, telexes, cables,

1 telecopies, telegrams, facsimiles, microfilms, reports, photographs, charts, graphs, maps, invoices,
2 accountings, worksheets, bulletins, transcripts, and messages, as well as alterations, amendments,
3 modifications and changes of any kind to the foregoing; and all recordings of information on
4 magnetic, electronic, or optic media such as audio or video tapes, computer tapes or discs,
5 microfiche, type-writer ribbons, films and all manner of electronic data processing storage.

6       (c) "Access to classified information" means having access in any manner to
7 classified information, including reviewing, reading, hearing, learning or otherwise coming to know
8 in any manner classified information.

9       (d) "Originating Agency" means the agency or department that originated a document
10 or information contained therein.

11   3. <u>Protection of Classified Information</u>. The Court finds that to protect the classified
12 information involved in this litigation:

13       (a) No person, including Dennis Montgomery, Montgomery's counsel, employees of
14 his counsel, counsel for the Government, and persons associated with the Government, shall discuss
15 classified information over any standard commercial telephone instrument or office
16 intercommunication systems, including but not limited to the internet, or in the presence of any
17 person who has not been granted access by the Court to classified information.

18       (b) Neither Mr. Montgomery or his counsel may disclose, without prior approval of *[handwritten: Invoking CIPA hm]*
19 the Court, the contents of any classified documents or information to any person not named in the
20 Order, other than the Court, Court personnel, and counsel for the United States. Counsel for the
21 United States shall be given an opportunity to be heard in response to a request of Montgomery's
22 counsel for disclosure to a person not named in this order.

23       (c) Classified information that has been previously released or made public remains
24 classified and therefore subject to the provisions of this Order. <u>See</u> Exec. Order 13292 § 1.1(b). Mr.
25 Montgomery and his counsel may not use or refer to any previously released or publicized classified
26 information in any public proceeding in this case except in compliance with the provisions of this

3

Order. In particular, counsel are notified that disclosure of any information referring to the relationship between individuals and certain Federal agencies may contain classified information and must be handled in accordance with the provisions of this Order. Prior to public release of such information, counsel are required to submit a request for release of such information, under seal, for review by the Court.

4. <u>Continued Classification</u>. All classified information shall remain classified unless the Originating Agency issues a written statement clearly indicating that the information has been declassified. All documents containing classified information shall remain classified unless the documents bear a clear indication that they have been declassified by the Originating Agency.

5. <u>Filing of Papers</u>. Any pleading or other document filed by counsel shall be filed under seal with the Court.

6. <u>Return of Classified Information</u>. All classified documents and information to which Montgomery's counsel or employees of Montgomery's counsel have access are and shall remain the property of the United States. Any classified information in possession of Mr. Montgomery, his counsel, and employees of counsel shall be provided to the Court under seal.

7. <u>Unauthorized Disclosure: Breach of this Order</u>. Any unauthorized disclosure of classified information may constitute a violation of the criminal laws of the United States. In addition, any violation of the terms of this Order shall be brought immediately to the attention of the Court and may result in a charge of contempt of Court and referral for criminal prosecution.

8. <u>Issuance of this Order</u>. A copy of this Order shall be issued forthwith to counsel for both parties. Counsel for Mr. Montgomery are responsible for advising Mr. Montgomery and any approved employees of counsel of its contents.

ORDERED this _____ day of May, 2006.

_____
UNITED STATES MAGISTRATE JUDGE



# United States District Court

### District of Nevada

Bruce R. Thompson U.S. Courthouse and Federal Building
400 South Virginia Street, Room 404
Reno, Nevada 89501

Chambers of Valerie P. Cooke
United States Magistrate Judge

Telephone: (775) 686-5855
Facsimile: (775) 686-5864

## FAX TRANSMITTAL

DATE:  May 10, 2006

THE FOLLOWING PAGES ARE BEING FAXED TO:

NAME:  Mike Macisso  (#1-202-307-2066)

NUMBER OF PAGES INCLUDING COVER SHEET:  10

FROM:  The Honorable Valerie P. Cooke
United States Magistrate Judge

PHONE:  (775) 686-5855

FAX NO.:  (775) 686-5864

If you do not receive all the pages indicated above or the message is poorly received, please contact our office as soon as possible at the phone number above. If the reader of this message is not the intended recipient, please contact our office as soon as possible at the phone number listed above.

ADDITIONAL COMMENTS:

\* \* \* Transmission Result Report(MemoryTX) ( May.10. 2006 10:11AM ) \* \* \*

Date/Time: May.10. 2006 10:09AM

```
File                                                                    Page
No. Mode         Destination                    Pg(s)    Result         Not Sent
------------------------------------------------------------------------------
5723 Memory TX   8--12023072066                 P. 10    OK
```

Reason for error
  E.1) Hang up or line fail              E.2) Busy
  E.3) No answer                         E.4) No facsimile connection



**United States District Court**
District of Nevada
Bruce R. Thompson U.S. Courthouse and Federal Building
400 South Virginia Street, Room 404
Reno, Nevada 89501

Chambers of Valerie P. Cooke                           Telephone: (775) 686-5855
United States Magistrate Judge                         Facsimile: (775) 686-5864

### FAX TRANSMITTAL

DATE:    May 10, 2006

THE FOLLOWING PAGES ARE BEING FAXED TO:

NAME:    Mike Macisso (#1-202-307-2066)

NUMBER OF PAGES INCLUDING COVER SHEET: 10

FROM:    The Honorable Valerie P. Cooke
         United States Magistrate Judge

PHONE:   (775) 686-5855

FAX NO.: (775) 686-5864

If you do not receive all the pages indicated above or the message is poorly received, please contact our office as soon as possible at the phone number above. If the reader of this message is not the intended recipient, please contact our office as soon as possible at the phone number listed above.

ADDITIONAL COMMENTS: