AO106 (Rev. 12/03)  Affidavit for Search Wa.

FILED

# UNITED STATES DISTRICT COURT

DISTRICT OF    NEVADA

MAR   3 2006

U.S. MAGISTRATE JUDGE
DISTRICT OF NEVADA
BY _____DEPUT

### In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

Storage Unit # 136, Double R Storage, 888 Maestro Drive, Reno, Nevada

## APPLICATION AND AFFIDAVIT
## FOR SEARCH WARRANT

Case Number:    3:06-MJ-0023-VPC

I,   MIKE WEST _____ being duly sworn depose and say:

I am a(n) SPECIAL AGENT, FEDERAL BUREAU OF INVESTIGATION _____ and have reason to believe
Official Title

that   ☐ on the person of or    ☑ on the property or premises known as (name, description and/or location)
Storage Unit # 136, Double R Storage, 888 Maestro Drive, Reno, Nevada, further described in Attachment A, fully
incorporated by reference and attached hereto

in the _____ District of    NEVADA _____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

SEE ATTACHMENT B

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

property that constitutes evidence of the commission of a criminal offense; the fruits of a crime, and/or property designed or
intended for use which is or has been used as a means of committing a criminal offense

concerning a violation of Title   18 _____ United States code, Section(s)   793(e) _____

The facts to support a finding of probable cause are as follows:

SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT MICHAEL WEST

Continued on the attached sheet and made a part hereof:     ☑ Yes     ☐ No

_____
Signature of Affiant

Sworn to before me and subscribed in my presence,

_March 3, 2006_____
Date

at   RENO _____ NEVADA
<br>City              State

VALERIE P. COOKE     US MAGISTRATE
Name of Judge          Title of Judge

_____
Signature of Judge

41

AO106 (Rev. 12/03) Affidavit for Search Warrant

U.S. ATTORNEY,

MAR 2 3

RECEIVED

# UNITED STATES DISTRICT COURT

**FILED**

DISTRICT OF   NEVADA

MAR 3 2006

U.S. MAGISTRATE JUDGE
DISTRICT OF NEVADA
_____DEP¹¹

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

Storage Unit # 140, Double R Storage, 888 Maestro Drive, Reno, Nevada

APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT

Case Number:   3:06-MJ-0023-VPC

I, __MIKE WEST_____ being duly sworn depose and say:

I am a(n) __SPECIAL AGENT, FEDERAL BUREAU OF INVESTIGATION_____ and have reason to believe
                                                    Official Title

that  ☐ on the person of or   ☑ on the property or premises known as (name, description and/or location)
Storage Unit # 140, Double R Storage, 888 Maestro Drive, Reno, Nevada, further described in Attachment A, fully
incorporated by reference and attached hereto

in the _____ District of   NEVADA _____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

SEE ATTACHMENT B

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

property that constitutes evidence of the commission of a criminal offense; the fruits of a crime, and/or property designed or
intended for use which is or has been used as a means of committing a criminal offense

concerning a violation of Title 18_____ United States code, Section(s)   793(e)_____

The facts to support a finding of probable cause are as follows:

SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT MICHAEL WEST

Continued on the attached sheet and made a part hereof:        ☑ Yes      ☐ No

_____
Signature of Affiant

Sworn to before me and subscribed in my presence,

__March 3, 2006_____
Date

at   RENO                              NEVADA
     City                              State

VALERIE P. COOKE            US MAGISTRATE
Name of Judge               Title of Judge

_____
Signature of Judge

AO106 (Rev. 12/03)   Affidavit for Search Warrant _____

**FILED**

# UNITED STATES DISTRICT COURT

DISTRICT OF   **NEVADA**

MAR  3 2006

U.S. MAGISTRATE JUDGE
DISTRICT OF NEVADA
BY _____ DEPUT

### In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

Storage Unit # 141, Double R Storage, 888 Maestro Drive, Reno, Nevada

## APPLICATION AND AFFIDAVIT
## FOR SEARCH WARRANT

Case Number:   3:06-MJ-0023-VPC

I, **MIKE WEST** _____ being duly sworn depose and say:

I am a(n) **SPECIAL AGENT, FEDERAL BUREAU OF INVESTIGATION** _____ and have reason to believe
Official Title

that   ☐ on the person of or   ☑ on the property or premises known as (name, description and/or location)
Storage Unit # 141, Double R Storage, 888 Maestro Drive, Reno, Nevada, further described in Attachment A, fully
incorporated by reference and attached hereto

in the _____ District of   **NEVADA** _____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

SEE ATTACHMENT B

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

property that constitutes evidence of the commission of a criminal offense; the fruits of a crime, and/or property designed or
intended for use which is or has been used as a means of committing a criminal offense

concerning a violation of Title  18 _____   United States code, Section(s)   793(e) _____

The facts to support a finding of probable cause are as follows:

SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT MICHAEL WEST

Continued on the attached sheet and made a part hereof:     ☑ Yes     ☐ No

_____
Signature of Affiant

Sworn to before me and subscribed in my presence,

_____
Date   March 3, 2006

at   RENO
City

NEVADA
State

VALERIE P. COOKE        US MAGISTRATE
Name of Judge           Title of Judge

_____
Signature of Judge

**FILED**

AO106 (Rev. 12/03)  Affidavit for Search Warrant.

DISTRICT OF     NEVADA

**MAR  3 2006**

U.S. MAGISTRATE JUDGE
DISTRICT OF NEVADA

BY_____DEPUT

### In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

Storage Unit # 142, Double R Storage, 888 Maestro Drive, Reno, Nevada

## APPLICATION AND AFFIDAVIT
## FOR SEARCH WARRANT

Case Number:     3:06-MJ-0023-VPC

I,   MIKE WEST _____ being duly sworn depose and say:

I am a(n)  SPECIAL AGENT, FEDERAL BUREAU OF INVESTIGATION _____ and have reason to believe
Official Title

that   ☐ on the person of or   ☑ on the property or premises known as (name, description and/or location)
Storage Unit # 142, Double R Storage, 888 Maestro Drive, Reno, Nevada, further described in Attachment A, fully
incorporated by reference and attached hereto

in the _____ District of    NEVADA _____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

SEE ATTACHMENT B

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

property that constitutes evidence of the commission of a criminal offense; the fruits of a crime, and/or property designed or
intended for use which is or has been used as a means of committing a criminal offense

concerning a violation of Title  18 _____ United States code, Section(s)   793(e) _____

The facts to support a finding of probable cause are as follows:

SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT MICHAEL WEST

Continued on the attached sheet and made a part hereof:     ☑ Yes    ☐ No

_____
Signature of Affiant

Sworn to before me and subscribed in my presence,

_March 3, 2006_____ _4:45 p.m____ at   RENO
Date                            City

NEVADA
State

VALERIE P. COOKE        US MAGISTRATE
Name of Judge           Title of Judge

_____
Signature of Judge

AO106 (Rev. 12/03)  Affidavit for Search War

# UNITED STATES DISTRICT COURT

DISTRICT OF    NEVADA     MAR 3 2006

**U.S. MAGISTRATE JUDGE
DISTRICT OF NEVADA**

        DEPUT

### In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

Storage Unit # 143, Double R Storage, 888 Maestro Drive, Reno, Nevada

## APPLICATION AND AFFIDAVIT
## FOR SEARCH WARRANT

Case Number:    3:06-MJ-0023-VPC

I,    MIKE WEST        being duly sworn depose and say:

I am a(n)   SPECIAL AGENT, FEDERAL BUREAU OF INVESTIGATION    and have reason to believe
Official Title

that   ☐ on the person of or    ☑ on the property or premises known as (name, description and/or location)
Storage Unit # 143, Double R Storage, 888 Maestro Drive, Reno, Nevada, further described in Attachment A, fully
incorporated by reference and attached hereto

in the            District of    NEVADA

there is now concealed a certain person or property, namely (describe the person or property to be seized)

SEE ATTACHMENT B

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

property that constitutes evidence of the commission of a criminal offense; the fruits of a crime, and/or property designed or
intended for use which is or has been used as a means of committing a criminal offense

concerning a violation of Title   18      United States code, Section(s)   793(e)

The facts to support a finding of probable cause are as follows:

SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT MICHAEL WEST

Continued on the attached sheet and made a part hereof:    ☑ Yes    ☐ No

_____
Signature of Affiant

Sworn to before me and subscribed in my presence,

_March 3, 2004_    _4:44 pm_   at   RENO        NEVADA
<br>Date                          City                      State

VALERIE P. COOKE        US MAGISTRATE
<br>Name of Judge             Title of Judge           Signature of Judge

1                                                   AFFIDAVIT

2                I, Michael A. West, Special Agent (SA), United States Federal Bureau of

3    Investigation, being duly sworn, state the following:

4                I have been employed as a Special Agent with the Federal Bureau of Investigation

5    for approximately ten years.  As part of my regularly assigned duties, I investigate violations of

6    federal statutes to include theft of trade secrets and the unlawful retention of information relating

7    to the national defense which occur in Northern Nevada.

8                Your affiant makes this affidavit in support of the accompanying application for a

9    search warrant for storage unit numbers 0136, 0140, 0141, 0142, and 0143 located at Double R

10   Self Storage, 888 Maestro Drive, Reno, Nevada(further described in "Attachment A").

11               Your affiant has investigated or been advised by other Special Agents of the U.S.

12   Government and confirmed the following:

13               Your affiant reaffirms and incorporates by reference the information contained  in

14   the Affidavit sworn to on February 28, 2006, which resulted in the court issuing a search warrant

15   for the premises located at 12720 Buckthorn Lane, Reno, Nevada.

16               On or about March 1, 2006, a Federal Search Warrant authorized by the U.S.

17   Magistrate Judge Valerie P. Cooke,  U.S. District Court, District of Nevada, Reno, Nevada, on

18   February 28, 2006, was executed at 12720 Buckthorn Lane, Reno, Nevada, the known residence of

19   DENNIS LEE MONTGOMERY, by Special Agents of the FBI.  The Search Warrant sought the

20   items in Attachment B.  Agents seized computers, hard disks, DVDs, and compact disks.  Items

21   seized were labeled with "DEVSERVER 12/17/2005", "XYZ Data", and "DEO 1/20/2006 PROG."

22   The Black Lianli Central Processing Unit (CPU), Ultra Storage eight hard drive RAID storage

23   unit, Model 2081, serial number 6564737, and the nine original Secret hard drives were not

24   located at the residence.

25               On or about March 2, 2006, ████████ advised that "XYZ Data" was part of a

26   ████████████████████████████████████████ and "DEO" was a folder name that

     ████ observed on the missing RAID box from the warehouse that MONTGOMERY used on a

1  daily basis. On or about March 3, 2006, ███████ advised that "DEVSERVER" is the name of the

2  server at eTreppid used to store all the software programs used to develop Source Code.

3           On or about March 3, 2006, Gerald Gedrimas, Manager, Double R Storage, 888

4  Maestro Drive, Reno, Nevada, advised that DENNIS MONTGOMERY rents five storage units

5  numbers 0136, 0140, 0141, 0142, and 0143. Double R Storage allows tenants access to the

6  facilities and individual units through an access control system. Each tenant is given a Passcode

7  which opens the front gate and disarms the alarm for their unit(s). A review of the access log for

8  all units numbers 0136, 0140, 0141, 0142, and 0143, from November 1, 2005, to March 3, 2006

9  revealed that each unit has been accessed. Unit Number 0136 was accessed four (4) times from

10 December 8, 2005, through February 3, 2006.    Unit Number 0142 was accessed eight (8) times

11 from November 12, 2005, through February 20, 2006. Unit Number 0143 was accessed eight (9)

12 times from November 12, 2005, through March 3, 2006. Unit Number 0141 was accessed fifteen

13 (15) times from December 8, 2005, through January 24, 2006. Unit Number 0140 was accessed

14 fifty six (56) times from November 1, 2005, through March 3, 2006. The access log shows that

15 MONTGOMERY exited the facilities on February 28, 2006, at approximately 9:44:00 A.M. and

16 returned on March 3, 2006, at approximately 7:49 A.M., and last exited the facility at 8:01 A.M.

17          A review of the surveillance video maintained by Double R Storage revealed that

18 on March 3, 2006, at approximately 7:45 A.M. a 2003 Chevrolet Extended Cab truck entered the

19 facility and traveled to the area of units occupied by MONTGOMERY with no observable cargo.

20 An individual was observed to walk between the storage unit and the 2003 Chevrolet Extended

21 Cab truck with no observable items being placed in the truck. At approximately 7:55 A.M., the

22 2003 Chevrolet Extended Cab truck exited the facility being driven by an individual resembling

23 DENNIS MONTGOMERY. There was no observable items in the cab area or the bed 2003

24 Chevrolet Extended Cab truck. Brenda Montgomery of 12720 Buckthorn Lane, Reno, Nevada, is

25 the registered owner of a 2003 Chevrolet Extended Cab truck.

26

2

1   Instrumentalities and Evidence of the Crime

2   As set forth above, there is probable cause to believe that the storage unit numbers

3   0136, 0140, 0141, 0142, and 0143 located at Double R Self Storage, 888 Maestro Drive, Reno,

4   Nevada(further described in "Attachment A") contains evidence of the offense of Theft of Trade

5   Secrets and Unlawful Retention of National Defense Information. Therefore, the computer

6   hardware, software, computer documentation, passwords, and data security devices further

7   described in Attachment B constitute means of committing criminal offenses. Additionally, there

8   is probable cause to believe that MONTGOMERY has used his computers and related electronic

9   storage devices to collect, store, maintain, retrieve, conceal, transmit, and use electronic data

10  relating to these offenses in the form of electronic records, documents, and materials, including

11  those used to facilitate communications, each of which constitutes evidence of the offense.

12  Seizure of Equipment and Data

13  Based on my knowledge, training, and experience, and my conversations with other

14  FBI Special Agents and computer trained personnel, I know that in order to completely and

15  accurately retrieve data maintained in computer hardware or on computer software, to ensure

16  accuracy and completeness of such data, and to prevent the loss of the data either from accidental

17  or programmed destruction, it is often necessary that some computer equipment, peripherals,

18  related instructions in the form of manuals and notes, as well as the software utilized to operate

19  such a computer, be seized and subsequently processed by a certified Computer Forensic Examiner

20  in a laboratory setting. This is true because of the following:

21  a. The volume of evidence. Computer storage devices (such as hard disks,

22  DVDs, compact disks, diskettes, tapes, laser disks, and other storage devices.) can store the

23  equivalent of thousands of pages of information. Additionally, a user may seek to conceal

24  criminal evidence by storing it in random order with deceptive file names. Searching authorities

25  are required to examine all the stored data to determine which particular files are evidence or

26  instrumentalities of criminal activity. This sorting process can take weeks or months, depending

3

1  on the volume of data stored, and it would be impractical to attempt this kind of data analysis on-

2  site.

3            b. Technical requirements. Analyzing computer systems for criminal

4  evidence is a highly technical process requiring expert skill and a properly controlled environment.

5  The vast array of computer hardware and software available requires even computer experts to

6  specialize in some systems and applications. Thus it is difficult to know prior to the search which

7  expert possesses sufficient specialized skill to best analyze the system and its data. No matter

8  which system is used, however, data analysis protocols are exacting scientific procedures, designed

9  to protect the integrity of the evidence and to recover even "hidden", erased, compressed,

10  password-protected, or encrypted files. Since computer evidence is extremely vulnerable to

11  tampering or destruction (both from external sources or from destructive code imbedded in the

12  system as a "booby trap"), a controlled environment is essential to its complete and accurate

13  analysis.

14            Due to the volume of the data at issue and the technical requirements set forth

15  above, it may be necessary that the above reference equipment, software, data, and related

16  instruction be seized and subsequently processed by a certified Computer Forensic Examiner in a

17  laboratory setting. Under appropriate circumstance, some types of computer equipment can be

18  more readily analyzed and pertinent data seized on-site, thus eliminating the need for its removal

19  from the premises. One factor used in determining whether to analyze a computer on-site or to

20  remove it from the premises is whether the computer constitutes an instrumentality of an offense

21  and is thus subject to immediate seizure as such--or whether it serves as a mere repository for

22  evidence of a criminal offense. Another determining factor is whether, as a repository for

23  evidence, a particular device can be more readily, quickly, and thus less intrusively, analyzed off

24  site, with due considerations given to preserving the integrity of the evidence. This, in turn, is

25  often dependent upon the amount of data and number if discrete files or file areas that must be

26  analyzed, and this is frequently dependent upon the particular type of computer hardware involved.

4

1    As a result, it is ordinarily impossible to appropriately analyze such material without removing it

2    from the location where it is seized.

3                                   Analysis of Electronic Data

4             The analysis of electronically stored data, whether performed on-site or in a

5    laboratory or other controlled environment, may entail any or all of several different techniques.

6    Such techniques may include, but shall not be limited to, surveying various file "directories" and

7    the individual files they contain (analogous to looking at the outside of a file cabinet for the

8    markings it contains and opening a drawer capable of containing pertinent files, in order to locate

9    the evidence and instrumentalities authorized for seizure by the warrant); "opening" or reading the

10   first few "pages" of such files in order to determine their precise contents; "scanning" storage areas

11   to discover and possibly recover recently deleted data; scanning storage areas for deliberately

12   hidden files; and performing electronic "key-word" searches through all electronic storage areas to

13   determine whether occurrences of language contained in such storage areas exist that are

14   intimately related to the subject matter of the investigation.

15

16            Based on the investigation████████████████████████████to

17   MONTGOMERY prior to March 1, 2006, MONTGOMERY appears to have removed the

18   necessary computer equipment and data from eTreppid to continue his development efforts.

19   Pursuant to the Federal Search Warrant executed on March 1, 2006, items labeled "DEVSERVER

20   12/17/2005", "XYZ Data", and "DEO 1/20/2006 PROG." were seized from the residence which

21   are the names or programs maintained at or deleted from eTreppid; however, the  Black Lianli

22   Central Processing Unit (CPU), Ultra Storage eight hard drive RAID storage unit, Model 2081,

23   serial number 6564737, and the nine original Secret hard drives were not located.

24   MONTGOMERY appears to be regularly accessing Storage Unit number 0136, 0140, 0141, 0142,

25   and 0143, from the period November 1, 2005, through March 3, 2006.

26

5

1   Based on the forgoing, your affiant believes there is reasonable grounds and

2   probable cause to believe that DENNIS LEE MONTGOMERY did steal trade secrets, a violation

3   of Title 18, United States Code, Section 1832, Theft of Trade Secrets, and unlawful retained

4   National Defense Information, a violation of Title 18, United States Code, Section 793(e),

5   Unlawful Retention of National Defense Information.

6   Wherefore, your affiant requests a search warrant for storage unit numbers 0136,

7   0140, 0141, 0142, and 0143 located at Double R Self Storage, 888 Maestro Drive, Reno, Nevada

8   (further described in "Attachment A") for the purpose of locating and seizing items listed in

9   Attachment B.

MICHAEL A. WEST, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence this 3rd day of March 2006.

VALERIE P. COOKE
United States Magistrate Judge

6

1

<u>ATTACHMENT A</u>

2

Storage Unit Numbers 0136, 0140, 0141, 0142, and 0143, located at Double R Self

3

Storage, 888 Maestro Drive, Reno, Nevada,  The location is a business which is brown in color

4

with green trim having the name "Double R Self Storage" on the front and being located near the

5

intersection of Double R Boulevard and Maestro Drive in Reno, Nevada.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

7

## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED

1.  Any Black Lianli Central Processing Unit (CPU)

2.  Any Ultra Storage eight hard drive RAID storage unit, Model 2081, serial number 6564737.

3   Any address and/or telephone books and papers reflecting names, addresses, telephone numbers, electronic mail addresses, and/or Internet Web site addresses which might identify associates which may relate to potential investors of the Source Code.

4.  Any telephone bills and records, and/or calling cards numbers which may relate to potential investors of the Source Code.

5.  Any corporate documents, corporate charters, articles of incorporation, list of corporate officers, and/or registered agent applications which may relate to potential investors of the Source Code.

6.  Any bank statements, deposit or withdrawal slips, bank checks, money orders, cashier's checks, passbooks, wire transfers, and any other items evidencing the movement of money which may relate to payments made and/or received from potential investors of the Source Code.

7.  Any personal or business correspondence, both written forms and electronically stored, to include envelopes and packaging materials which indicate indica of occupancy.

8.  Any computer files protected by copyright, including software and movie files, log files, user names and passwords to Internet, mIRC, ftp, or other sites, programs or software used for communication between individuals relating to Dennis Lee Montgomery and other unknown individuals.

9.  Any computer hardware, meaning any and all computer equipment including any electronic devices which are capable of collecting, analyzing, creating, displaying, converting, storing, concealing, or transmitting electronic, magnetic, optical, or similar computer impulses or data. Included within the definition of computer hardware is any data processing hardware (such as central processing units and self-contained laptop or notebook computers); internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical and compact disk storage devices, and other memory storage devices); peripheral input/output devices (such as keyboards, printers, scanners, plotters, video display monitors, and optical readers); related communications devices (such as modems, cables and connections, recording equipment, RAM and ROM units, acoustic couplers, automatic dialers, speed dialers, programmable telephone dialing or signaling devices, and electronic tone generating devices); and any devices, mechanisms, or parts that can be used to restrict access to such hardware (such as physical keys and locks).

10. Any computer software, meaning any and all information, instructions, programs, or program codes, stored in the form of electronic, magnetic, optical, or other media, which is capable of being interpreted by a computer or its related components. Computer software may also include data, data fragments, or control characters integral to the

8

operation of computer software, such as operating systems software, applications software, utility programs, compilers, interpreters, communications software, and other programming used or intended to be used to communicate with computer components.

11.   Any computer-related documentation, meaning any written, recorded, printed, or electronically-stored material which explains or illustrates the configuration or use of any seized computer hardware, software, or related items.

12.   Any computer passwords and data security devices, meaning any devices, programs, or data -- whether themselves in the nature of hardware or software -- that can be used or are designed to be used to restrict access to, or to facilitate concealment of, any computer hardware, computer software, computer-related documentation, or electronic data records. Such items include, but are not limited to, data security hardware (such as encryption devices, chips, and circuit boards); passwords; data security software or information (such as test keys and encryption codes); and similar information that is required to access computer programs or data or to otherwise render programs or data into usable form.

13.   Any computer or electronic records, documents, and materials, including those used to facilitate interstate communications, in whatever form and by whatever means such records, documents, or materials, their drafts or their modifications, may have been created or stored, including, but not limited to, any hand-made form (such as writing or marking with any implement on any surface, directly or indirectly); any photographic form (such as microfilm, microfiche, prints, slides, negative, video tapes, motion pictures or photocopies); any mechanical form (such as photographic records, printing or typing); any electrical, electronic, or magnetic form (such as tape recordings, cassettes, compact disks); or any information on an electronic or magnetic storage device (such as floppy diskettes, hard disks, CD-ROMs, optical disks, printer buffers, sort cards, memory calculators, electronic dialers, or electronic notebooks), as well as printouts or readouts from any magnetic storage device.

14.   Any electronic information or data, stored in any form, which has been used or prepared for use either for periodic or random backup (whether deliberate, inadvertent, or automatically or manually initiated), of any computer or computer system. The form such information might take includes, but is not limited to, floppy diskettes, fixed hard disks, removable hard disk cartridges, tapes, laser disks, CD-ROM disks, video cassettes, and other media capable of storing magnetic or optical coding.

15.   Any electronic storage device capable of collecting, storing, maintaining, retrieving, concealing, transmitting, and using electronic data, in the form of electronic records, documents, and materials, including those used to facilitate interstate communications. Included within this paragraph is any information stored in the form of electronic, magnetic, optical, or other coding on computer media or on media capable of being read by a computer or computer-related equipment, such as fixed disks, external hard disks, removable hard disk cartridges, floppy disk drives and diskettes, tape drives and tapes, optical storage devices, laser disks, or other memory storage devices.

9