Ronald J. Logar, Esq., Nevada Bar No.: 0303
Eric A. Pulver, Esq., Nevada Bar No.: 7874
**Law Office of Logar & Pulver, PC**
225 S. Arlington Ave., Ste A
Reno, NV 89501
Phone: 775-786-5040
Fax: 775-786-7544

Michael J. Flynn, Esq., Mass. State Bar No.: 172780
Philip H. Stillman, Esq., California State Bar No.: 152861
**Flynn & Stillman**
224 Birmingham Drive, Suite 1A4
Cardiff, CA 92007
Phone: 888-235-4279
Fax: 888-235-4279
*Admitted Pro Hac Vice in related Federal Case No. 3:06-cv-0056-BES-VPC*

FILED
JUL 2006
U.S. MAGISTRATE JUDGE
DISTRICT OF NEVADA
BY ________________ DEPUT

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In the Matter of the Search of: 12720 Buckhorn Lane, Reno, NV and 888 Mastro Drive, Reno, NV, Storage Unit Numbers 136, 140 , 141, 142, and 143 | CASE NO.: 3:06-MJ-0023-VPC<br><br>DENNIS AND BRENDA MONTGOMERY'S AND THE MONTGOMERY FAMILY TRUST'S EX PARTE APPLICATION TO ENFORCE TRIAL SUBPOENA |

Jul 30 2006 10:48PM Flynn & Stillman (888) 235-4279 p.2

Dennis Montgomery, his wife, Brenda Montgomery and the Montgomery Family Trust (collectively, the "Montgomerys") hereby make *ex parte* application to enforce the trial subpoena *duces tecum* served on eTreppid Technologies, LLC for the production of corporate documents directly relevant to the evidentiary hearing on July 31, 2006.

**STATEMENT OF FACTS**

A. <u>Background To This Dispute.</u>

As this Court is aware, Dennis Montgomery is a member of eTreppid Technologies, LLC, the company that first reported the alleged "crime" of theft of trade secrets to the FBI. As it has turned out, not only was that report false, but Mr. Montgomery is the owner of the technology at issue as proven by specific corporate records referenced by Special Agent West in his testimony and affidavits submitted in support of the search warrants that are at issue in this evidentiary hearing.

As a member of the LLC, Mr. Montgomery has an absolute right to review the books and records of the LLC, both according to Nevada Rev. Stats. § 86.241and the Amended and Restated Operating Agreement of eTreppid Technologies, LLC. In particular, Section 9.3 of the Amended and Restated Operating Agreement specifically grants each member the absolute right to inspect the books and records of the LLC required to be maintained in accordance with Section 9.1. Section 9.1 requires not only the documents required to be maintained by NRS § 86.241 but also requires that the company maintain the books and records of the company in accordance with generally accepted accounting principles, reports to the members, the records necessary to determine the basis for any adjustment of the financial reports, books, and records and returns of the LLC by the Management Committee.[1] Mr. Montgomery believes that these records will show not only that he clearly is the

---

[1] If those documents were not available to the members, a member would have no way short of litigation to determine whether the books were maintained according to GAAP, or whether there was any fraud or negligence in the handling of the financial reports, records and returns.

Jul 30 2006 10:48PM Flynn & Stillman (888) 235-4279 p.3

owner of the technology at issue in the search warrants, but that the minutes of the Management Committee will reflect such. Mr. Montgomery also believes that the corporate records will directly contradict statements made by Warren Trepp to the FBI regarding specific documents referred to in the West Search Warrant Affidavit, which documents, had they been examined by Agent West, would have demonstrated the *lack* of probable cause for the issuance of a search warrant. At a minimum, such contradictions between the corporate records and statements by Trepp would have put Special Agent West on notice that his veracity as a complaining witness was seriously suspect and unreliable.

B. The Trial Subpoena.

On January 12, 2006, counsel for Dennis Montgomery and the Montgomery Family Trust gave notice to eTreppid Technologies that Mr. Montgomery was exercising his right as a member to review the books and records of the LLC. Stillman Decl., ¶ 2. No access was granted at that time. On July 24, 2006, counsel for the Montgomerys again requested access to the corporate records, sending the request to both eTreppid's registered agent and to eTreppid's counsel. A copy of that letter is attached hereto as Exhibit 1. Despite repeated follow-up letters on Wednesday, July 26 regarding the expense and effort expended to proceed with the review, no response was received on Wednesday regarding the request for access. *See* Exhibits 2-3. Stillman Decl. ¶ 4. Apparently, counsel for eTreppid told counsel for the Montgomerys, Eric Pulver, in a telephone call at the end of the business day on Wednesday that access would not be permitted.

On Thursday, July 27, the expert retained by the Montgomerys, Greg Gilbert, CPA, appeared at eTreppid to review the books and records. He was refused admittance. See Gilbert Declaration. Accordingly, a subpoena *duces tecum* was prepared requesting the relevant records for the evidentiary hearing and that subpoena was served on eTreppid Technologies, LLC on Thursday

Jul 30 2006 10:48PM Flynn & Stillman (888) 235-4279 p.4

afternoon. A copy of the subpoena *duces tecum* with proof of service has been filed with this Court on Friday, July 28.

On Friday, July 28, Mr. Gilbert again attempted to obtain entrance to eTreppid to review the records, but was refused entrance. Stillman Decl, ¶ 6. At approximately 2:45 p.m. on July 28, counsel for the Montgomerys had a telephone conference with Jerry M. Snyder, who represents eTreppid, regarding the subpoena *duces tecum*. Mr. Snyder stated that eTreppid would not comply with the subpoena on various grounds. Counsel for the Montgomerys informed Mr. Snyder that the Montgomerys would treat any failure to comply as a contempt of court and seek a bench warrant. A copy of Mr. Stillman's July 28, 2006 letter is attached hereto as Exhibit 4. Accordingly, this *ex parte* application to enforce the subpoena was prepared. At approximately 5 p.m., counsel received a letter from eTreppid's counsel, Jerry Snyder, objecting to the subpoena. A copy of that letter is attached hereto as Exhibit 5. In addition, Mr. Montgomery has previously proposed a protective order that would have addressed these issues, but that Order was not agreed to. A copy of the proposed protective order is attached hereto as Exhibit 6.

**ARGUMENT**

**I.**

**THE SUBPOENA WAS PROPERLY SERVED AND THEREFORE A CUSTODIAN OF RECORDS MUST PRODUCE THE RECORDS**

Obviously, a trial subpoena served pursuant to Fed. R. Civ. P. 45 must be obeyed, absent a protective order or other order quashing the subpoena. As shown by the proof of service attached to the subpoena, the subpoena was properly served on the corporation. Moreover, as shown by the letters prior to the service of the subpoena, eTreppid has had almost a week to assemble most of the documents requested. Assuming that eTreppid makes good on its statement that it is refusing to

Jul 30 2006 10:48PM Flynn & Stillman (888) 235-4279 p.5

appear or produce records as requested in the subpoena, the Montgomerys request that this Court issue a bench warrant commanding the U.S. Marshal to bring the Custodian of Records of eTreppid before this Court to answer for its contempt of the trial subpoena.

II.

**THE DOCUMENTS REQUESTED ARE DIRECTLY RELEVANT TO THE MATTERS AT ISSUE IN THE EVIDENTIARY HEARING**

Request No. 1

CD No. 1 referenced in the Sept. 28, 1998 "Contribution Agreement"

Relevance:

Agent West testified in his affidavit in support of the issuance of the search warrant on Mr. Montgomery's home regarding the 1998 Contribution Agreement. West Affidavit, p. 2, lines 3-12. He contended that the Contribution Agreement assigned eTreppid Technologies LLC f/k/a Intrepid Technologies, Inc. all intellectual property rights then possessed by Mr. Montgomery. However, the Contribution Agreement says no such thing. Instead, it specifically limits the "contributed assets" to those contained on "CD No. 1" and excludes all other intellectual property of every type. Since the technology allegedly reported to have been stolen existed *prior* to the execution of the Contribution Agreement and is *not* on CD No. 1, it is specifically excluded from transfer, establishing that the factual predicate for probable cause was absent, *and* establishing that Agent West was on notice (or at least recklessly disregarded that notice) that it was unlikely that any theft of trade secrets occurred.

Request No. 2

The original Sept. 28, 1998 "Contribution Agreement" and all schedules, attachments, amendments etc.

Relevance:

For the same reasons set forth regarding Request No. 1, whether the contribution agreement was ever amended or supplemented in any way is directly relevant.

Request No. 3

All "Operating Agreements" of eTreppid and Intrepid from 1998 to the present, and all schedules, attachments, amendments etc.

Relevance

Agent West testified in his affidavit in support of the issuance of the search warrant on Mr. Montgomery's home regarding an "Amended and Restated Operating Agreement" dated November 1, 2002. West Affidavit, p. 2, lines 13-25. However, Mr. Montgomery is unaware of any such Operating Agreement. Since it is a document testified to by Agent West and used to support the Government's initial theory supporting the issuance of a search warrant of the breadth and scope of the one served on Mr. Montgomery, it is imperative that counsel be provided all versions of the eTreppid Technologies, LLC Operating Agreement.

Request No. 4

All minutes and records of the Management Committee from 1998 to present.

Relevance:

Warren Trepp was chairman of the "Management Committee" of eTreppid. See West Affidavit, p. 2, line 1. Montgomery was also a member of the management committee until he left eTreppid. The "management committee" is the method by which the LLC was governed, and Mr. Montgomery believes that the minutes and records (if any) will demonstrate that he has title to the technology that Trepp falsely reported belonged to eTreppid. These records also will show that with even minimal investigation by Agent West, it would have been clear that no probable cause existed

Jul 30 2006 10:49PM Flynn & Stillman (888) 235-4279 p.7

for the issuance of a search warrant. Moreover, such records will not only show that Trepp was not a credible complaining witness, but actually committed corporate fraud against Montgomery by improperly reducing his ownership interest in the LLC from 30% to 8%, while taking enormous distributions for himself and his friends.

Request No. 5

All patent applications submitted by Intrepid or eTreppid, including but not limited to all supporting documents such as a full statement of all of the algorithms for each patent.

Relevance

Several patent applications were submitted by eTreppid based on work done by Mr. Montgomery. They are specifically referenced in the West Affidavit to support the conclusion that the technology at issue is the property of eTreppid. West Affidavit, p. 3, lines 5-9. Mr. Montgomery is listed as the author and eTreppid is the owner. These documents show that when Mr. Montgomery intended to transfer ownership of technology he created to eTreppid, it was done exactly as it was supposed to be done – in a writing filed with the appropriate agency. Unlike these patents, the technology at issue was never transferred to eTreppid by any writing required by the 1976 Copyright Act, 17 U.S.C. § 204. Thus, the very basis of the search warrant is false – once again demonstrating the lack of probable cause, the lack of veracity of the complaining witnesses and the abject lack of proper investigation in accordance with the Department of Justice guidelines for investigation of intellectual property crimes.

Request No. 6:

All reports, records, correspondence, notes, emails, memos etc of all employees, technicians, experts or consultants who have tested, examined or reviewed the currently existing software systems at eTreppid from January 1, 2006 to the present, including but not limited to the most recent

Jul 30 2006 10:50PM Flynn & Stillman (888) 235-4279 p.8

report setting forth what "Trade Secrets" are either present or missing within the eTreppid software system.

Relevance:

Obviously, the entire focus of the search warrant is that Montgomery improperly took intellectual property belonging to eTreppid. Any documents showing what technology was allegedly "stolen" is relevant to the existence of probable cause, the veracity of Trepp's reports to the FBI, and whether it was possible, given eTreppid's alleged knowledge of what technology was missing, to craft a narrowly tailored search warrant that directly reflected what was being sough in the warrant, rather than the general warrant ultimately sought by the Government.

Request No. 7:

All documents, electronic media, emails, correspondence, information, records, notes, memos and any form of information delivery, delivered to any US Governmental official after December 1, 2005.

Relevance:

Since the search warrant is based upon the information provided by Trepp and other employees to the Government, Mr. Montgomery is entitled to show that the reports made to the Government were knowingly false. Moreover, reviewing the reports will allow Mr. Montgomery to show in this evidentiary proceeding that the reports were either inherently unreliable or that Agent West was sufficiently on notice of their unreliability to be obligated to investigate further prior to seeking the type of general search warrant at issue in this case. In addition, even though the Government has since admitted that there was no classified information, since one of the Government's avowed bases for the search warrant was alleged classified information, Mr. Montgomery is also entitled to determine what, if any, communications exist between the

Jul 30 2006 10:50PM Flynn & Stillman (888) 235-4279 p.9

Government and eTreppid regarding the alleged existence and location of classified information.

Request No. 8:

All documents and electronic media of every nature and description relating to eTreppid or any of its agents, employees, consultants etc and the security clearance of Dennis Montgomery.

Relevance

Agent West contends that others had proper clearance to handle classified information at eTreppid. In fact, in response to this Court's Order, the Government claims that Agent West will testify that Mr. Montgomery was not the only person with sufficient clearance to handle purportedly classified information at eTreppid. Thus, documents relating to the security clearances of Mr. Montgomery and the other employees are put directly at issue by the West Affidavit.

Request No. 9:

All inventories of the contents of any safe maintained by eTreppid and/or Warren Trepp.

Relevance

As discussed previously, the Government contended as one basis, albeit barely mentioned, for the search warrant, was that certain classified information might be improperly stored at the Montgomery residence. Of course, nothing of the kind was either alleged in the Search Warrant Affidavit or in the search warrant itself; however, it is and has been Mr. Montgomery's position that any classified material was stored by Trepp in a safe at eTreppid. Thus, any documents showing that the exact material sought be the Government was actually in Trepp's or eTreppid's safe shows that the search warrant was absolutely without probable cause.

Request No. 10:

For inspection and copying: all software programs or any portion thereof currently existing at eTreppid which you claim constitute eTreppid's "Trade Secrets".

Relevance

So far, eTreppid has failed to identify any specific program that it considers to constitute a "trade secret" as that term is bandied about in Agent West's Search Warrant Affidavit. Yet, throughout the Affidavit are references to "eTreppid Source Code," as if that has some sort of special meaning, and the fact that Trepp "considers" programs regarding "anomaly detection" and "pattern recognition" as some sort of trade secret without identifying either. Thus, any programs that eTreppid contends are alleged trade secrets are directly relevant to this proceeding to show either that Mr. Montgomery is the actual owner of the trade secrets, not eTreppid, or that the search warrant could have specifically identified whatever trade secrets were at issue rather than the meaningless phrase, "eTreppid Source Code," which no one can identify, especially the FBI executing a search warrant.

Request No. 11:

All employee agreements signed by any employee in the company.

Relevance

Again, this request goes directly to several issues germane to Mr. Montgomery's motion. First, the lack of an employee agreement with Mr. Montgomery, and the existence of such agreements with others, shows that Mr. Montgomery was an independent contractor with eTreppid during the time when the technology apparently at issue was refined by Mr. Montgomery (the technology itself existed wll before Trepp ever met Montgomery, a fact testified to by Trepp). Thus, the existence or lack of employee agreements on the subject of the development of intellectual property is directly relevant.

Request No. 12:

All revisions and editions, past and present of eTreppid's employee manual.

Jul 30 2006 10:51PM Flynn & Stillman (888) 235-4279 p.11

Relevance

The employee manual presumably sets forth the various terms of the employment of eTreppid employees. Whether or not the employee manual imposes terms on the handling of classified information, the ownership of intellectual property and the treatment of trade secrets, if any is thus critical to the question of whether the search warrant was supported by probable cause.

Request No. 13:

All complaints, correspondence, emails and communications between any government official and any eTreppid employee, agent, principal, officer, Manager or Chairman relating to the criminal complaint filed by Warren Trepp or eTreppid against Dennis Montgomery.

Relevance

Since the search warrant is based upon the information provided by Trepp and other employees to the Government, Mr. Montgomery is entitled to show what information was provided and by who, in order to demonstrate (1) that the reports made to the Government were knowingly false and (2) that the Government was on notice of the falsity of the reports. Moreover, reviewing the reports will allow Mr. Montgomery to show in this evidentiary proceeding that the reports were either inherently unreliable or that Agent West was sufficiently on notice of their unreliability to be obligated to investigate further prior to seeking the type of general search warrant at issue in this case. In addition, even though the Government has since admitted that there was no classified information, since one of the Government's avowed bases for the search warrant was alleged classified information, Mr. Montgomery is also entitled to determine what, if any, communications exist between the Government and eTreppid regarding the alleged existence and location of classified information.

Request No. 14:

Jul 30 2006 10:51PM Flynn & Stillman (888) 235-4279 p.12

All of Warren Trepp's emails, correspondence, and communications of every nature and description with Ronald Bath, Paul Hareldsen, James Gibbons, Michael Milken, Douglas Frye, Michael West, and any agent or employee of any Governmental agency.

Relevance

Ronald Bath and Paul Hareldson are Government employees who are familiar with the work done by Mr. Montgomery. They are believed to have provided false information to the Government based on reports by Trepp to them. In addition, Mr. Gibbons, a political candidate for governor of Nevada is a close friend of Trepp's and who has received huge and possibly illegal campaign contributions from Trepp and who is believed to have influenced the present investigation. Michael Milken is a secret investor in eTreppid. Douglas Frye is a member of eTreppid, on its management committee and the lawyer for the LLC. Obviously, Michael West is the FBI agent in charge of the investigation. Mr. Montgomery is entitled to know what contacts eTreppid had with any of these individuals, since they are directly tied into the investigation that led to the issuance of the search warrants that are at issue here.

**CONCLUSION**

For the foregoing reasons, the Montgomerys respectfully request that this Court enforce the subpoena duly served on eTreppid Technologies, LLC.

Respectfully Submitted,

FLYNN & STILLMAN

Dated: July 29, 2006

By: [signature]

Philip H. Stillman, Esq.
Attorneys for DENNIS MONTGOMERY, BRENDA MONTGOMERY and MONTGOMERY FAMILY TRUST

**DECLARATION OF PHILIP STILLMAN**

I, Philip H. Stillman declare:

1. I am a member of the Bar of the State of California and counsel of record for Mr. Montgomery. I have personal knowledge of the facts stated herein and if called as a withess, I could and would testify competently to them.

2. On January 12, 2006, counsel for Dennis Montgomery and the Montgomery Family Trust gave notice to eTreppid Technologies that Mr. Montgomery was exercising his right as a member to review the books and records of the LLC. No access was granted at that time.

3. On July 24, 2006, counsel for the Montgomerys again requested access to the corporate records, sending the request to both eTreppid's registered agent and to eTreppid's counsel. A copy of that letter is attached hereto as Exhibit 1.

4. Despite repeated follow-up letters on Wednesday, July 26 regarding the expense and effort expended to proceed with the review, no response was received on Wednesday regarding the request for access. *See* Exhibits 2-3 attached hereto. Apparently, counsel for eTreppid told counsel for the Montgomerys, Eric Pulver, in a telephone call at the end of the business day on Wednesday that access would not be permitted.

5. On Thursday, July 27, the expert retained by the Montgomerys, Greg Gilbert, CPA, appeared at eTreppid to review the books and records. He was refused admittance. Accordingly, a subpoena *duces tecum* was prepared requesting the relevant records for the evidentiary hearing and that subpoena was served on eTreppid Technologies, LLC on Thursday afternoon. A copy of the subpoena *duces tecum* with proof of service has been filed with this Court on Friday, July 28.

6. On Friday, July 28, Mr. Gilbert again attempted to obtain entrance to eTreppid to

review the records, but was refused entrance. At approximately 2:45 p.m. on July 28, counsel for the Montgomerys had a telephone conference with Jerry M. Snyder, who represents eTreppid, regarding the subpoena *duces tecum*. Mr. Snyder stated that eTreppid would not comply with the subpoena on various grounds. Counsel for the Montgomerys informed Mr. Snyder that the Montgomerys would treat any failure to comply as a contempt of court and seek a bench warrant.

7. A copy of Mr. Stillman's July 28, 2006 letter is attached hereto as Exhibit 4. Accordingly, this *ex parte* application to enforce the subpoena was prepared.

8. At approximately 5 p.m., counsel received a letter from eTreppid's counsel, Jerry Snyder, objecting to the subpoena. A copy of that letter is attached hereto as Exhibit 5.

9. In addition, Mr. Montgomery has previously proposed a protective order that would have addressed these issues, but that Order was not agreed to. A copy of the proposed protective order is attached hereto as Exhibit 6.

I declare under the penalties of perjury of the laws of the State of Nevada and the United States that the foregoing is true and correct on July 29, 2006 at Cardiff, California.

By: [signature]
Philip H. Stillman, Esq.

Jul 30 2006 10:53PM Flynn & Stillman (888) 235-4279 p.15

# Exhibit 1

**FLYNN & STILLMAN**

224 BIRMINGHAM DRIVE, SUITE 1A4
CARDIFF, CALIFORNIA 92007

TELEPHONE (888) 236-4279
FACSIMILE (888) 235-4279
e-mail pstillman@flynnstillman.com

PHILIP H. STILLMAN
ALSO ADMITTED IN MASSACHUSETTS

SPECIALIZING IN
COMPLEX LITIGATION

ONE CENTER PLAZA, SUITE 240
BOSTON, MASSACHUSETTS 02108
TELEPHONE (617) 720-2700
FACSIMILE (617) 720-2709

July 24, 2006

***VIA FACSIMILE***

Jerry M. Snyder, Esq.
Hale Lane
5441 Kietzke Lane, Second Floor
Reno, NV 89511

Re: ***eTreppid Technologies, LLC***

Dear Jerry:

As you obviously know, this office represents Dennis Montgomery and the Montgomery Family Trust, who are members of eTreppid Technologies, LLC. On March 13, 2006, Mr. Montgomery received notice of the decision by the Management Committee to make a distribution to the members, along with an attached list of members and the respective membership interests held by those members. Mr. Montgomery's share was allegedly applied to pay down a purported promissory note that has an overtly forged signature on it.

In any event, as a member, Mr. Montgomery and the Montgomery Family Trust are hereby exercising their right under the eTreppid Technologies, LLC Operating Agreement, ¶ 9.3, to inspect the books and records of the LLC on or before Friday, July 28 at the offices of eTreppid or at the offices of the Registered Agent, GKL Resident Agent, 1100 William Street, Suite 207, Carson City, NV. at 11 a.m. At a minimum, we will inspect the following documents for the period of time from inception to the present:

a. All corporate records of the LLC, including any minute books of the management committee, all required filings with the Nevada Secretary of State, and all minutes of any meetings of the members of the LLC;

b. All records showing dilutions of Dennis Montgomery and/or the Montgomery Family Trust's interests in eTreppid Technologies;

c. All records showing loans made to any Member and the terms thereof;

d. All records showing withdrawals and/or distributions to any Member;

Jerry M. Snyder, Esq.
Re: ***eTreppid Technologies, LLC***
July 24, 2006
Page 2 of 2

e. All records showing income tax returns and supporting the preparation of income tax returns.

f. All records showing beneficial ownership of membership interests.

Please feel free to call me to arrange another location if the offices of eTreppid are not convenient.

Very truly yours,

FLYNN & STILLMAN

By: ______________________
Philip H. Stillman, Esq.

PHS:np

Jul 30 2006 10:54PM Flynn & Stillman (888) 235-4279 p.18

**Exhibit 2**

**FLYNN & STILLMAN**

224 BIRMINGHAM DRIVE, SUITE 1A4
CARDIFF, CALIFORNIA 92007

TELEPHONE (888) 235-4279
FACSIMILE (888) 235-4279
e-mail pstillman@flynnstillman.com

PHILIP H. STILLMAN
ALSO ADMITTED IN MASSACHUSETTS

SPECIALIZING IN
COMPLEX LITIGATION

ONE CENTER PLAZA, SUITE 240
BOSTON, MASSACHUSETTS 02108
TELEPHONE (617) 720-2700
FACSIMILE (617) 720-2709

July 26, 2006

***VIA FACSIMILE***

Jerry M. Snyder, Esq.
Hale Lane
5441 Kietzke Lane, Second Floor
Reno, NV 89511

Re: ***eTreppid Technologies, LLC***

Dear Jerry:

As set forth in my July 24, 2006 letter, we have requested to review the books an records of eTreppid. Following up on my voicemail to you, we have expended $10,000 for a expert CPA to review those records, and therefore it is critical that we coordinate the review. Our expert has requested that the review be conducted on Thursday, July 27 at 9 a.m. Please let me know this morning where you would like to have the review conducted.

Very truly yours,

FLYNN & STILLMAN

By: ______________________
Philip H. Stillman, Esq.

PHS:np

Jul 30 2006 10:54PM Flynn & Stillman (888) 235-4279 p.20

# Exhibit 3

**FLYNN & STILLMAN**

224 BIRMINGHAM DRIVE, SUITE 1A4
CARDIFF, CALIFORNIA 92007

TELEPHONE (888) 235-4279
FACSIMILE (888) 235-4279
e-mail pstillman@flynnstillman.com

PHILIP H. STILLMAN
ALSO ADMITTED IN MASSACHUSETTS

SPECIALIZING IN
COMPLEX LITIGATION

ONE CENTER PLAZA, SUITE 240
BOSTON, MASSACHUSETTS 02108
TELEPHONE (617) 720-2700
FACSIMILE (617) 720-2709

July 26, 2006

***VIA FACSIMILE***

Jerry M. Snyder, Esq.
Hale Lane
5441 Kietzke Lane, Second Floor
Reno, NV 89511

Re: ***eTreppid Technologies, LLC***

Dear Jerry:

It is now 11:15 a.m. and I have still not heard from you regarding the inspection of records of eTreppid. As previously stated, Mr. Montgomery has incurred significant expenses, including $10,000 for a expert CPA, in order to review the records of the LLC, which as a member he has an absolute right to do under Nevada law. Since we have not heard from you, our expert will first review the LLC records at Su Perez's office at eTreppid, at 7755 Trademark Drive, Reno, NV. Next, on Friday at 9 a.m., we will review the records maintained by George Ashley at his office. Finally, we will review the records maintained by Douglas Frye at his office in Malibu, CA on Monday, July 31, 2006 at 9 a.m. We will bring a copy service for each of the inspections.

Very truly yours,

FLYNN & STILLMAN

By:________________________
Philip H. Stillman, Esq.

PHS:np

Jul 30 2006 10:54PM Flynn & Stillman (888) 235-4279 p.22

**FLYNN & STILLMAN**

224 BIRMINGHAM DRIVE, SUITE 1A4
CARDIFF, CALIFORNIA 92007

TELEPHONE (888) 235-4279
FACSIMILE (888) 235-4279
e-mail pstillman@flynnstillman.com

PHILIP H. STILLMAN
ALSO ADMITTED IN MASSACHUSETTS

SPECIALIZING IN
COMPLEX LITIGATION

ONE CENTER PLAZA, SUITE 240
BOSTON, MASSACHUSETTS 02108
TELEPHONE (617) 720-2700
FACSIMILE (617) 720-2709

July 27, 2006

***VIA FACSIMILE***

Jerry M. Snyder, Esq.
Hale Lane
5441 Kietzke Lane, Second Floor
Reno, NV 89511

Re: ***eTreppid Technologies, LLC***

Dear Jerry:

Your letter regarding the LLC's obligation to make its records available to its members is simply wrong. Section 9.3 of the Amended and Restated Operating Agreement specifically grants each member the absolute right to inspect the books and records of the LLC *required to be maintained in accordance with Section 9.1* above. Section 9.1 requires not only the documents required to be maintained by NRS § 86.241 but also requires that the company maintain the books and records of the company in accordance with generally accepted accounting principles, reports to the members, the records necessary to determine the basis for any adjustment of the financial reports, books, and records and returns of the LLC by the Management Committee. If those documents were not available to the members, a member would have no way short of litigation to determine whether the books were maintained according to GAAP, or whether there was any fraud or negligence in the handling of the financial reports, records and returns.

Since, as you point out, these records must be produced to Mr. Montgomery in any event, and the reasonable interpretation of Section 9.3 requires eTreppid to permit inspection anyway, it seems obvious that they should be made available tomorrow morning. More to the point, none of these records are confidential business records that would need a protective order even if Mr, Montgomery was not a member of the LLC and therefore entitled to them.

///

///

///

///

Jerry M. Snyder, Esq.
Re: ***eTreppid Technologies, LLC***
July 27, 2006
Page 2 of 2

Accordingly, Mr. Gilbert will again appear at the offices of eTreppid Technologies tomorrow in order to inspect the records of the LLC. Please call me if you have any other questions.

Very truly yours,

FLYNN & STILLMAN

By:__________________________
Philip H. Stillman, Esq.

PHS:np

Jul 30 2006 10:55PM Flynn & Stillman (888) 235-4279 p.24

# Exhibit 4

**FLYNN & STILLMAN**

224 BIRMINGHAM DRIVE, SUITE 1A4
CARDIFF, CALIFORNIA 92007

TELEPHONE (888) 235-4278
FACSIMILE (888) 235-4279
e-mail pstillman@flynnstillman.com

PHILIP H. STILLMAN
ALSO ADMITTED IN MASSACHUSETTS

SPECIALIZING IN
COMPLEX LITIGATION

ONE CENTER PLAZA, SUITE 240
BOSTON, MASSACHUSETTS 02108
TELEPHONE (617) 720-2700
FACSIMILE (617) 720-2709

July 28, 2006

***VIA FACSIMILE***

Jerry M. Snyder, Esq.
Hale Lane
5441 Kietzke Lane, Second Floor
Reno, NV 89511

Re: ***eTreppid Technologies, LLC***

Dear Jerry:

As you know, despite eTreppid's attempts at subterfuge regarding the service of the trial subpoena, a copy was served on eTreppid Thursday afternoon. In addition, Joe Martin at eTreppid contended that *you* were the resident agent for service of process for the company and therefore, you should be served with the subpoena. Accordingly, you received a copy of the subpoena this morning in addition. Therefore, we will expect a custodian of records to be present on Monday at 9 a.m. as directed by the subpoena, or we will request that a bench warrant issue for criminal contempt.

In addition, you should be aware that this is a sealed proceeding and therefore there is no need for a protective order. All of the documents produced would be sealed. Moreover, you mentioned that the timing of the subpoena was unreasonable. However, the documents are largely identical to those requested in my letter to you on Monday, July 24. Thus, you will have had a full week to assemble and produce the records.

Furthermore, the documents requested are very narrow, ***not***, as you claimed on the telephone, overly broad. For example, the minute book of the LLC could not be more narrow. Thus, even if you were to contend that *some* of the categories of documents called for in the subpoena were overly broad, which is denied, other categories are exceedingly limited and must be produced.

Finally, there are apparent inconsistencies between what Warren Trepp reported to the FBI regarding the corporate records of eTreppid. Thus, the corporate records requested are directly related to the sealed proceeding on Monday, July 31. Accordingly, as stated above, we fully intend to enforce the subpoena.

Jerry M. Snyder, Esq.
Re: ***eTreppid Technologies, LLC***
July 28, 2006
Page 2 of 2

Please call me if you have any other questions.

Very truly yours,

FLYNN & STILLMAN

By: ______________________
Philip H. Stillman, Esq.

PHS:np

Jul 30 2006 10:56PM Flynn & Stillman (888) 235-4279 p.27

# Exhibit 5

5441 Kietzke Lane | Second Floor | Reno, Nevada 89511
Telephone (775) 327-3000 | Facsimile (775) 786-6179
www.halelane.com

# FACSIMILE TRANSMITTAL SHEET

**FROM:** Jerry M. Snyder, Esq.

**DATE:** **July 27, 2006**

**FILE NO.:** 20801-2

**NO. OF PAGES W/COVER:** 2

**RE:** ETreppid/Montgomery

| SEND TO (NAME/COMPANY) | FACSIMILE NO. | TELEPHONE NO. |
| --- | --- | --- |
| Phillip Stillman, Esq. | 888/235-4279 | 888/235-4279 |

**MESSAGE:**

**RETURN TO:** Gaylene Silva, Legal Assistant

Jerry Snyder's letter of today

HALE LANE PEEK DENNISON AND HOWARD

CONFIDENTIALITY NOTICE: The information contained in this facsimile message is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or as the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please immediately notify us by telephone and return the original message to us at the above address via the u.s. postal service. We will gladly reimburse your telephone and postage expenses. Thank you.

::ODMA\PCDOCS\HLRNODOCS\533804\5



ATTORNEYS AT LAW

5441 Kietzke Lane | Second Floor | Reno, Nevada 89511
Telephone (775) 327-3000 | Facsimile (775) 786-6179
www.halelane.com

July 27, 2006

**VIA FACSIMILE AND U.S. MAIL**

Philip H. Stillman, Esq.
Flynn & Stillman
224 Birmingham Dr., Ste. 1A4
Cardiff, CA 92007

**Re: eTreppid Technologies/Montgomery, Dennis**
**Our File No. 20801-2**

Dear Mr. Stillman:

I am in receipt of your letter dated July 27, 2006, and transmitted to us at approximately 3:42 p.m., regarding your request to have a Mr. Gilbert inspect certain books and records at eTreppid's office in Reno. I apologize if my earlier correspondence was somehow unclear, so I will attempt to be as unambiguous as possible. For the reasons set forth in my earlier letter, neither Mr. Gilbert nor any other representative of Mr. Montgomery or the Montgomery Family Trust will be allowed to inspect these records at this time.

eTreppid will make the records required by NRS 86.241 available for inspection only once only once either a protective order is entered or Montgomery and the Montgomery Family Trust specifically agree, in writing and in a form acceptable to eTreppid, to maintain the confidentiality of these documents.

Sincerely,

Jerry M. Snyder

JMS/gs
C: Client

HALE LANE PEEK DENNISON AND HOWARD
LAS VEGAS OFFICE: 3930 Howard Hughes Parkway | Fourth Floor | Las Vegas, Nevada 89169 | Phone (702) 222-2500 | Facsimile (702) 365-6940
CARSON CITY OFFICE: 777 East William Street | Suite 200 | Carson City, Nevada 89701 | Phone (775) 684-6000 | Facsimile (775) 684-6001

::ODMA\PCDOCS\HLRNODOCS\555026\1

# Exhibit 6

Jul 30 2006 10:57PM Flynn & Stillman (888) 235-4279 p.31

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT COURT OF NEVADA**

DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust,

Plaintiff,

vs.

ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA; and DOES 1 through 10,

Defendants

CASE NO. 3:06-CV-00056-BES-VPC

**STIPULATED PROTECTIVE ORDER**

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED, AGREED, AND UNDERSTOOD by Plaintiffs Dennis Montgomery and the Montgomery Family Trust (collectively "Montgomery" or "Plaintiffs"); Defendants eTreppid Technologies, LLC ("eTreppid") and Warren Trepp ("Trepp") (collectively "Defendants"); and Defendant Department of Defense of the United States of America that in the course of this litigation a party may produce documents and information which it may claim to be confidential, classified, or commercially sensitive in nature and that public disclosure of such information could be detrimental to the producing party's interests. Similarly, a party may claim that such confidential, classified or commercially sensitive information may be disclosed by written discovery, deposition testimony, or in other filings with the Court. To date, in compliance with Rule 26 of the Federal Rules of Civil Procedure, no party has identified any *specific* documents or information which it claims to be confidential, classified or commercially sensitive. Prior to the execution of this stipulated protective order, in compliance with Rule 26, FRCP, each party shall identify in writing to be attached hereto a list of all documents and a description of all information that it deems to be confidential, classified or commercially sensitive. The Montgomery parties are willing to enter into this protective order only if the Government and the eTreppid parties have identified in good faith all

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Jul 30 2006 10:57PM Flynn & Stillman (888) 235-4279 p.32

confidential, classified, and commercially sensitive information that as of the date hereof it deems to fall within the "scope" of this protective order. The documents and information that have been identified as "classified" by the United States of America are listed on Exhibit A attached hereto. The documents and information identified as a trade secret by Defendants are attached hereto as Exhibit B. The documents and information identified by the Montgomery parties as falling within the scope of this protective order are attached hereto as Exhibit C. The parties accordingly submit this Stipulated Protective Order for the approval and enforcement of the Court and hereby stipulate as follows:

1. SCOPE. The present Stipulated Protective Order shall apply to all non-public information and materials provided or produced by the parties in the course of the above-captioned litigation, whether written, oral, contained in documents or transcripts, or in any other form, which has in good faith been designated "Confidential" or "Restricted Confidential" in accordance with Paragraphs 2 and 3 below, and which are identified on Exhibits A,B and C hereof, or are reasonably related to documents and information on said Exhibits A,B and C, and could not have been reasonably identified prior to the execution of this stipulated protective order.

2. DEFINITION OF CONFIDENTIAL INFORMATION. There will be two levels of confidential information - - "Confidential" and "Restricted Confidential." A producing party may designate as "Confidential" such non-public documents, information, and materials produced by it which the producing party believes in good faith falls within the categories set forth in Fed. R. Civ. P. 26(c)(7) and that constitute, contain or reflect proprietary, trade secret or commercially sensitive information, that is not generally known and/or which the party would not normally reveal to non-parties or, if revealed to non-parties, would cause non-parties to maintain in confidence. A producing party may designate as "Restricted Confidential" such Confidential documents, information, and materials produced by it which the producing party believes in good faith constitute, contain or reflect extremely sensitive and highly confidential proprietary, trade secret or commercial information, for which the designation Confidential will not afford adequate protection under the terms of this Stipulated Protective Order.

3. DEFINITION OF CLASSIFIED INFORMATION Only information which has been properly classified within the requirements of Executive Order 13292 and the National Industrial

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Security Program Operating Manual applicable at the time of the creation of said classification by an "Original Classification Authority" shall be designated as "Classified Information".

4. DESIGNATION.

(A) A producing party or its counsel may designate as Confidential or Restricted Confidential, or Classified, provided that said designation is in accordance with paragraphs 1 through 3 above, any documents or other tangible things by (i) marking every page of such item Confidential or Restricted Confidential as the case may be, or (ii) sending written notice designating each page of such documents or each portion of such tangible things to be treated as Confidential or Restricted Confidential as the case may be.

(B) A producing party or its counsel may designate deposition or other testimony provided by the producing party as Confidential or Restricted Confidential, or Classified, provided that said designation is in accordance with paragraphs 1 through 3 above, by any one of the following means: (i) stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that the information is Confidential or Restricted Confidential, or (ii) sending written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential or Restricted Confidential within 10 days after receipt of the transcripts.

5. USE OF CONFIDENTIAL AND RESTRICTED CONFIDENTIAL INFORMATION.

Confidential and Restricted Confidential, and Classified documents and information shall not be disclosed or communicated in any fashion nor be used for any purpose other than preparing for and conducting this or related litigation, as provided for in this Stipulated Protective Order. It will be the responsibility of each of the parties' counsel to use reasonable efforts to ensure compliance with the protective order. However, nothing in this Stipulated Protective Order shall prevent any producing party from disclosing or using its own Confidential or Restricted Confidential information as it deems appropriate, and any such use shall not be deemed a waiver of any party's rights or obligations under this Stipulated Protective Order with respect to any confidential information. In addition, nothing in this Stipulated Protective Order shall impose any restrictions on the use or disclosure by any party of

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Jul 30 2006 10:58PM Flynn & Stillman (888) 235-4279 p.34

documents, information, materials, or testimony obtained by such party independently of discovery in this litigation.

6. RESTRICTIONS ON ACCESS TO CONFIDENTIAL AND RESTRICTED CONFIDENTIAL INFORMATION.

(A) Access to Confidential information, and to any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated "Confidential" shall be limited to the following:

(1) Counsel of record for the parties to the litigation, including office associates, paralegals, stenographic and clerical employees;

(2) The parties to this action, their representatives, employees and agents, including in-house counsel;

(3) Outside witnesses, potential witnesses, consultants, and/or experts, subject to the provisions of Paragraph 6 below;

(4) Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof;

(5) The Court and court personnel, including clerks and stenographic reporters engaged in such proceedings as are necessarily incident to this litigation;

(6) Court reporters or stenographers who record deposition or other testimony in the litigation;

(7) Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system;

(8) Any other person whom the producing party agrees to in writing.

(B) Access to Restricted Confidential information, and any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated "Restricted Confidential" shall be limited to the following:

(1) Counsel of record for the parties to the litigation, including office associates, paralegal, stenographic and clerical employees.

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

(2) The Court and court personnel, including clerks and stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

(3) Court reporters or stenographers who record deposition or other testimony in the litigation.

(4) Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof.

(5) Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system.

(6) Outside consultants and/or experts, subject to the provisions of paragraph 6.

(7) Any other person whom the producing party agrees to in writing.

Documents or information which has been designated "Restricted Confidential" shall not be given to the receiving party or the receiving party's employees, representatives or agents, other than its counsel of record, or to any outside witness, unless such person is entitled to access to "Restrict Confidential" information pursuant to this paragraph.

7. ACCESS BY OUTSIDE WITNESSES, CONSULTANTS, AND/OR EXPERTS TO CONFIDENTIAL INFORMATION. The parties' counsel may, to the extent necessary to the prosecution or defense of this action, in accordance with the terms of this Stipulated Protective Order, and in good faith, make confidential documents or information and any copies, portions, summaries, analyses or excerpts of any documents containing confidential information available to outside or non-party witnesses, consultants, or expert witnesses, provided, however, that, prior to delivering any such information to such witness, consultant, or expert, counsel shall obtain from the witness, consultant or expert, a signed and dated statement to the effect that the person has read this Amended Stipulated Protective Order and agrees to bound by its terms. Notwithstanding anything to the contrary in this Protective Order, Dennis Montgomery shall be considered a consultant or expert witness pursuant to this paragraph, with access to Restricted Confidential Information as is determined by his counsel in good faith to be necessary.

8. RENDERING ADVICE. Nothing herein shall bar or otherwise restrict an attorney who

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

is a qualified recipient of Restricted Confidential Information under the terms of this Order from rendering advice to his or her client with respect to this action and, in the course thereof, from generally relying upon his or her examination of such information. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose the specific content of any Restricted Confidential Information to any other person or party where such disclosure would not otherwise be permitted under the terms of this Order.

9. DEPOSITIONS. Persons may be deposed regarding documents or information of which they have knowledge which have been designated "Confidential" or "Restricted Confidential." All transcripts of these depositions and any other deposition containing confidential information will be treated in accordance with this Stipulated Protective Order and when filed shall be marked pursuant to the procedures set forth in Paragraph 9 below.

Aside from the witness, no person shall attend any portion of any deposition containing testimony regarding confidential information or documents except counsel for the parties unless such person has executed the written statement described in Paragraph 6. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Stipulated Protective Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed with the Court.

10. DISPUTES CONCERNING DESIGNATION OR DISCLOSURE OF DOCUMENTS. If any party to this Stipulated Protective Order objects to the designation of any information as Confidential or Restricted Confidential or there is a dispute concerning the disclosure of confidential information to the person(s) designated by the parties, the party having the objection or dispute shall first state the objection or issue by letter to the party that made such designations. The parties agree to confer in good faith by telephone or in person to resolve any dispute respecting the terms or operation of this Stipulated Protective Order. If the parties are unable to resolve such a dispute within 3 days of such conference, the dispute shall be submitted to the Court by the designating party. In any such

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

proceeding, the designating party shall have the burden of establishing that the disputed documents or information are "Confidential" or "Restricted Confidential", or "Classified" as defined in Paragraphs 2 and 3 above and otherwise fall within the requirements of Fed. R. Civ. P. 26(c)(7), and Executive Order 13292 and The National Industrial Security Program Operating Manual . No disclosure of any document or information in dispute shall be made during the three day period afforded to the designating party as stated above. In the event that the Court is required to review a claim of confidentiality, the particular documents or information that have been challenged shall be submitted to the Court for in camera inspection.

The failure of any party to challenge the designation by another producing party of documents, materials, or information as Confidential or Restricted Confidential during the discovery period shall not be a waiver of that party's right to object to the designation of such material at trial.

11. FILING WITH THE COURT. All discovery materials filed with this Court and any appellate court which contain "Confidential" or "Restricted Confidential", or "Classified" information, and any pleading, brief or memorandum purporting to reproduce or paraphrase "Confidential" or "Restricted Confidential" information, shall be filed in sealed envelopes on which shall be endorsed the title of this action, an indication of the nature of the contents, the word CONFIDENTIAL and the following statement:

> This envelope contains documents which are filed in this case by (name of party) and is not to be opened nor the contents thereof revealed except by court order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this action, and shall not be subject to the public records law.

If, at the time of trial, counsel for any of the parties seeks to introduce into evidence any document or portion thereof or portion(s) of deposition testimony that has been designated "Confidential" or "Restricted Confidential,", or "Classified", the Court will take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information. All oral presentations to the Court concerning or referencing any confidential information shall be held in camera, unless the Court orders otherwise.

12. NO IMPLIED ACKNOWLEDGMENT OF CONFIDENTIALITY. The receipt of documents, information or other materials designated as Confidential or Restricted Confidential, or

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Classified pursuant to this Stipulated Protective Order shall not constitute an acknowledgment that the same are in fact confidential or otherwise legally protectable, and the parties and their counsel shall not be obliged to challenge the propriety of any confidentiality designation. Failure to do so shall not preclude a subsequent challenge to the propriety of any such designation. Until and unless the parties may agree or the Court may finally determine that such documents, information or materials are not properly designated as Confidential or Restricted Confidential pursuant hereto, the same shall continue to be treated as so designated in accordance with the terms of this Stipulated Protective Order.

13. NO WAIVER. The production of documents for inspection shall not constitute a waiver of a party's rights to claim in this lawsuit or otherwise that the documents are privileged or otherwise undiscoverable. Production by any party of confidential documents or information in other litigation shall not constitute a waiver of its right to claim in this lawsuit or hereafter that such documents or information are confidential, privileged or otherwise undiscoverable. Nothing in this Stipulated Protective Order requires any party to produce any documents or information that the party believes is privileged or otherwise non-discoverable. By entering into this Stipulated Protective Order, the parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or seek any further protective order, or to seek relief from the Court from any provision of this Stipulated Protective Order by application on notice on any grounds.

14. THIRD PARTIES. Any third party served with a subpoena in connection with this litigation or who otherwise produces documents or is noticed for a deposition in connection with this litigation may invoke the protections of this Stipulated Protective Order by signing a copy of this Stipulated Protective Order and agreeing to be bound by its terms.

15. DISPOSITION OF CONFIDENTIAL DOCUMENTS AND INFORMATION UPON FINAL DETERMINATION. Upon the final determination of this action, whether by judgment which is no longer appealable, determination after appeal, settlement, or otherwise, all documents, information and material designated as "Confidential" or "Restricted Confidential", or "Classified" and all copies, testimony, summaries, notes, extracts, or abstracts of such documents or of such information shall promptly be returned to the producing party's counsel, or disposed of pursuant to further order of the Court, except that counsel shall be entitled to retain all memoranda or other

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Jul 30 2006 11:01PM Flynn & Stillman (888) 235-4279 p.39

documents prepared by counsel embodying information derived from any such materials; provided, however, that no subsequent use shall entail disclosure of any information as to which claim of confidentiality has been made. The final determination of this action shall not terminate the limitations on use and disclosure contained in this Stipulated Protective Order.

16. AMENDMENT AND MODIFICATION. This Stipulated Protective Order may be amended by the written agreement of counsel for the parties submitted to an approved by the Court in this case. Nothing in this Stipulated Protective Order shall preclude any party to this action from moving to vacate or modify this Stipulated Protective Order or any provision thereof.

17. JURISDICTION AND ENFORCEMENT. Any person to whom documents or information designated as "Confidential" or "Restricted Confidential", or "Classified" are disclosed shall be subject to the jurisdiction of this Court for purposes of determining, assuring and adjudging such person's compliance with this Stipulated Protective Order. This jurisdiction shall survive the termination of this action. Any party or person subject to this Stipulated Protective Order who violates its provisions

shall be liable for breach of contract for any injuries or loss suffered by the producing party as a result of such violation, provided, however that any such claim for said breach shall require a separate civil action.

[THIS SPACE INTENTIONALLY LEFT BLANK]

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Dated: This ____ day of June, 2006.

Eric A. Pulver, Esq.
Nevada Bar No. 7874
Ronald J. Logar, Esq.
Nevada Bar No. 303
The Law Offices of Logar & Pulver
225 S. Arlington Avenue, Suite A
Reno, NV 89501
T. 775/786-5040; F. 775/786-7544
*Attorneys for Plaintiffs*

Dated: This ____ day of June, 2006.

J. Stephen Peek, Esquire
Nevada Bar Number 1758
Jerry M. Snyder, Esq.
Nevada Bar No. 6830
Hale Lane Peek Dennison & Howard
5441 Kietzke Lane, Second Floor
Reno, NV 89511
T. 775/327-3000; F. 775/786-6179
*Attorneys for Defendants*

Dated: This ____ day of June, 2006.

Michael J. Flynn, Esq.
Philip H. Stillman, Esq.
Flynn & Stillman
224 Birmingham Drive, Suite 1A4
Cardiff, CA 92007
T. 888/235-4279; F. 888/235-4279
*Attorneys for Plaintiffs*

Dated: This ____ day of June, 2006.

Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC 20044
T. 202/514-4522; F. 202/616-8470
*Attorneys for Defendants*

IT IS SO ORDERED.

DATED this ____ day of June, 2006.

DISTRICT COURT JUDGE

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511