# ORIGINAL

CODE: 3060

# FILED

### FEB - 8 2006

RONALD A. LONGTIN, JR., CLERK
By: _____
DEPUTY

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

ETREPPID TECHNOLOGIES, L.L.C., a Nevada
Limited Liability Company,

                Plaintiff,

vs.

DENNIS MONTGOMERY, an individual; THE
MONTGOMERY FAMILY TRUST; DENNIS
MONTGOMERY and BRENDA
MONTGOMERY, as trustee for THE
MONTGOMERY FAMILY TRUST; and DOES
1 through 20,

                Defendants.

Case No.    CV06-00114

Dept. No.    9

_____/

## ORDER

This matter proceeded to a preliminary injunction hearing before this Court on February 7, 2006 on the issue of Defendant Montgomery's alleged destruction and/or possession of computer software source code (hereinafter "Source Code"), allegedly belonging to Plaintiff ETreppid Technologies. The Court has reviewed the entire file, the pleadings, points and authorities, and exhibits filed therein. In addition, the Court has considered the oral arguments of counsel, and although the preliminary injunction hearing ultimately concluded before counsel had the opportunity to finish the examination of one witness, the Court believes it has more than adequate information upon which to decide the issues before it. The hearing was scheduled for one day. It began at 9:00 a.m. and concluded at 9:30 p.m. Further examination of the final witness called to testify is

-1-

1  unnecessary. See, e.g., *Zupanic v. Sierra Vista Rec., Inc.*, 625 P.2d 1177, 1180 (Nev. 1981).

2  Accordingly, the Court makes its Decision as set out below.[1]

3  First, the Court finds, pursuant to the employment agreement between the parties, the

4  subsequent undisputed conduct of the parties throughout the course of Montgomery's employment

5  with ETreppid, and Montgomery's acquiescence to and active participation in contractual

6  agreements entered into by ETreppid with third-parties involving the Source Code and technology at

7  issue, Plaintiff is likely to prevail on the merits of his claims. See, *Brooks v. Bates*, 781 F.Supp. 202,

8  205-206 (S. DNY 1991) (rights may be acquired "by operation of law," such as in an employer-

9  employee relationship).

10  Second, the Court finds Plaintiff has demonstrated a reasonable probability that he will suffer

11  irreparable harm if a preliminary injunction does not issue. The record reflects the Source Code is

12  essential to the day-to-day business operations of ETreppid, as evidenced by the testimony of Dr.

13  Sun. Furthermore, the technology at issue, including data compression software, image detection

14  software, and pattern recognition software, which necessarily relies upon the Source Code for it's

15  operation, is alleged to be valued in excess of $100,000,000. Without access to the Source Code,

16  ETreppid may be forced to forego entering into valuable contracts for the use or sale of said

17  technology. Lastly, the testimony indicates that Plaintiff may suffer damages in excess of $10,000

18  per day (ten-thousand) if he remains without possession of the Source Code. This is not to say that

19  Defendant may or may not have a substantial counterclaim.

20  For the foregoing reasons, the Court concludes that a preliminary injunction is warranted in

21  the present context. Accordingly, pursuant to the requirements of NRCP 65, Plaintiff is ordered to

---

[1] The Court notes that Defendant gave notice approximately ten (10) hours into the hearing that it would be seeking federal preemption of the issues at bar under the Copyright Act of 1976. While Defendant's position may indeed have merit, the Court declines to address the issue of preemption, deferring such a determination for decision based upon application to the proper Court. As such, this Court's Order solely addresses the merits of the preliminary injunction issue at hand.

-2-

post a bond in the amount of $50,000 (fifty-thousand) to secure payment of such costs and damages
as may be incurred by Defendant if found to have been wrongfully enjoined or restrained. See,
*Amer. Bonding Co. v. Roggen Enterprises*, 584 P.2d 868, 870 (Nev. 1993). Good cause appearing,
Plaintiff's *Motion for Preliminary Injunction* against Dennis Montgomery and the Montgomery
Family Trust is GRANTED.

Until the conclusion of a trial on the merits or other Order, Montgomery and all persons or
entities in active concert or participation therewith, are enjoined and restrained from destroying,
hypothecating, transferring, modifying, and/or assigning the ETreppid Source Code, from discussing
any ETreppid technology, including anomaly detection and pattern recognition software, with any
third-party, except experts and other persons and witnesses necessary to Defendant's case and
counsel, provided, however that such witnesses and counsel shall not disclose any information to
others about ETreppid Source Code.

The Court issues this injunction to maintain the status quo and to avert any irreparable harm
that ETreppid may suffer and based on the risk that Mr. Montgomery could delete and/or transfer the
last version of the ETreppid Source Code that remains intact.

DATED this __8th__ day of February, 2006.

DISTRICT JUDGE

-3-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>CERTIFICATE OF MAILING</u>

Pursuant to NRCP 5(b), I certify that I am an employee of the Second Judicial District Court of the State of Nevada, County of Washoe; that on this ___8th___ day of February, 2006, I deposited in the County mailing system for postage and mailing with the United States Postal Service in Reno, Nevada, and faxed, a true copy of the attached document addressed to:

J. Stephen Peek, Esq.
5441 Kietzke Lane, Second Floor
Reno, NV 89511
**Fax No.: (775) 786-6179**

David A. Jakopin, Esq.
Jonathan D. Butler, Esq.
2475 Hanover St.
Palo Alto, CA 94303
**Fax No.: (650) 233-4545**

Ronald J. Logar, Esq
Eric A. Pulver, Esq.
225 S. Arlington Ave., Ste. A
Reno, NV 89501
**Fax No.: (775) 786-7544**

_Sheila Mansfield_
Sheila Mansfield

-4-

## Jerry Snyder

| | |
|---|---|
| **From:** | Jerry Snyder |
| **Sent:** | Thursday, May 11, 2006 4:38 PM |
| **To:** | 'Eric@Renofamilylaw.com'; 'carlotta.wells@usdoj.gov' |
| **Subject:** | draft protective order |

attached is an electronic copy of the draft protective order that I circulated this afternoon

Eric -- I don't think that I have an eMail address for Mr. Flynn -- can you please forward to him?



HLRNODOCS-#538
230-v1-Draft_Pro...

Jerry M. Snyder
Hale Lane Peek Dennison & Howard
Reno Direct Dial: 775-327-3017
Email: jsnyder@halelane.com
Visit our web site at www.halelane.com

**PERSONAL AND CONFIDENTIAL.** This message originates from the law firm of Hale Lane Peek Dennison and Howard, Professional Corporation. This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express only the view of the sender and are not attributable to Hale Lane Peek Dennison and Howard. **IRS CIRCULAR 230 DISCLOSURE:** Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter addressed herein.

1  J. Stephen Peek, Esq. (NV Bar #1758)
   Jerry M. Snyder, Esq. (NV Bar #6830)
2  Hale Lane Peek Dennison and Howard
   5441 Kietzke Lane, Second Floor
3  Reno, NV   89511
   Tel: (775) 327-3000
4  Fax:  (775) 786-6179

5  PILLSBURY WINTHROP SHAW PITTMAN, L.L.P.
   DAVID A. JAKOPIN, CA Bar No. 209950
6  JONATHAN D. BUTLER, CA Bar No. 229638
   2475 Hanover Street
7  Palo Alto, CA 94304-1114
   Telephone: (650) 233-4500
8  Facsimile: (650) 233-4545
9  Attorneys for Plaintiff

10              **UNITED STATES DISTRICT COURT**

11           **FOR THE DISTRICT COURT OF NEVADA**

12

13  DENNIS MONTGOMERY, an individual; and
    MONTGOMERY FAMILY TRUST, a California          CASE NO. 3:06-CV-00056-BES-VPC
14  Trust,

15                    Plaintiff,                    **STIPULATED PROTECTIVE ORDER**

16          vs.

17  ETREPPID TECHNOLOGIES, L.L.C., a Nevada
    Limited Liability Company; WARREN TREPP,
18  an individual; DEPARTMENT OF DEFENSE of
    the UNITED STATES OF AMERICA; and
19  DOES 1 through 10,

20                    Defendants
   _____/

21               **STIPULATED PROTECTIVE ORDER**

22          IT IS HEREBY STIPULATED, AGREED, AND UNDERSTOOD by Plaintiffs Dennis

23  Montgomery and the Montgomery Family Trust (collectively "Montgomery" or "Plaintiffs");

24  Defendants eTreppid Technologies, LLC ("eTreppid") and Warren Trepp ("Trepp") (collectively

25  "Defendants"); and Defendant Department of Defense of the United States of America that in the

26  course of this litigation a party may produce documents and information which are confidential or

27  commercially sensitive in nature and that public disclosure of such information could be detrimental to

28  the producing party's interests.  Similarly, such confidential or commercially sensitive information

C:\Documents and Settings\Snyder\Local Settings\Temporary Internet Files\OLK8\HLRNODOCS-#538230-v1-Draft_Protective_Order.DOC    **Page**

1 of 9

may be disclosed by written discovery, deposition testimony, or in other filings with the Court. The parties accordingly submit this Stipulated Protective Order for the approval and enforcement of the Court and hereby stipulate as follows:

1. SCOPE. The present Stipulated Protective Order shall apply to all non-public information and materials provided or produced by the parties in the course of the above-captioned litigation, whether written, oral, contained in documents or transcripts, or in any other form, which has in good faith been designated "Confidential" or "Restricted Confidential" in accordance with Paragraphs 2 and 3 below.

2. DEFINITION OF CONFIDENTIAL INFORMATION. There will be two levels of confidential information - - "Confidential" and "Restricted Confidential." A producing party may designate as "Confidential" such non-public documents, information, and materials produced by it which the producing party believes in good faith constitute, contain or reflect proprietary, trade secret or commercially sensitive information, that is not generally known and/or which the party would not normally reveal to non-parties or, if revealed to non-parties, would cause non-parties to maintain in confidence. A producing party may designate as "Restricted Confidential" such Confidential documents, information, and materials produced by it which the producing party believes in good faith constitute, contain or reflect extremely sensitive and highly confidential proprietary, trade secret or commercial information, for which the designation Confidential will not afford adequate protection under the terms of this Stipulated Protective Order.

3. DESIGNATION.

(A) A producing party or its counsel may designate as Confidential or Restricted Confidential any documents or other tangible things by (i) marking every page of such item Confidential or Restricted Confidential as the case may be, or (ii) sending written notice designating each page of such documents or each portion of such tangible things to be treated as Confidential or Restricted Confidential as the case may be.

(B) A producing party or its counsel may designate deposition or other testimony provided by the producing party as Confidential or Restricted Confidential by any one of the following means: (i) stating orally on the record, with reasonable precision as to the affected testimony, on the

1   day the testimony is given that the information is Confidential or Restricted Confidential, or (ii)

2   sending written notice designating, by page and line, the portions of the transcript of the deposition or

3   other testimony to be treated as Confidential or Restricted Confidential within 10 days after receipt of

4   the transcripts.

5       4.   USE OF CONFIDENTIAL AND RESTRICTED CONFIDENTIAL INFORMATION.

6       Confidential and Restricted Confidential documents and information shall not be disclosed or

7   communicated in any fashion nor be used for any purpose other than preparing for and conducting this

8   litigation, as provided for in this Stipulated Protective Order.  It will be the responsibility of each of

9   the parties' counsel to use reasonable efforts to ensure compliance with the protective order.  However,

10  nothing in this Stipulated Protective Order shall prevent any producing party from disclosing or using

11  its own Confidential or Restricted Confidential information as it deems appropriate, and any such use

12  shall not be deemed a waiver of any party's rights or obligations under this Stipulated Protective Order

13  with respect to any confidential information.  In addition, nothing in this Stipulated Protective Order

14  shall impose any restrictions on the use or disclosure by any party of documents, information,

15  materials, or testimony obtained by such party independently of discovery in this litigation.

16      5.    RESTRICTIONS ON ACCESS TO CONFIDENTIAL AND RESTRICTED

17  CONFIDENTIAL INFORMATION.

18      (A) Access to Confidential information, and to any copies, portions, summaries,

19  analyses or excerpts of any documents containing information that has been designated "Confidential"

20  shall be limited to the following:

21      (1) Counsel of record for the parties to the litigation, including office

22  associates, paralegals, stenographic and clerical employees;

23      (2) The parties to this action, their representatives, employees and agents,

24  including in-house counsel;

25      (3) Outside witnesses, potential witnesses, consultants, and/or experts, subject

26  to the provisions of Paragraph 6 below;

27      (4) Any person who is indicated on the face of a document to have been an

28  author, addressee, or copy recipient thereof;

*Hale Lane Peek Dennison and Howard*
*5441 Kietzke Lane, Second Floor*
*Reno, Nevada 89511*

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    (5)  The Court and court personnel, including clerks and stenographic reporters

2    engaged in such proceedings as are necessarily incident to this litigation;

3    (6)  Court reporters or stenographers who record deposition or other testimony

4    in the litigation;

5    (7)  Outside photocopying services, graphic production services, or litigation

6    support services employed by the parties or their counsel to assist in this litigation, and computer

7    personnel performing duties in relation to a computerized litigation system;

8    (8)  Any other person whom the producing party agrees to in writing.

9    (B) Access to Restricted Confidential information, and any copies, portions,

10   summaries, analyses or excerpts of any documents containing information that has been designated

11   "Restricted Confidential" shall be limited to the following:

12   (1)  Counsel of record for the parties to the litigation, including office

13   associates, paralegal, stenographic and clerical employees.

14   (2)  The Court and court personnel, including clerks and stenographic reporters

15   engaged in such proceedings as are necessarily incident to this litigation.

16   (3)  Court reporters or stenographers who record deposition or other testimony

17   in the litigation.

18   (4)  Any person who is indicated on the face of a document to have been an

19   author, addressee, or copy recipient thereof.

20   (5)  Outside photocopying services, graphic production services, or litigation

21   support services employed by the parties or their counsel to assist in this litigation, and computer

22   personnel performing duties in relation to a computerized litigation system.

23   (6)  Outside consultants and/or experts, subject to the provisions of paragraph 6.

24   (7)  Any other person whom the producing party agrees to in writing.

25   Documents or information which has been designated "Restricted Confidential" shall not be

26   given to the receiving party or the receiving party's employees, representatives or agents, other than its

27   counsel of record, or to any outside witness, unless such person is entitled to access to "Restrict

28   Confidential" information pursuant to this paragraph.

6.     ACCESS BY OUTSIDE WITNESSES, CONSULTANTS, AND/OR EXPERTS TO CONFIDENTIAL INFORMATION.  The parties' counsel may, to the extent necessary to the prosecution or defense of this action, in accordance with the terms of this Stipulated Protective Order, and in good faith, make confidential documents or information and any copies, portions, summaries, analyses or excerpts of any documents containing confidential information available to outside or non-party witnesses, consultants, or expert witnesses, provided, however, that, prior to delivering any such information to such witness, consultant, or expert, counsel shall obtain from the witness, consultant or expert, a signed and dated statement to the effect that the person has read this Amended Stipulated Protective Order and agrees to bound by its terms.

7.     RENDERING ADVICE.  Nothing herein shall bar or otherwise restrict an attorney who is a qualified recipient of Restricted Confidential Information under the terms of this Order from rendering advice to his or her client with respect to this action and, in the course thereof, from generally relying upon his or her examination of such information.  In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose the specific content of any Restricted Confidential Information to any other person or party where such disclosure would not otherwise be permitted under the terms of this Order.

8.     DEPOSITIONS.  Persons may be deposed regarding documents or information of which they have knowledge which have been designated "Confidential" or "Restricted Confidential." All transcripts of these depositions and any other deposition containing confidential information will be treated in accordance with this Stipulated Protective Order and when filed shall be marked pursuant to the procedures set forth in Paragraph 9 below.

Aside from the witness, no person shall attend any portion of any deposition containing testimony regarding confidential information or documents except counsel for the parties unless such person has executed the written statement described in Paragraph 6.   Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Stipulated Protective Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1  confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed

2  with the Court.

3      9.    <u>DISPUTES CONCERNING DESIGNATION OR DISCLOSURE OF DOCUMENTS</u>.

4  If any party to this Stipulated Protective Order objects to the designation of any information as

5  Confidential or Restricted Confidential or there is a dispute concerning the disclosure of confidential

6  information to the person(s) designated by the parties, the party having the objection or dispute shall

7  first state the objection or issue by letter to the party that made such designations.  The parties agree to

8  confer in good faith by telephone or in person to resolve any dispute respecting the terms or operation

9  of this Stipulated Protective Order.  If the parties are unable to resolve such a dispute within 3 days of

10 such conference, the dispute shall be submitted to the Court.  In any such proceeding, the designating

11 party shall have the burden of establishing that the disputed documents or information are

12 "Confidential" or "Restricted Confidential", as defined in Paragraph 2 above.   No disclosure of any

13 document or information in dispute shall be made pending resolution of the dispute.  In the event that

14 the Court is required to review a claim of confidentiality, the particular documents or information that

15 has been challenged shall be submitted to the Court for <u>in camera</u> inspection.

16     The failure of any party to challenge the designation by another producing party of documents,

17 materials, or information as Confidential or Restricted Confidential during the discovery period shall

18 not be a waiver of that party's right to object to the designation of such material at trial.

19     10.    <u>FILING WITH THE COURT</u>.  All discovery materials filed with this Court and any

20 appellate court which contain "Confidential" or "Restricted Confidential" information, and any

21 pleading, brief or memorandum purporting to reproduce or paraphrase "Confidential" or "Restricted

22 Confidential" information, shall be filed in sealed envelopes on which shall be endorsed the title of this

23 action, an indication of the nature of the contents, the word CONFIDENTIAL and the following

24 statement:

25         This envelope contains documents which are filed in this case by (name of
        party) and is not to be opened nor the contents thereof revealed except by

26         court order.  This envelope and its contents shall at all times be maintained
        separate and apart from the publicly available files of this action, and shall

27         not be subject to the public records law.

28     If, at the time of trial, counsel for any of the parties seeks to introduce into evidence any

C:\Documents and Settings\SnyderJ\Local Settings\Temporary Internet Files\OLK8\HLRNODOCS-#538230-v1-Draft_Protective_Order.DOC   Page

6 of 9

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

document or portion thereof or portion(s) of deposition testimony that has been designated "Confidential" or "Restricted Confidential," the Court will take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information. All oral presentations to the Court concerning or referencing any confidential information shall be held in camera, unless the Court orders otherwise.

11. <u>NO IMPLIED ACKNOWLEDGMENT OF CONFIDENTIALITY</u>. The receipt of documents, information or other materials designated as Confidential or Restricted Confidential pursuant to this Stipulated Protective Order shall not constitute an acknowledgment that the same are in fact confidential or otherwise legally protectable, and the parties and their counsel shall not be obliged to challenge the propriety of any confidentiality designation. Failure to do so shall not preclude a subsequent challenge to the propriety of any such designation. Until and unless the parties may agree or the Court may finally determine that such documents, information or materials are not properly designated as Confidential or Restricted Confidential pursuant hereto, the same shall continue to be treated as so designated in accordance with the terms of this Stipulated Protective Order.

12. <u>NO WAIVER</u>. The production of documents for inspection shall not constitute a waiver of a party's rights to claim in this lawsuit or otherwise that the documents are privileged or otherwise undiscoverable. Production by any party of confidential documents or information in other litigation shall not constitute a waiver of its right to claim in this lawsuit or hereafter that such documents or information are confidential, privileged or otherwise undiscoverable. Nothing in this Stipulated Protective Order requires any party to produce any documents or information that the party believes is privileged or otherwise non-discoverable. By entering into this Stipulated Protective Order, the parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or seek any further protective order, or to seek relief from the Court from any provision of this Stipulated Protective Order by application on notice on any grounds.

13. <u>THIRD PARTIES</u>. Any third-party served with a subpoena in connection with this litigation or who otherwise produces documents or is noticed for a deposition in connection with this litigation may invoke the protections of this Stipulated Protective Order by signing a copy of this Stipulated Protective Order and agreeing to be bound by its terms.

C:\Documents and Settings\SnyderJ\Local Settings\Temporary Internet Files\OLK8\HLRNODOCS-#538230-v1-Draft_Protective_Order.DOC   Page 7 of 9

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

14.    DISPOSITION OF CONFIDENTIAL DOCUMENTS AND INFORMATION UPON FINAL DETERMINATION.  Upon the final determination of this action, whether by judgment which is no longer appealable, determination after appeal, settlement, or otherwise, all documents, information and material designated as "Confidential" or "Restricted Confidential" and all copies, testimony, summaries, notes, extracts, or abstracts of such documents or of such information shall promptly be returned to the producing party's counsel, or disposed of pursuant to further order of the Court, except that counsel shall be entitled to retain all memoranda or other documents prepared by counsel embodying information derived from any such materials; provided, however, that no subsequent use shall entail disclosure of any information as to which claim of confidentiality has been made.  The final determination of this action shall not terminate the limitations on use and disclosure contained in this Stipulated Protective Order.

15.    AMENDMENT AND MODIFICATION.  This Stipulated Protective Order may be amended by the written agreement of counsel for the parties submitted to an approved by the Court in this case.  Nothing in this Stipulated Protective Order shall preclude any party to this action from moving to vacate or modify this Stipulated Protective Order or any provision thereof.

16.    JURISDICTION AND ENFORCEMENT.    Any person to whom documents or information designated as "Confidential" or "Restricted Confidential" are disclosed shall be subject to the jurisdiction of this Court for purposes of determining, assuring and adjudging such person's compliance with this Stipulated Protective Order.  This jurisdiction shall survive the termination of this action. Any party or person subject to this Stipulated Protective Order who violates its provisions

///

///

///

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1  shall be liable for contempt of court and damages for any injuries or loss suffered by the producing

2  party as a result of such violation.

3  Dated:  This ____ day of May, 2006.        Dated:  This ____ day of May, 2006.

4

5  _____        _____
   Eric A. Pulver, Esq.                          J. Stephen Peek, Esquire
6  Nevada Bar No. 7874                           Nevada Bar Number 1758
   Ronald J. Logar, Esq.                         Jerry M. Snyder, Esq.
7  Nevada Bar No. 303                            Nevada Bar No. 6830
   The Law Offices of Logar & Pulver             Hale Lane Peek Dennison & Howard
8  225 S. Arlington Avenue, Suite A              5441 Kietzke Lane, Second Floor
   Reno, NV 89501                                Reno, NV 89511
9  T. 775/786-5040; F. 775/786-7544             T. 775/327-3000; F. 775/786-6179
   *Attorneys for Plaintiffs*                     *Attorneys for Defendants*
10

11

12                                              Dated:  This ____ day of May, 2006.

13                                              _____
                                                Carlotta P. Wells, Esq.
14                                              Senior Trial Counsel
                                                Federal Programs Branch
15                                              Civil Division – Room 7150
                                                U.S. Department of Justice
16                                              20 Massachusetts Ave., NW
                                                P.O. Box 883
17                                              Washington, DC 20044
                                                T. 202/514-4522; F. 202/616-8470
18                                              *Attorneys for Defendants*

19                                              IT IS SO ORDERED.

20                                              DATED this ____ May, 2006.

21

22                                              _____
                                                DISTRICT COURT JUDGE
23

24

25

26

27

28

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

**FLYNN & STILLMAN**
PO Box 690
Rancho Santa Fe, CA 92067
(858)759-7000 ● Fax: (858) 759-0711

# FAX COVER SHEET

To: Jerry Snyder

FAX NUMBER TRANSMITTED TO: 775 786 6179
From: Michael J Flynn

Date: 7/ 26/ 06

**DOCUMENTS:**

**NUMBER OF PAGES***
(not including fax cover page)

| 1 | Letter and "Attachment A" | 5 |
| 2. | | |
| 3. | | |
| 4 | | |

COMMENTS:

Jerry:

Attached is the letter we discussed including the agreed upon stipulation and the docs we believe you should produce in your "initial disclosures".

Also, when you fax/mail to me, please send to my home office address on this fax letterhead and on the attached letterhead. Thanks.

Mike

CONFIDENTIALITY  APPLIES IF THIS BOX IS CHECKED:   ☐

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

* IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (858)759-7000

07/26/2006 W   :80   H (TX/RX NO 8698) ]

# FLYNN & STILLMAN

PO BOX 690
6125 EL TORDO
RANCHO SANTA FE, CALIFORNIA, 92067

TELEPHONE (858) 759-7000
FACSIMILE (858) 759-0711
CELL: 858 776 7624

MICHAEL J FLYNN
ADMITTED ONLY IN MASSACHUSETTS

ONE CENTER PLAZA, SUITE 240
BOSTON, MASSACHUSETTS 02108
TELEPHONE  617 720 2700
FACSIMILE  617 720 2709
CELL  617 710 8100

July 26, 2006

Re: eTreppid v Montgomery, Case No. 3: 06-cv-145
Montgomery v Trepp, Case No. 3: 06-cv-56

Dear Mr. Snyder:

In connection with the above two cases, this letter will confirm the stipulation we entered
into on Monday, July 24, 2006 in our teleconference in connection with our respective
Rule 26 obligations to produce and exchange documents as part of our "initial
disclosures". We have agreed as follows:

1. Each side will comply with their respective Rule 26 (a) (1) (B) obligations by
   producing and exchanging all documents and discovery requirements in
   compliance with Rule 26 (a) (1) (B) by August 7, 2006.
2. Each side waives any claim of non-compliance of Rule 26 for failing to produce
   and exchange the required discovery prior to August 7, 2006; but each side
   preserves any claim for non-compliance with Rule 26 after August 7, 2006.

If you disagree with any aspect of the foregoing stated stipulation, please advise
forthwith.

Additionally, pursuant to our phone conference, I am also attaching herewith as
"Attachment A", a list of documents and discovery which I believe you have an
obligation to produce and exchange as part of your Rule 26 (a) (1) (B) "initial
disclosures" compliance. As stated on the phone today, this list is NOT intended to be
comprehensive, nor does it seek to impose a discovery demand on you or your client, not
required by Rule 26. It merely represents a list of documents and discovery based upon
your pleadings in the above cases which we designate as required by said pleadings,
and/or by Warren Trepp, *as a co-owner with Mr. Montgomery,* and his filing of a
criminal complaint against Mr. Montgomery. Thus, it encompasses documents and
information which you provided to any Governmental agency in order to initiate

1

Governmental action against Mr. Montgomery for purposes of advancing your civil litigation strategies and claims.

In the event of a failure to comply with Rule 26, the list merely serves as a notice to you and your client for purposes of potential future motions and/or if you seek to rely upon specific documents and/or information either in discovery motions, dispositive motions or at trial; or in any matter involving the criminal complaint lodged by your client.

Further, as stated in our teleconference, we believe that the most efficient method of proceeding in connection with the issues raised by the protective orders proposed by us, by you and by the Government, in line with the modern trend and in conformity with Rule 26 (a) (1) and (c) (d) (f) and (g), is for each party to designate in their Rule 26 compliance those documents and/or information that each party claims are protected by some form of privilege, classification etc under Rule 26 (c). Thus, in conformity with the Rule, all parties and the Court will have some understanding of precisely what each side seeks to protect and avoid the potentially overbroad lanquage and application of an ambiguous protective order. We believe this is particularly applicable in this case where there are such overriding constitutional issues involved, and where there is such uncertainty as to what is/was classified and what is/was not – particularly in light of the now obvious failure of the Air Force, eTreppid and it's employees, Patty Gray and Sloan Venables to comply with the National Industrial Security Program Operating Manual.

As Judge Walker recently made clear in the Hepting v AT&T case, relying upon established 9th Circuit precedent, constitutional safeguards imposed by due process cannot just be ignored by a Governmental claim of privilege. Judicial inquiry is required. This is all the more true in this case because of the serious fourth amendment violations now pending before the Court, all spawned by your client, Warren Trepp. In our view, this makes *full* compliance with Rule 26 particularly imperative in this matter.

Very Truly Yours,

Michael J. Flynn

## ATTACHMENT A

1. CD No. 1 referenced in the Sept. 28, 1998 "Contribution Agreement".

2. The original Sept. 28, 1998 "Contribution Agreement" and all schedules, attachments, amendments etc.

3. All "Operating Agreements" of eTreppid and Intrepid from 1998 to the present, and all schedules, attachments, amendments etc.

4. All financial statements of Intrepid and eTreppid from 1998 to the present.

5. All minutes and records of  the Management Committee from 1998 to present.

6. All corporate records of Intrepid and eTreppid from 1998 to the present.

7. All patent applications submitted by Intrepid or eTreppid, including but not limited to all supporting documents such as a full statement of all of the algorithms for each patent.

8. All reports, records, correspondence, notes, emails, memos etc of all employees, technicians, experts or consultants who have tested, examined or reviewed the currently existing software systems at eTreppid from January 1, 2006 to the present.

9. All telephone records of eTreppid from March 2003 to the present.

10. All cell phone records of Warren Trepp from March 2003 to the present.

11. All financial records of Intrepid and eTreppid from 1998 to the present.

12. For inspection and copying: all computers used by Warren Trepp from 1998 to the present.

13. All documents, electronic media, emails, correspondence, information, records, notes, memos and any form of information delivery, delivered to any US Governmental official after December 1, 2005.

14. All documents and electronic media of every nature and description relating to eTreppid or any of its agents, employees, consultants etc and the security clearance of Dennis Montgomery.

15. All inventories of the contents of any safe maintained by eTreppid and/or Warren Trepp.

16. For inspection and copying: all software programs or any portion thereof currently existing at eTreppid which you claim constitute eTreppid's "Trade Secrets".

17. All bank statements, cancelled checks, wire transfers, cashier checks, etc. from Sept. 28, 1998 to the present.

18. All payroll records including all bonuses, from Sept. 28, 1998 to the present.

19. All contracts, and all records relating to all contracts including governments, and private companies, from Sept. 28, 1998 to the present; including any contracts with Trans Exec Air of Van Nuys, Ca.

20. All accounts receivables and payables records, from Sept. 28, 1998 to the present.

21. All lease agreements between eTreppid and any company or individual (Building lease, equipment lease, etc), from Sept. 28, 1998 to the present.

22. All agreements with Ascentia capital of Reno, NV.

23. All evidence that supports eTreppid's purchase of third party licenses for all software used in the business, such as Windows Operating Systems, Microsoft Office, Diskeeper, Norton Antivirus,

and any third party software used by the company.

24. All copies of legal billing records, including but not limited to the billing records of Douglas Frye, and David Jakopin, from Sept. 28, 1998 to the present. In the event you claim an attorney/client privilege for any such records, please provide a privilege log.

25. All employee agreements signed by any employee in the company.

26. All revisions and editions, past and present of eTreppid's employee manual.

27. All correspondence, emails and communications between any government official and any eTreppid employee, agent, principal, officer, Manager or Chairman.

28. All of Warren Trepp's emails, correspondence, and communications of every nature and description with Ronald Bath, Paul Hareldsen, James Gibbons, Michael Milken, Douglas Frye, Michael West, and any agent or employee of any Governmental agency.

# DOCUMENTS PRODUCED BY eTREPPID

| Begdoc# | Enddoc# | Docdate | Author | Recip. | Cc | Doctype | Summary | Privilege |
|---------|---------|---------|--------|--------|-----|---------|---------|-----------|
| eTreppid000001 | eTreppid000057 | 11/01/2001 | eTreppid Technologies, LLC | | | Agreement | Amended and Restated Operating Agreement of eTreppid Technologies, LLC, A Nevada Limited-Liability Company Dated and Adopted Effective as of November 1, 2001 | Confidential |
| eTreppid000058 | eTreppid000105 | 01/01/1999 | Intrepid Technologies, LLC | | | Agreement | Amended and Restated Operating Agreement of Intrepid Technologies, LLC Dated and Adopted Effective as of January 1, 1999 | Confidential |
| eTreppid000106 | eTreppid000138 | 09/28/0998 | Intrepid Technologies, LLC | | | Agreement | Executed copy of Operating Agreement of Intrepid Technologies, LLC Dated and Adopted Effective as of September 28, 1998. | Confidential |
| eTreppid000139 | eTreppid000142 | 12/28/2005 | Friendly Capital Partners, L.P. | Brenda K. Montgomery Dennis Montgomery Montgomery Family Trust | | Agreement | Agreement and modification of Promissory Note and Confidential Security Agreement (Modification No. 2) | |
| eTreppid000143 | eTreppid000147 | 11/06/2001 | eTreppid Technologies, LLC Montgomery | Dennis Montgomery Brenda K. Montgomery Montgomery Family Trust | | Agreement | Redemption Agreement between Dennis Montgomery and Brenda Montgomery and eTreppid Technologies, LLC | Confidential |
| eTreppid000148 | eTreppid000149 | 11/06/2001 | Montgomery Family Trust | eTreppid Technologies, LLC | | Assignment | Assignment of LLC Interest by the Montgomery Family Trust to eTreppid Technolotees, LLC of 2,719.14 Class A Units and correspondence 2.00% Percentage Interest in the Company in consideration of the payment of $1,500,013.58. | Confidential |
| eTreppid000150 | eTreppid000154 | 10/16/2002 | Dennis Montgomery Brenda K. Montgomery Montgomery Family Trust | eTreppid Technologies, LLC | | Agreement | Executed copy of Redemption Agreement between Dennis Montgomery and Brenda K. Montgomery as Trustees of The Montgomery Family Trust and eTreppid Technologies, LLC | Confidential |

# DOCUMENTS PRODUCED BY eTREPPID

| Begdoc# | Enddoc# | Docdate | Author | Recip | Cc | Doctype | Summary | Privilege |
|---|---|---|---|---|---|---|---|---|
| eTreppid000155 | eTreppid000156 | 10/16/2002 | Montgomery Family Trust | eTreppid Technologies, LLC | | Assignment | Executed copy of Assignment of LLC Interest by the Montgomery Family Trust to eTreppid Technologies, LLC of 1,416.22 Class A Units and 1% Percentage Interest in the Company in consideration of $750,001.79. | Confidential |
| eTreppid000157 | eTreppid000157 | 12/31/2005 | eTreppid Technologies, LLC | Dennis Montgomery | | Statement | Form W-2 Wage and Tax Statement for Dennis Montgomery for the tax year 2005 | |
| eTreppid000158 | eTreppid000158 | 12/31/2004 | eTreppid Technologies, LLC | Dennis Montgomery | | Statement | Form W-2 Wage and Tax Statement for Dennis Montgomery for the tax year 2004 | |
| eTreppid000159 | eTreppid000159 | 12/31/2003 | eTreppid Technologies, LLC | Dennis Montgomery | | Statement | Form W-2 Wage and Tax Statement for Dennis Montgomery for the tax year 2003 | |
| eTreppid000160 | eTreppid000166 | 03/07/2002 | Dennis Montgomery | eTreppid Technologies, LLC | | Assignment | Assignment of U.S. Patent Application by Dennis L. Montgomery to eTreppid Technologies, LLC of an invention entitled "Optical Encoding of Audio Data" under Serial No. 10/033,537 w/copy of of Patent Application Publication attached. | |
| eTreppid000167 | eTreppid000189 | 06/12/2001 | Dennis Montgomery | eTreppid Technologies, LLC | | Assignment | Assignment of U.S. Origin Patent Application by Dennis L. Montgomery to eTreppid Technologies, LLC of an invention entitled "Method and Apparatus for Streaming Data Using Rotating Cryptographic Keys", under Serial No. 09/823,278 w/copy of of Patent Application Publication attached. | |
| eTreppid000190 | eTreppid000212 | 03/20/2001 | Dennis Montgomery | eTreppid Technologies, LLC | | Assignment | Assignment of U.S. Origin Patent Application by Dennis L. Montgomery to eTreppid Technologies, LLC of an invention entitled "Method and Apparatus for Encoding Information Using Multiple Passes and Decoding in a Single Pass", under Serial No. 09/727,096 w/copy of of Patent Application Publication attached. | |

# DOCUMENTS PRODUCED BY eTREPPID

| BegDoc# | EndDoc# | Date | Author | Recip | Cc | DocType | Summary | Privilege |
|---------|---------|------|--------|-------|----|---------|---------|-----------|
| eTreppid000213 | eTreppid000223 | 01/24/2002 | Dennis Montgomery | eTreppid Technologies, LLC | | Assignment | Assignment of U.S. Origin Patent Application by Dennis L. Montgomery to eTreppid Technologies, LLC of an invention entitled "Method and Apparatus for Storing Digital Video Content Provided from a Plurality of Cameras", under Serial No. 09/991,527 w/copy of of Patent Application Publication attached. | |
| eTreppid000224 | eTreppid000230 | 01/24/2002 | Dennis Montgomery | eTreppid Technologies, LLC | | Assignment | Assignment of U.S. Origin Patent Application by Dennis L. Montgomery to eTreppid Technologies, LLC of an invention entitled "System and Method for Managing Memory in a Surveillance System", under Serial No. 09/991,487 w/copy of of Patent Application Publication attached. | |
| eTreppid000231 | eTreppid000242 | 01/24/2002 | Dennis Montgomery | eTreppid Technologies, LLC | | Assignment | Assignment of U.S. Origin Patent Application by Dennis L. Montgomery to eTreppid Technologies, LLC of an invention entitled "Method and System for Size Adaptation and Storage Minimization, Source Noise Correction, and Source Watermarking of Digital Data Frames", under Serial No. 09/991,528 w/copy of of Patent Application Publication attached. | |
| eTreppid000243 | eTreppid000253 | 01/24/2002 | Dennis Montgomery | eTreppid Technologies, LLC | | Assignment | Assignment of U.S. Origin Patent Application by Dennis L. Montgomery to eTreppid Technologies, LLC of an invention entitled "Data Gathering in Games of Chance", under Serial No. 09/991,531 w/copy of Patent Application Publication attached. | |
| eTreppid000254 | eTreppid000259 | 01/24/2002 | Dennis Montgomery | eTreppid Technologies, LLC | | Assignment | Assignment of U.S. Origin Patent Application by Dennis L. Montgomery to eTreppid Technologies, LLC of an invention entitled "System and Method for Generating Alert Conditions in a Surveillance System", under Serial No. 09/991,490 w/copy of of Patent Application Publication attached. | |

20801-0001 eTreppid vs. Montgomery

- 3 -

08/07/2006

# DOCUMENTS PRODUCED BY eTREPPID

| Bestdoc | Enddoc | Docdate | Author | Recip | Cc | DocType | Summary | Privilege |
|---|---|---|---|---|---|---|---|---|
| eTreppid000260 | eTreppid000270 | 01/24/2002 | Dennis Montgomery | eTreppid Technologies, LLC | | Assignment | Assignment of U.S. Patent Application by Dennis L. Montgomery to eTreppid Technologies, LLC of an invention entitled "Method and Apparatus for Detecting and Reacting to Occurrence of an Event", under Serial No. 09/990,868 w/copy of of Patent Application Publication attached. | |
| eTreppid000271 | eTreppid000310 | 01/24/2002 | Dennis Montgomery | eTreppid Technologies, LLC | | Assignment | Assignment of U.S. Origin Patent Application by Dennis L. Montgomery to eTreppid Technologies, LLC of an invention entitled "Method and Apparatus for Determing Patterns Within Adjacent Blocks of Data", under Serial No. 09/999,776 w/copy of of Patent Application Publication attached. | |
| eTreppid000311 | eTreppid000333 | 02/02/2006 | Dennis Montgomery | Douglas J. Frye Warren E. Trepp | | E-Mail | Attached power point presentation on eTreppid Technologies. | Confidential |
| eTreppid000334 | eTreppid000344 | 11/09/2000 | Douglas J. Frye | Cathy Kinzer Intel | | E-Mail | Attached white paper outline and compression test of eTreppid products. | Confidential |
| eTreppid000345 | eTreppid000348 | 07/24/2000 | Douglas J. Frye | Dennis Montgomery | | E-Mail | Attached updated version of information about eTreppid | Confidential |
| eTreppid000349 | eTreppid000358 | 10/01/2000 | Douglas J Frye | Dennis Montgomery | | E-Mail | Attached edited version of outline of eTreppid/Compaq meeting. | Confidential |
| eTreppid000359 | eTreppid000361 | 04/01/2000 | Dennis Montgomery | Saint Mary's Health First | | Application | Enrollment and change form by Dennis Montgomery; attached check from Intrepid Technologies to St. Mary's for $2,103.77 for health/dental insurance. | |
| eTreppid000362 | eTreppid000373 | 05/25/2001 | eTreppid Technologies, LLC | | | Resolution | Action taken without a meeting by the Management Committee of eTreppid Technologies, LLC - authorization for sale of additional Class B units in private offering | Confidential |
| eTreppid000374 | eTreppid000384 | 12/11/2000 | eTreppid Technologies, LLC | | | Resolution | Action taken without a meeting by the Management Committee of eTreppid Technologies, LLC - authorization for sale of additional Clss B units in private offering | Confidential |

## DOCUMENTS PRODUCED BY eTREPPID

| Beglock | Endlock | Docdate | Author | Recip | CC | Doctype | Summary | Privilege |
|---|---|---|---|---|---|---|---|---|
| eTreppid000385 | eTreppid000395 | 07/07/2000 | eTreppid Technologies, LLC | | | Resolution | Action taken without a meeting by the Management Committee of eTreppid Technologies, LLC - authorization for sale of additional Clss B units in private offering | Confidential |
| eTreppid000396 | eTreppid000399 | 12/29/2005 | Friendly Capital Partners, L.P. | Brenda K. Montgomery Dennis Montgomery Montgomery Family Trust | | Agreement | Agreement and Modification of Promissory Note and Security Agreement (Modification No. 2) | Confidential |
| eTreppid000400 | eTreppid000406 | 11/06/2001 | Dennis Montgomery, Brenda K. Montgomery | eTreppid Technologies, LLC | | Agreement | Redemption Agreement providing for sale of Montgomery's 2,719.14 Class A Units | Confidential |
| eTreppid000407 | eTreppid000413 | 10/16/2002 | Dennis Montgomery, Brenda K. Montgomery, Montgomery Family Trust | eTreppid Technologies, LLC | | Agreement | Redemption Agreement for sale of Montgomery's 1,416.22 Class A units and corresponding 1% percentage interest in the Company. | Confidential |
| eTreppid000414 | eTreppid000416 | 12/31/2003 | eTreppid Technologies, LLC Montgomery | Dennis Montgomery | | Statement | Form W-2's for Dennis Montgomery for 2003-2005 | Confidential |
| eTreppid000417 | eTreppid000441 | 08/22/2001 | | | | Plan | eTreppid Technologies, LLC Business Plan | Confidential |
| eTreppid000442 | eTreppid000468 | 02/02/2006 | eTreppid Technologies, LLC | | | Handbook | eTreppid Technologies, LLC Employee Handbook | Confidential |
| eTreppid000469 | eTreppid000469 | 04/11/2001 | Dennis Montgomery | Douglas J. Frye | | E-Mail | Referencing employee handbook and his agreement to Frye's suggestion of distributing it to the employees. | Confidential |

DOCUMENTS PRODUCED BY eTREPPID

| Begdoc# | Enddoc# | Docdate | Author | Recip | Cc | Doctype | Summary | Privilege |
|---|---|---|---|---|---|---|---|---|
| eTreppid000470 | eTreppid000478 | 02/09/2006 | California Secretary of State | | | Certification | Certification by California Secretary of State of attached copies as true and correct - attached Statement and Designation by Foreign Corporation - 3 Net Systems, Inc.; Amended Statement and Designation by Foreign Corporation (3 Net Systems, Inc.; Amended Statement by Alternative Technology Resources, Inc.; Amended Statement by National Healthcare Exchange Services | |
| eTreppid000479 | eTreppid000480 | 08/08/2003 | Alternative Technology Resources, Inc. | Delaware Department of State | | Statement | UCC Financing Statement by Alternative Technology Resources, Inc. showing CSM Partners as secured party | Confidential |
| eTreppid000481 | eTreppid000507 | 02/09/2006 | California Secretary of State | | | Certification | Certification by California Secretary of and correct copies of: Articles of Incorporation of Next Step Software Systems, Inc.; Certificate of Amendment of Articles of Incorporation of Next Step changing name to 3net Systems, Inc.; Restated Articles of Incorporation of 3Net Systems, Inc.; Certificate of Determination of Preferences of Series A, Preferred Stock of 3Net Systems, Inc.; Certificate of Ownership and Merger merging 3Net Systems, a California corporation into 3Net Systems, a Delaware corporation. | |
| eTreppid000508 | eTreppid000561 | 02/22/2006 | Copyright Office of the United States | | | Source Code | Certification with attached copies that the attached are a true representation of the work entitled Computermate Source Code for Hewlett Packard Model 86 Mind Blood Gas Quality Control Software registered under No. TXu 119-540 | |
| eTreppid000562 | eTreppid000615 | 02/22/2006 | Copyright Office of the United States | | | Source Code | Certification with attached copies that the attached are a true representation of the work entitled Computermate Source Code for Hewlett Packard Model 86 Evapotranspiration irrigation software Control Software registered under No. TXu 117-868 | |
| eTreppid000616 | eTreppid000618 | 04/04/2003 | eTreppid Technologies, LLC Patty Gray | Rick O'Shea | | E-Mail | Attaching fixed version of background information about eTreppid Technologies, LLC | Confidential |

# DOCUMENTS PRODUCED BY eTREPPID

| Begdoc# | Enddoc# | Docdate | Author | Recip | Cc | Doctype | Summary | Privilege |
|---|---|---|---|---|---|---|---|---|
| eTreppid000619 | eTreppid000639 | 06/10/2002 | General Electric Company | eTreppid Technologies, LLC | | Agreement | License and Manufacturing Agreement between General Electric Company and eTreppid Technologies - DJF Redlined Draft of 6/10/02 | Confidential |
| eTreppid000640 | eTreppid000643 | 05/06/2002 | eTreppid Technologies, LLC | | | List | eTreppid Technologies, LLC Surveillance MSRP as of 5/6/02 | Confidential |
| eTreppid000644 | eTreppid000646 | 05/09/2002 | Douglas J. Frye | File eTreppid Technologies, LLC | | Memorandum | Confidential memorandum re GE Interlogix Agreements | Confidential |
| eTreppid000647 | eTreppid000651 | 04/16/2003 | Patty Gray eTreppid Technologies, LLC | Warren E. Trepp | | Minutes | E-mail attaching GE minutes and requesting that he review them for changes | Confidential |
| eTreppid000652 | eTreppid000662 | 02/08/2006 | Cathy Kinzer Intel | eTreppid Technologies, LLC Patty Gray | | E-Mail | E-mail stating that pattern recognition is addressed in their white paper from November 2000 with attached Outline of eTreppid Products and Compression Tests | Confidential |
| eTreppid000663 | eTreppid000665 | 11/13/2000 | eTreppid Technologies, LLC | | | Disclosure | Memo describing eTreppid's confidential information which was disclosed to Intel on November 13, 2000. | Confidential |
| eTreppid000666 | eTreppid000669 | 12/15/2000 | Cathy Kinzer | | Dennis Montgomery Warren E. Trepp | Disclosure | E-mail with attached confidential information disclosure which supplements the CNDA #591121 dated November 27, 2000 between eTreppid and Intel | Confidential |
| eTreppid000670 | eTreppid000691 | 03/30/2001 | eTreppid Technologies, LLC | Cathy Kinzer Patty Gray | Douglas J. Frye Warren E. Trepp | E-Mail | Attaching powerpoint presentation re eTreppid Technologies Digital Compression Products | Confidential |
| eTreppid000692 | eTreppid000694 | 03/08/2001 | Dennis Montgomery | Cathy Kinzer | Dennis Montgomery Warren E. Trepp | Notes | Meeting notes by Cathy Kinzer of meeting of 3/8/01 attended by Warren Trepp, Doug Frye, Dennis Montgomery, Patty Gray, Sean Cunningham, Paul Burke and Cathy Kinzer | Confidential |
| eTreppid000695 | eTreppid000697 | 08/06/2001 | Cathy Kinzer | | | Notes | Cathy Kinzer's meeting notes of 8/6/01 meeting between eTreppid and Intel | Confidential |

# DOCUMENTS PRODUCED BY eTREPPID

| Begdoc# | Enddoc# | Doc Date | Author | Recip | CC | DocType | Summary/Description | Privilege |
|---|---|---|---|---|---|---|---|---|
| eTreppid000701 | eTreppid000704 | 01/17/2003 | | | | Order | Statement of Work for eTreppid Technologies Support to the Unmanned Aerial Vehicle Battlelab's Digital Imagery Video-Compression & Object Tracking (DIVOT) initiative | Confidential |
| eTreppid000705 | eTreppid000710 | 01/14/2003 | AAC/PKO-FA282 3 | eTreppid Technologies, LLC | | Order | Order for Supplies or Services; Req./Purchase Request No. F753W301301 | Confidential |
| eTreppid000711 | eTreppid000714 | 03/27/2003 | Air Force Communications Agency | | | Report | Third party evaluator's report results provided by Air Force Communications Agency | Confidential |
| eTreppid000715 | eTreppid000716 | 10/23/2002 | Brad Purvis | Patty Gray | | E-Mail | E-mail string between Craig Nazelrod, Patty Gray, Brad Purvis and John McCool re whether Battlelab should be the go-between for eTreppid and SOCOM | Confidential |
| eTreppid000717 | eTreppid000718 | 10/30/2002 | Craig Nazelrod | Stephen Bishop | Brad Purvis Dennis McNeil Dennis Montgomery Gordon Metherington John McCool Janice Morrow Patty Gray | E-Mail | Responding to e-mail from Stephen Bishop of interest by Rand Corp. in the divot brief. | Confidential |
| eTreppid000719 | eTreppid000721 | 03/05/2003 | eTreppid Technologies, LLC | | | Summary | Time sheets for Dennis Montgomery, Warren Trepp and Patty Gray for the period from 1/15/03 to 4/2/03 showing hours spent and description of work and/or expenses | Confidential |
| eTreppid000722 | eTreppid000725 | 02/25/2003 | eTreppid Technologies, LLC | SAIC | | Report | Report on DIVOT Initiative for Pointer | Confidential |
| eTreppid000726 | eTreppid000741 | 06/01/2003 | UAV Battlelab | | | Report | Interim Report Digital Imagery & Video Compression & Objective Tracking Initiative; Proprietary Information - For Official Use Only | Restricted Confidential |
| eTreppid000742 | eTreppid000745 | 07/24/2000 | Douglas J. Frye | Dennis Montgomery | | E-Mail | Attaching updated version of eTreppid description with changed header and footer. | Confidential |

# DOCUMENTS PRODUCED BY eTREPPID

| Begdoc# | Enddoc# | Date | Author | Recip | Cc | Doctype | Summary | Privilege |
|---|---|---|---|---|---|---|---|---|
| eTreppid000746 | eTreppid000755 | 10/01/2000 | Douglas J. Frye | Dennis Montgomery | | E-Mail | Attached edited version of the outline of eTreppid/Compaq Meeting of 9/28/00 | Confidential |
| eTreppid000756 | eTreppid000766 | 11/09/2000 | Douglas J. Frye | Cathy Kinzer Intel | Dennis Montgomery Warren E. Trepp | E-Mail | Attaching a White Paper outline and compression test of eTreppid products provided to Intel pursuant to the single use non-disclosure agreement between intel and eTreppid | Confidential |
| eTreppid000767 | eTreppid000767 | 07/02/2002 | L-3 Communications Technologies, LLC Ron Nelson | eTreppid Technologies, LLC John Tyson | | Memorandum | Memo to John Tyson from Ron Nelson re compression data tape condition | Confidential |
| eTreppid000768 | eTreppid000769 | 07/11/2002 | eTreppid Technologies, LLC John Tyson | Sue Zangara | | E-Mail | Forwarding -mail to Montgomery referencing SLC test data collection. | Confidential |
| eTreppid000770 | eTreppid000771 | 08/12/2002 | L-3 Communications Leonard Crews | Douglas J. Frye eTreppid Technologies, LLC | | Facsimile | Referencing a Non-Disclosure Agreement and requesting that he sign it and return to his attention. | Confidential |
| eTreppid000772 | eTreppid000773 | 10/03/2002 | Patty Gray | Dennis Montgomery Warren E. Trepp John | | Proposal | Referencing proposal for L3Com SOW/RFP Bidder Pricing Estimate. Would like to make changes but may not be able to now. Note to John that his math is wrong in 3 places. | Confidential |
| eTreppid000774 | eTreppid000774 | 08/27/2002 | Craig Nazelrod | Brad Purvis John McCool John Tyson | | E-Mail | Referencing October 5-6 meeting with GA | Confidential |
| eTreppid000775 | eTreppid000775 | 09/05/2002 | | | | Agenda | DIVOT Meeting Agenda 9/5/02 | |
| eTreppid000776 | eTreppid000776 | 09/09/2002 | Dennis Montgomery | John Tyson | | E-Mail | Referencing Divot meeting recap and actions required | Confidential |
| eTreppid000777 | eTreppid000777 | 02/07/2003 | Craig Nazelrod | John Choby | | E-Mail | Inquiring about a start time for next week's demo. | Confidential |

# DOCUMENTS PRODUCED BY eTREPPID

| BegDoc# | EndDoc# | DocDate | Author | Recip. | Cc | DocType | Summary | Privilege |
|---------|---------|---------|--------|--------|-----|---------|---------|-----------|
| eTreppid000778 | eTreppid000778 | 01/14/2003 | AAC/PKO-F,A282 3 Eglin AFB Fl | eTreppid Technologies, LLC | | Order | Order for supplies or services; Req/Purch. Request No. F753WG301301 | Confidential |
| eTreppid000779 | eTreppid000779 | 11/18/2002 | L-3 Communications Technologies, LLC | eTreppid Technologies, LLC | | Purchase Order | L-3 Communications Purchase No. 209545S | Confidential |

# FLYNN & STILLMAN

224 BIRMINGHAM DRIVE, SUITE 1A4
CARDIFF, CALIFORNIA 92007

TELEPHONE (888) 235-4279
FACSIMILE (888) 235-4279
e-mail pstillman@flynnstillman.com

PHILIP H. STILLMAN
ALSO ADMITTED IN MASSACHUSETTS

SPECIALIZING IN
COMPLEX LITIGATION

ONE CENTER PLAZA, SUITE 240
BOSTON, MASSACHUSETTS 02108
TELEPHONE (617) 720-2700
FACSIMILE (617) 720-2709

July 24, 2006

*VIA FACSIMILE*

Jerry M. Snyder, Esq.
Hale Lane
5441 Kietzke Lane, Second Floor
Reno, NV 89511

Re:     *eTreppid Technologies, LLC*

Dear Jerry:

As you obviously know, this office represents Dennis Montgomery and the Montgomery Family Trust, who are members of eTreppid Technologies, LLC. On March 13, 2006, Mr. Montgomery received notice of the decision by the Management Committee to make a distribution to the members, along with an attached list of members and the respective membership interests held by those members. Mr. Montgomery's share was allegedly applied to pay down a purported promissory note that has an overtly forged signature on it.

In any event, as a member, Mr. Montgomery and the Montgomery Family Trust are hereby exercising their right under the eTreppid Technologies, LLC Operating Agreement, ¶ 9.3, to inspect the books and records of the LLC on or before Friday, July 28 at the offices of eTreppid or at the offices of the Registered Agent, GKL Resident Agent, 1100 William Street, Suite 207, Carson City, NV. at 11 a.m. At a minimum, we will inspect the following documents for the period of time from inception to the present:

a.     All corporate records of the LLC, including any minute books of the management committee, all required filings with the Nevada Secretary of State, and all minutes of any meetings of the members of the LLC;

b.     All records showing dilutions of Dennis Montgomery and/or the Montgomery Family Trust's interests in eTreppid Technologies;

c.     All records showing loans made to any Member and the terms thereof;

d.     All records showing withdrawals and/or distributions to any Member;

Jerry M. Snyder, Esq.
Re: *eTreppid Technologies, LLC*
July 24, 2006
Page 2 of 2

     e.     All records showing income tax returns and supporting the preparation of income tax returns.

     f.     All records showing beneficial ownership of membership interests.

Please feel free to call me to arrange another location if the offices of eTreppid are not convenient.

     Very truly yours,

     FLYNN & STILLMAN

     By:_____
           Philip H. Stillman, Esq.

PHS:np

Professional Indexes & Files 800-422-9191 www.proindexes.com

EXHIBIT 7



# HALE LANE
### ─────ATTORNEYS AT LAW─────

5441 Kietzke Lane | Second Floor | Reno, Nevada 89511
Telephone (775) 327-3000 | Facsimile (775) 786-6179
www.halelane.com

July 27, 2006

**VIA FACSIMILE AND U.S. MAIL**

Philip H. Stillman, Esq.
Flynn & Stillman
224 Birmingham Dr., Ste. 1A4
Cardiff, CA  92007

       **Re:  eTreppid Technologies/Montgomery, Dennis**
       **Our File No. 20801-2**

Dear Mr. Stillman:

       Thank you for your letter of July 24, 200, your two letters of July 26, 2006, and Eric Pulver's letter of July 26, 2006, requesting that eTreppid Technologies, LLC ("eTreppid") provide certain records for review by an accountant on Thursday, July 27, 2006.  Pursuant to NRS 86.241 as well as Sections 9.1 and 9.3 of eTreppid's current Amended and Restated Operating Agreement,  eTreppid is obliged to maintain and allow members access to (1) a current list of the full name and business address of each member and manager, and (2) a copy of the articles of organization and all amendments thereto, and (3) a copy of the currently effective operating agreement.   Montgomery, as a member, may have access to these records at his reasonable request.  However, we do not believe that less than five days notice is reasonable under these circumstances.

       In addition, given the confidential nature of these documents and the adversarial relationship of the parties, eTreppid will allow Montgomery to copy these documents only once either a protective order is entered or Montgomery specifically agrees, in writing and in a form acceptable to eTreppid, to maintain the confidentiality of these documents.

       With regard to the remainder of the documents requested in Mr. Stillman's letter of July 24, 2006, I am not aware of any provision of Nevada's Limited Liability Corporation statute (NRS 86.011 *et. seq.*) which requires eTreppid to allow inspection of these documents.  However, we obviously may provide these documents in due course through the discovery process once a protective order is entered to protect the confidentiality of these documents.

**HALE LANE PEEK DENNISON AND HOWARD**

LAS VEGAS OFFICE: 3930 Howard Hughes Parkway | Fourth Floor | Las Vegas, Nevada 89169 | Phone (702) 222-2500 | Facsimile (702) 365-6940
CARSON CITY OFFICE: 777 East William Street | Suite 200 | Carson City, Nevada 89701 | Phone (775) 684-6000 | Facsimile (775) 684-6001

::ODMA\PCDOCS\HLRNODOCS\554639\1



July 26, 2006
Page 2

    Furthermore, just so eTreppid's position is absolutely clear, no representative of either Montgomery or the Montgomery Family Trust will be allowed access to any eTreppid documents today.

    Please let me know if you have any questions.

Sincerely,

Jerry M. Snyder

JMS/gs
C: Client

::ODMA\PCDOCS\HLRNODOCS\554639\1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     NEVADA

In the Matter of the Search of:
12720 Buckhorn Lane, Reno  et al.

**SUBPOENA IN A CIVIL CASE**

v

Case Number:[1]  3:06-MJ-0023-VPC

TO:   Custodian of Records
      Etreppid Technologies, LLC
      755 Trademark Drive
      Reno, NV

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A" HERETO

| PLACE | DATE AND TIME |
|---|---|
| Bruce R. Thompson U.S. Courthouse, 400 South Virginia, Reno, NV., Rm 404 | 7/31/2006 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Philip H. Stillman_   Attorney for Dennis Montgomery | 7/27/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Philip H. Stillman
FLYNN & STILLMAN, 224 Birmingham Drive, Suite 1A4, Cardiff, CA 92007
(888) 235-4279

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 ) Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | | |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |
| | | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# EXHIBIT A

1.  CD No. 1 referenced in the Sept. 28, 1998 "Contribution Agreement".

2.  The original Sept. 28, 1998 "Contribution Agreement" and all schedules, attachments, amendments etc.

3.  All "Operating Agreements" of eTreppid and Intrepid from 1998 to the present, and all schedules, attachments, amendments etc.

4.  All minutes and records of  the Management Committee from 1998 to present.

5.  All patent applications submitted by Intrepid or eTreppid, including but not limited to all supporting documents such as a full statement of all of the algorithms for each patent.

6.  All reports, records, correspondence, notes, emails, memos etc of all employees, technicians, experts or consultants who have tested, examined or reviewed the currently existing software systems at eTreppid from January 1, 2006 to the present, including but not limited to the most recent report setting forth what "Trade Secrets" are either present or missing within the eTreppid software system.

7.  All documents, electronic media, emails, correspondence, information, records, notes, memos and any form of information delivery, delivered to any US Governmental official after December 1, 2005.

8.  All documents and electronic media of every nature and description relating to eTreppid or any of its agents, employees, consultants etc and the security clearance of Dennis Montgomery.

9.  All inventories of the contents of any safe maintained by eTreppid and/or Warren Trepp.

10. For inspection and copying:  all software programs or any portion thereof currently existing at eTreppid which you claim constitute eTreppid's "Trade Secrets".

11. All employee agreements signed by any employee in the company.

12. All revisions and editions, past and present of eTreppid's employee manual.

13. All complaints, correspondence, emails and communications between any government official and any eTreppid employee, agent, principal, officer, Manager or Chairman relating to the criminal complaint filed by Warren Trepp or etreppid against Dennis Montgomery.

14. All of Warren Trepp's emails, correspondence, and communications of every nature and description with Ronald Bath, Paul Hareldsen, James Gibbons, Michael Milken, Douglas Frye, Michael West, and any agent or employee of any Governmental agency.

# AFFIDAVIT OF SERVICE

1  STATE OF NEVADA                          )
                                            )
2                                           ) : ss
                                            )
3  COUNTY OF WASHOE                         )

4       JENNIFER SANDE, being first duly sworn, deposes and says:
5  That affiant is a citizen of the United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license #322, and not a party to, nor interested in the within action
6  affiant received a SUBPOENA IN A CIVIL CASE on:  JULY 27 2006
   with instructions to serve:
7  **ETREPPID TECHNOLOGIES, LLC**
   **CUSTODIAN OF RECORDS**
8  **2080 MCCLOUD AVE, RENO, NEVADA**

9
10 7/27/06 5:00PM: AFFIANT SPOKE TO JESSE ANDERSON, PROGRAMMER WITH ETREPPID TECHNOLOGIES, WHO STATED THERE WAS NO ONE CURRENTLY AT ADDRESS WHO WAS AUTHORIZED TO ACCEPT LEGAL DOCUMENTS. JESSE ANDERSON PROVIDED AFFIANT WITH
11 CONTACT INFORMATION OF JOE MARTIN 775/690-5026.  AFFIANT CALLED PHONE NUMBER AND SPOKE WITH MR. MARTIN WHO INDICATED THE CUSTODIAN OF RECORDS IS CURRENTLY OUT OF
12 TOWN AND ALL LEGAL MATTERS NEED TO BE HANDLED BY JERRY SNIDER ESQ, ATTORNEY REPRESENTING ETREPPID TECHNOLOGIES.

13 07/27/06: JERRY SNYDER ESQ. STATED HE WOULD NOT ACCEPT THE ABOVE MENTIONED DOCUMENTS ON BEHALF OF ETREPPID TECHNOLOGIES, LLC.  WOULD NOT INDICATE REASON
14 WHY.

15      On the 28th day of July 2006 at 11:00AM affiant returned to 2080 McCloud Ave, Reno, NV. and
16 affected service upon Etreppid Technologies, LLC, Custodian of Records by leaving a copy of the Subpoena in a Civil Case with "John Doe" [refused to give name] (WHITE MALE, 28yrs, 5'5", Brn
   Buzzed hair, Blue Eyes, 150lbs) of the office of Etreppid Technologies, LLC.

17

18
19      Affiant does hereby affirm under penalty of perjury that the assertions of this affidavit are
   true.

20                                               _____
                                                 JENNIFER SANDE
21
   SIGNED and SWORN to before me on
22 25TH DAY OF JULY 2006, by JENNIFER SANDE.

23 NOTARY PUBLIC

24
                    JOHNNO LAZETICH
25                Notary Public - State of Nevada
                Appointment Recorded in Washoe County
               No: 04-89542-2 · Expires January 28, 2008

-1-