

# HALE LANE
──────ATTORNEYS AT LAW──────

5441 Kietzke Lane | Second Floor | Reno, Nevada 89511
Telephone (775) 327-3000 | Facsimile (775) 786-6179
www.halelane.com

July 28, 2006

**VIA FACSIMILE AND U.S. MAIL**

Philip H. Stillman, Esq.
Flynn & Stillman
224 Birmingham Dr., Ste. 1A4
Cardiff, CA 92007

**VIA FACSIMILE AND HAND DELIVERY**

Ronald J. Logar, Esquire
Eric A. Pulver, Esquire
The Law Offices of Logar & Pulver
225 S. Arlington Avenue, Suite A
Reno, NV 89501

**Re: Subpoena Signed 7/27/06 In the Matter of the Search of 12720 Buckhorn Lane**

Dear Messrs. Stillman, Logar & Pulver:

    I have reviewed a copy of the "Subpoena in a Civil Case" which was signed by you and which was left at eTreppid's doorstep this morning. In addition, a process server attempted to deliver this subpoena to me at this law firm this morning. Please be advised that I have not been authorized to accept service of any documents in the case at issue, *In the Matter of the Search of: 12720 Buckhorn Lane, Reno et. al.*, Case No. 3:06-MJ-0023-VPC.

    As such, we do not believe that you have properly served this subpoena. However, in the event that you have, we assert the following objections, pursuant to Fed. R. Civ. P. 45(c):

    (1)    The subpoena fails to allow reasonable time for compliance. Even assuming, *arguendo*, that you served the subpoena today, you request that the documents be produced on Monday, July 31, 2006, at 9:00 a.m. Clearly, this notice is inadequate, especially given the tremendous overbreadth of the subpoena.

    (2)    The subpoena purportedly requires the disclosure of privileged matter in that Item 14 of Exhibit A to the subpoena requests all of Warren Trepp's emails with Doug Frye.

    (3)    The subpoena purportedly requires eTreppid to disclose trade secret and other confidential commercial information. Indeed, virtually every item on Exhibit A to the subpoena demands the production of confidential commercial information.

    (4)    While we are not a party to the present case and, as such, are not fully aware of the issues presented in this case, the scope of the subpoena is astonishingly broad. For this reason, we question whether the information requested falls within the permissible scope of discovery.

**HALE LANE PEEK DENNISON AND HOWARD**
LAS VEGAS OFFICE: 3930 Howard Hughes Parkway | Fourth Floor | Las Vegas, Nevada 89169 | Phone (702) 222-2500 | Facsimile (702) 365-6940
CARSON CITY OFFICE: 777 East William Street | Suite 200 | Carson City, Nevada 89701 | Phone (775) 684-6000 | Facsimile (775) 684-6001

::ODMA\PCDOCS\HLRNODOCS\555318\1

July 28, 2006
Page 2

**HALE LANE**
───────ATTORNEYS AT LAW───────

(5)     The subpoena seeks all documents delivered to any US Governmental official after December 1, 2005. Such documents may well contain classified information. ETreppid cannot disclose any classified information at this time.

(6)     The subpoena seeks a great deal of information that is currently in Mr. Montgomery's possession, custody, or control. For instance, it requests production of the September 28, 1998 Contribution Agreement and all eTreppid and Intrepid Operating Agreements. These documents were produced by eTreppid in the Nevada State Court action, *eTreppid Technologies, LLC v. Montgomery*, prior to the February hearing on eTreppid's Motion for a Preliminary Injunction in that matter.

For these reasons, and pursuant to Fed. R. Civ. P. 45(c)(1)(B), eTreppid will not allow inspection of the documents requested in the subpoena except pursuant to an order of the court.

Sincerely,

Jerry M. Snyder

JMS/gs
C:      Client
        Paul Pugliese

# PROOF OF SERVICE

I, Gaylene Silva, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard. My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511.** I am over the age of 18 years and not a party to this action

I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On July 28, 2006, I caused the foregoing attached letter of July 28, 2006, to be:

**HAND DELIVERY ONLY** I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection and delivery of its hand-deliveries. Such practice in the ordinary course of business provides for the delivery of all hand-deliveries on the same day requested.

__X__   On July 28, 2006, I caused the foregoing LETTER to be hand-delivered by providing a true and correct copy to Hale Lane Peek Dennison and Howard's runners with instructions to hand-deliver the same to:

*Fax No. 786-5044*
Ronald J. Logar, Esq.
Eric A. Pulver, Esq.
The Law Offices of Logar & Pulver
225 S. Arlington Avenue, Suite A
Reno, NV 89501

__X__   faxed a true copy thereof to the fax number indicated below by placing the document in Hale Lane Peek Dennison and Howard's practice for collection and processing of its faxes to:

*Fax No. 786-5044*
Ronald J. Logar, Esq.
Eric A. Pulver, Esq.
The Law Offices of Logar & Pulver
225 S. Arlington Avenue, Suite A
Reno, NV 89501

*Fax No. 888-235-4279*
Philip H. Stillman, Esq.
Flynn & Stillman
224 Bermingham Dr., Ste. 1A4
Cardiff, CA 92007

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on July 28, 2006.

_____
Gaylene Silva

Professional Indexes & Files 800-422-9191 www.proindexes.com

EXHIBIT 10

# THE LAW OFFICES OF
# LOGAR & PULVER

A PROFESSIONAL CORPORATION

RONALD J. LOGAR, ESQ.
FELLOW OF THE AMERICAN ACADEMY OF
MATRIMONIAL LAWYERS
ALSO ADMITTED TO THE STATE BAR OF ARIZONA
E-MAIL RLOGAR@RENOFAMILYLAW.COM
CERTIFIED MEDIATOR

ERIC A. PULVER, ESQ.
ALSO ADMITTED TO THE STATE
BAR OF TENNESSEE
E-MAIL ERIC@RENOFAMILYLAW.COM

JENNIFER A. CHRISTIE, ESQ.
ASSOCIATE ATTORNEY
E-MAIL JCHRISTIE@RENOFAMILYLAW.COM
CERTIFIED MEDIATOR

August 4, 2006

Mr. Jerry M. Snyder, Esq.
5441 Kietzke Lane, Second Floor
Reno, NV 89511

*Via Facsimile 786-6179*
Original to Follow US Regular Mail

Re: eTreppid Case # 3:06-cv-0263-BEC (VPC)

Dear Jerry:

In our recent telephone conversation you requested a copy of Montgomery's Ex Parte Application to Enforce Trial Subpoena. Upon further reflection, I am not sure if I can comply with your request. This entire matter is under seal, and I am uncertain on whether I may release the Application to you. I believe your client can object/oppose the request for documents contained in the subpoena based solely on the face of the subpoena. I would welcome a conference call with the Court for instructions.

For your information, a hearing on the government objections to documents requested in our Subpoena was held on July 31, 2006. All of the government's objections based on relevancy were denied.

If you have any questions or concerns regarding this matter do not hesitate to contact me.

Sincerely,

Eric A. Pulver, Esq.

cc:  D. Montgomery
     P. Stilman
     File

EAP/zad

225 SOUTH ARLINGTON AVE., SUITE A • RENO, NEVADA 89501 • AREA CODE 775 PHONE 786-5040 • FAX NO. 775-786-7544
VISIT OUR WEB SITE @ RENOFAMILYLAW.COM

Professional Indexes & Files 800-422-9191 www.proindexes.com

# FLYNN & STILLMAN
PO BOX 690
6125 EL TORDO
RANCHO SANTA FE, CALIFORNIA 92067

TELEPHONE (858) 759-7000
FACSIMILE (858) 759-0711
CELL: 858 775 7624

MICHAEL J FLYNN
ADMITTED ONLY IN MASSACHUSETTS

ONE CENTER PLAZA, SUITE 240
BOSTON, MASSACHUSETTS 02108
TELEPHONE  617 720 2700
FACSIMILE  617 720 2700
CELL  617 710 8100

July 26, 2006

Jerry M. Snyder, Esq.
Hale Lane
5441 Kietzke Lane
Reno, Nv. 89511

Re: Your letter of July 26, 2006

Dear Mr. Snyder:

I am in receipt of your letter of today's date. Throughout my career, I have observed lawyers just make things up and state positions that are contrary to the established facts. For the life of me, I don't know why lawyers do this. Hopefully, this letter will set the record straight with regard to the protective order, the Rule 26 issues and some of the remarkable errors and mis-statements in your letter.

First, you state that I am unwilling to enter into *"any"* protective order. This, of course is false. You have in your possession my proposed protective order which is, in conformity with the Rules, predicated in part on Rule 26. How could you possibly make such a statement?

With respect to your proposed protective order and the Government's proposed protective order, our position clearly stated in our teleconference is that if you and the Government insist on your proposals, which are far too overbroad and ambiguous, you will have to file a motion and have the matter resolved on motion because of said defects and because of the comprehensive constitutional issues underlying these cases, including

the patently illegal raid on Mr. Montgomery's home, spawned by your client Warren Trepp, to steal the software. I referenced these issues in my letter sent to you this morning.

Next, you claim that my client is "untrustworthy", is trying to steal eTreppid software, and you will only reveal protected software and source code with a protective order. Your positions defy logic, reason and fact. As far as "untrustworthy", is the pot calling the kettle black. Please read "Den of Thieves". Your client is one of the most notorious financial criminals in history. And my client is the only person on earth who knows the source codes to *his*, not eTreppid's software. My client's source codes have been aggressively protected with intrusion protocols and by other means, obviously indicative of *his* ownership. All of the legal indicia of ownership to the disputed software in this case is in favor of Mr. Montgomery, including the "Contribution Agreement" signed by your client..

As I read your pleadings, you don't even have source codes to your own claimed software. So why do you need a protective order to protect what you admittedly do not possess? Moreover, the patents to the source code you do possess are neither "trade secrets", protected or even secrets. Thus, no protective order is needed on them either. As I stated in our teleconference on Monday, the purpose of Rule 26 is to make the parties make "initial disclosures" to see if there is anything that even warrants a protective order.

Your letter has now convinced me that you have nothing you need protected. The source codes are either in your client's patents, or you don't have them. Please correct me if I am wrong if your client does actually posses source codes he is going to use as evidence in these cases. If so, then I suppose the position your client asserted in the preliminary injunction hearing, now stated again in your letter, is false, ie that Mr. Montgomery has "stolen" or "destroyed" eTreppid source code. Do I detect a little inconsistency and/or falsity in your position.

Next, your statements on Rule 26 disclosure are just non-sensical. Obviously, a designation of documents etc that you want to protect in advance of inundating the court with these issues, in conformity with Rule 26, makes complete sense.

I agree with your statements re the August 7, 2006 due date.

I have sent you a list of documents attached to my first letter of today's date.

I also understand that you have just now, about 5 pm informed Eric Pulver that you will not permit our CPA to review the books and records tomorrow notwithstanding our absolute right to do so. As you know, we first informed you of this inspection on Monday, followed up by repeated phone calls and letters which you have until just now ignored. We will be at eTreppid's premises tomorrow at 9:00 am. I strongly advise that you reconsider your position and allow us to inspect the eTreppid records which belong, as a co-owner, to my client.

Finally, we will be requesting in discovery all contributions made by your firm, anyone associated with it, and/or by any of your clients to Judge Perry. Will you voluntarily provide this information?

Very Truly Yours,

Michael J. Flynn