FILED ✓
ENTERED ___
RECEIVED ___
SERVED ON ___
COUNSEL/PARTIES OF RECORD

AUG 1 1 2006

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

IN THE MATTER OF THE           )
SEARCH OF:                     )
                               )        3:06-CV-0263-BES-VPC
The Residence Located at 12720 )
Buckthorne Lane, Reno, Nevada, )        **SEALED**
and Storage Units 136, 140, 141, )      **MINUTES OF PROCEEDINGS**
142, and 143, Double R Storage, )
888 Maestro Drive, Reno, Nevada. )
                               )        DATED: August 11, 2006
_____)

PRESENT: ___THE HONORABLE VALERIE P. COOKE, MAGISTRATE JUDGE___

Deputy Clerk: ____Lisa Mann____   Court Reporter: __Kathryn M. French__

Counsel for Movant(s): ___Eric Pulver___

Counsel for Respondent(s): _Paul Pugliese_

Counsel for Subpoenaed Party(s): _Jerry Snyder_

PROCEEDINGS: SEALED HEARING REGARDING SUBPOENA

9:14 a.m. Court convenes.

The Court addresses the parties regarding the scheduling of this sealed hearing and recounts the sequence of events in this matter concerning the trial subpoena duces tecum directing that eTreppid Technologies, LLC produce certain documents in anticipation of the August 17, 2006, evidentiary hearing.

The Montgomerys submitted an application to enforce trial subpoena, counsel for the subpoenaed party opposed, and the Montgomerys replied.

The Court advises the parties that this hearing shall not be used as a forum to litigate or conduct discovery relating to civil cases pending before the District Court.

The Court and the parties discuss the issue regarding service of the subpoena on eTreppid.

Having heard from the parties and good cause appearing, the Court finds that pursuant to Fed.R.Civ.P 45(b)(1) and Fed.R.Civ.P. 5(b), service of the subpoena on eTreppid was effectuated.

66

In the Matter of the Search of: The Residence Located at
12720 Buckthorne Lane, Reno, Nevada, and Storage Units
136, 140, 141, 142, and 143, Double R Storage, 888 Maestro
Drive, Reno, Nevada.
3:06-CV-0263-BES-VPC
August 11, 2006
Page 2

The Court and the parties discuss the issues regarding the subpoena served on eTreppid.

10:45 a.m.  Court recesses.

11:05 a.m.  Court reconvenes.

The Court and the parties continue their discussion regarding the information requested in the subpoena served on eTreppid.

The Court advises the parties that it will recess and reconvene at 3:00 p.m. with its ruling.

11:51 a.m.  Court recesses.

3:03 p.m.  Court reconvenes.

The Court, having reviewed the subpoena, Mr. West's affidavit, the exhibits from the sealed evidentiary hearing relevant to the requests in the subpoena, the papers on file, and arguments of counsel, finds as follows regarding the subpoena served on eTreppid:

**Request No. 1 - CD No. 1 referenced in the Sept. 28, 1998 "Contribution Agreement"**

The Court will not require eTreppid to produce CD No. 1.

**Request No. 2 - The original Sept. 28, 1998 "Contribution Agreement" and all schedules, attachments, amendments, etc.**

eTreppid shall review its files and provide the original Sept. 28, 1998 "Contribution Agreement" for the movants review no later than **Tuesday, August 15, 2006**. To the extent the original contribution agreement is located the movants shall have leave to review the original and make a photocopy of it. In the event the original contribution agreement cannot be located, counsel for eTreppid shall provide a written statement to so advise movants no later than **Tuesday, August 15, 2006**.

In the Matter of the Search of: The Residence Located at
12720 Buckthorne Lane, Reno, Nevada, and Storage Units
136, 140, 141, 142, and 143, Double R Storage, 888 Maestro
Drive, Reno, Nevada.
3:06-CV-0263-BES-VPC
August 11, 2006
Page 3

**Request No. 3 - All "Operating Agreements" of eTreppid and Intrepid from 1998 to the to the present, and all schedules, attachments, amendments, etc.**

Special Agent West made a clerical error in his affidavit; therefore, the parties agree this request is resolved.

**Request No. 4 - All minutes and records of the Management Committee from 1998 to present.**

The Court will not require eTreppid to produce all the minutes and records of the management committee from 1998 to present.

**Request No. 5 - All patent applications submitted by Intrepid or eTreppid, including but not limited to all supporting documents such as a full statement of all of the algorithms for each patent.**

The Court will not require eTreppid to produce all patent applications submitted by Intrepid or eTreppid.

**Request No. 6 - All reports, records, correspondence, notes, emails, memos, etc of all employees, technicians, experts or consultants who have tested, examined or reviewed the currently existing software systems at eTreppid from January 1, 2006 to present, including but not limited to the most recent reports setting forth what "Trade Secrets" are either present or missing within the eTreppid software system.**

The Court will not require eTreppid to produce all reports, records, correspondence, notes, emails, memos, etc., of all employees, technicians, experts or consultants.

**Request No. 7 - All documents, electronic media, emails, correspondence, information, records, notes, memos, and any form of information delivery, delivered to any U.S. Governmental official after December 1, 2005.**

This request has been resolved, as the Court earlier found this request exceedingly overbroad.

In the Matter of the Search of: The Residence Located at
12720 Buckthorne Lane, Reno, Nevada, and Storage Units
136, 140, 141, 142, and 143, Double R Storage, 888 Maestro
Drive, Reno, Nevada.
3:06-CV-0263-BES-VPC
August 11, 2006
Page 4

**Request No. 8 - All documents and electronic media of every nature and description relating to eTreppid or any of its agents, employees, consultants, etc., and the security clearance of Dennis Montgomery.**

Counsel for the government has agreed to provide to movants the information they have regarding the security clearance of Dennis Montgomery and will do so by the close of business today.

**Request No. 9 - All inventories of the contents of any safe maintained by eTreppid and/or Warren Trepp.**

The Court will not require eTreppid to produce inventories of the contents of any safe maintained by eTreppid and/or Warren Trepp.

**Request No. 10 - For inspection and copying: all software programs or any portion thereof currently existing at eTreppid which claim constitute eTreppid's "Trade Secrets".**

The Court finds that through Special Agent West's testimony, its been established that the "trade secrets" allegedly stolen have yet to be identified; therefore, it is not necessary to produce the items identified in this request.

**Request No. 11 - All employee agreements signed by any employee in the company.**

The Court finds that the movants can obtain the information they seek with this request through further testimony of Special Agent West.

**Request No. 12 - All revisions and editions, past and present of eTreppid's employee manual.**

The Court finds that the movants can obtain the information they seek with this request through further testimony of Special Agent West.

**Request No. 13 - All complaints, correspondence, emails, and communications between any government official and any eTreppid employee, agent, principal, agent, officer Manager or Chairman relating to the criminal complaint filed by Warren Trepp or eTreppid against Dennis Montgomery.**

In the Matter of the Search of: The Residence Located at
12720 Buckthorne Lane, Reno, Nevada, and Storage Units
136, 140, 141, 142, and 143, Double R Storage, 888 Maestro
Drive, Reno, Nevada.
3:06-CV-0263-BES-VPC
August 11, 2006
Page 5

The Court finds that to the extent that the government has documents in its possession responsive to this request, the government will produce them via facsimile by the close of business today.  In the event some documents are too voluminous to producevia facsimile, they will be made available for the movants' review.

**Request No. 14 - All of Warren Trepp's emails, correspondence, and communications of every nature and description with Ronald Bath, Paul Hareldson, James Gibbons, Michael Milken, Douglas Frye, Michael West, and any agent or employee of any governmental agency.**

The Court finds that to the extent any of this information has relevance, counsel for the movants has leave to ask Special Agent West at the final sealed evidentiary hearing set for Thursday, August 17, 2006 at 8:30 a.m.

The Court advises counsel for eTreppid that any document produced shall be provided under seal and not disclosed; however, to the extent counsel for the government wishes to review produced documents, he shall have leave to do so.

3:37 p.m.  Counsel for eTreppid is excused from this hearing.

The Court advises the parties that the final sealed evidentiary hearing will begin at **8:30 a.m.** on **Thursday, August 17, 2006.**

The Court directs the parties to meet and confer regarding how much time each will need to complete the examination of Special Agent West, and shall submit to chambers a pretrial hearing statement no later than **Tuesday, August 16, 2006.**  To the extent any disputes arise counsel shall so advise in the pretrial hearing statement.

3:40 p.m.  Court adjourns.

LANCE S. WILSON, CLERK

By:_____/s/_____
Lisa Mann, Deputy Clerk