FILED
NOV  2006
U.S. MAGISTRATE JUDGE
DISTRICT OF NEVADA
BY_____DEPU

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In the matter of the search of:<br>12720 BUCKTHORNE LANE,<br>RENO, NEVADA,<br>and<br>888 MAESTRO DRIVE, RENO,<br>NEVADA, STORAGE UNITS<br>136, 140, 141, 142, and 143. | 3:06-CV-0263-LRH (VPC)<br>3:06-MJ-0023-VPC<br><br>**ORDER** |

Before the court is eTreppid Technologies, LLC's ("eTreppid") motion for return of seized property pursuant to Federal Rule of Criminal Procedure 41(g) (#72). Dennis Montgomery, his wife and family trust ( the "Montgomerys") opposed (#84). The Court has thoroughly reviewed the record and the motion and for the reasons stated below declines to exercise equitable jurisdiction over eTreppid's motion (#72).

## I. HISTORY & PROCEDURAL BACKGROUND

Dennis and Brenda Montgomery ("Montgomery") own a home located at 12720 Buckthorne Lane, Reno, Nevada and lease storage space located at 888 Maestro Drive, Reno, Nevada, storage unit numbers 136, 140, 141, 142, and 143 (Montgomery motion, March 10, 2006) (#21). On March 1 and March 3, 2006, the Federal Bureau of Investigation ("FBI") searched both the residence and storage units pursuant to search warrants. *Id.* This court granted the Government's motion to seal the search warrants and affidavits because the Government argued that the information contained therein related to national security classified materials and proprietary intellectual property (#3, 14).

The FBI first became involved in investigating Dennis Montgomery based on a complaint made by Warren Trepp, Management Committee Chairman of eTreppid Technologies, LLC, of Reno, Nevada (#1). Trepp alleged that Dennis Montgomery, Chief Technical Officer of eTreppid, removed eTreppid computer equipment and storage media containing source code files derived from eTreppid's development efforts relating to data compression and pattern recognition software, removed hard disk drives containing secret information provided by the Department of

Defense ("DOD"), and systematically deleted all source code[1] files from the remaining eTreppid data servers, all in violation of 18 U.S.C. § 1832, Theft of Trade Secrets, and 18 U.S.C. § 793(e), Unlawful Retention of National Defense Information. *Id.*

On March 10, 2006, Montgomery filed a motion to unseal the search warrants and affidavits and for the return of property pursuant to Fed. R. Crim. P. 41(g) and for the segregation and sealing of all attorney-client privileged materials seized (#21). This motion is currently pending before the court. On September 15, 2006, eTreppid filed its motion seeking return of the seized property to eTreppid (#72). On October 16, 2006, Montgomery filed an opposition (#84); however, Montgomery did not serve eTreppid with the opposition because these proceedings are sealed. Legal ownership of the property seized pursuant to the search warrants is claimed by both Montgomery and eTreppid and is contested in separate federal civil actions. *See Dennis Montgomery, et al. v. eTreppid Technologies, Inc., et al.*, 3:06-CV-0056-LRH (VPC) and *eTreppid Technologies, Inc., et al., v. Dennis Montgomery, et al.*, 3:06-CV-0145-LRH (VPC),.

## II. DISCUSSION & ANALYSIS

### A. Discussion

Federal Rule of Criminal Procedure 41(g) generally is used to seek the return of property after an indictment is issued; however, "district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant." *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993). "These motions are treated as civil equitable proceedings, and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction." *Id.*

Before the court can reach the merits of a pre-indictment motion pursuant to Rule 41(g), the court must consider whether: (1) "the Government displayed callous disregard for the constitutional rights of the movant; (2) the movant has an individual interest in and need for the property he wants returned; (3) the movant would be irreparably injured by denying return of the

---

[1] Montgomery asserts that the term "source code" is meaningless and that the Montgomery Family Trust owned the software pursuant to copyrights filed years before Montgomery's involvement with Trepp (#21).

property; and (4) the movant has an adequate remedy at law for the redress of his grievance." *U.S. v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) (internal citations omitted). If the balance of equities favors reaching the merits, the court should exercise its equitable jurisdiction to entertain the Rule 41(g) motion. *Ramsden*, 2 F.3d at 326.

**B. Analysis**

In its Rule 41(g) motion, eTreppid requests the return of the property seized from Montgomery's premises pursuant to the FBI search warrants, arguing that eTreppid is the owner of the property and thus entitled to lawful possession (#72). eTreppid argues that it has standing to bring this motion because it is a "party aggrieved" by the deprivation of the property. *Id.*

As an initial matter, the Court notes that this proceeding is sealed. eTreppid is not a party and neither eTreppid nor its counsel has been privy to the evidentiary hearings or the papers filed in this case. Nevertheless, the Court will discuss the equitable jurisdiction factors for the limited purpose of determining whether to exercise jurisdiction over eTreppid's motion.

Since this is a pre-indictment motion for return of property, the court may, at its discretion, exercise equitable jurisdiction pursuant to the *Kama* factors. Regarding the first factor, eTreppid specifically contends that the March 1 and 3, 2006 searches of Montgomery's house and storage units was lawful (#72). Moreover, eTreppid does *not* contend that the searches violated eTreppid's constitutional rights. *Id.* Indeed, eTreppid was not a party to the search warrant nor were its premises searched. Thus, this factor weighs against the court exercising equitable jurisdiction.

The second factor pertains to ownership interests. Both eTreppid and Montgomery claim an ownership interest in the seized property and argue that they need the computers for use in their businesses. However, the legal ownership issue is the subject of at least two pending civil proceedings involving, among other things, the interpretation of private contracts and ownership agreements and the determination of who owns copyright and trade secret information. Although eTreppid cites a number of cases in support of its motion, it does not cite, and the court is unable to find, any cases that permit this court to determine these complex ownership issues in a pre-

indictment Rule 41(g) motion setting. eTreppid cites *United States v. Hess*, 982 F.2d 181 (6th Cir. 1992), which resolved the ownership issue in a Rule 41(g) context. However, that was a *post-indictment* case; therefore, the court did not address jurisdiction or standing issues. A pre-indictment Rule 41(g) motion pursuant to the court's equitable jurisdiction is not the forum in which to decide these ownership issues, particularly in light of the ongoing civil litigation in which these issues are central to the disputes. This factor weighs against the court exercising equitable jurisdiction.

Regarding the third factor, eTreppid argues that it will be irreparably harmed if the court denies return of the property to eTreppid (#72). eTreppid contends that "Montgomery misappropriated this property from eTreppid's facilities because eTreppid did not give him permission to take possession of these computer hard drives" and that as such, it is suffering "continuous operating losses and lost business opportunities." *Id.* However, whether Montgomery "misappropriated" the property or whether Montgomery had legal right to the property will be decided in civil proceedings as noted above. Nevertheless, eTreppid does make a number of arguments that show it might be harmed without the return of the property. eTreppid lists business losses, the possibility that Montgomery will delete information, and the possibility that Montgomery will have access to eTreppid's trade secrets should he obtain possession to the property. Montgomery also contends that he will be harmed without the property because he owns the trade secrets on the hard drives and needs the property for his own business. It is fairly clear that the proper owner, whoever that may be, would be injured by the court's failure to return the property. However, as noted above, without knowing to a certainty to whom who the property belongs, the court cannot conclude that eTreppid will suffer irreparable harm. This factor weighs against eTreppid.

Finally, eTreppid argues that it does not have an adequate remedy at law to redress the injury caused by the deprivation of the property. eTreppid contends that the Government refuses to return the property without a court order because of pending court proceedings. Citing *Ramsden* for the proposition that when the Government does not plan to prosecute, the party seeking return of his or her property has no recourse and a court should exercise equitable

jurisdiction, eTreppid argues that it has no remedy because the Government has not brought an investigation or an action against it in which it may challenge the Government's possession of the property. However, *Ramsden* is distinguishable because here, unlike *Ramsden*, eTreppid was not the subject of the search warrant. Further, unlike *Ramsden*, eTreppid *does* have an adequate remedy at law through the civil cases currently pending that will determine ownership of the disputed property.

### III. CONCLUSION

The Government seized the property from Montgomery's premises, not eTreppid's. eTreppid was not the subject of the search warrant, and it is not clear that eTreppid even has standing to request the return of the property. Moreover, there are two pending civil proceedings that will resolve whether eTreppid or Montgomery owns the property in dispute. This proceeding is sealed and limited to the Government and Montgomery. eTreppid has not shown (1) a violation of its constitutional rights, (2) that it owns the property or (3) that it does not have an adequate remedy at law. This court concludes that the equities do not balance in favor of eTreppid and declines to exercise equitable jurisdiction.

Based on the foregoing and for good cause appearing,

**IT IS ORDERED** that eTreppid's motion for return of seized property pursuant to Federal Rule of Criminal Procedure 41(g) (#72) is **DENIED**.

**IT IS FURTHER ORDERED** that although this proceeding is sealed, eTreppid shall be provided a copy of this order.

**IT IS SO ORDERED.**

Dated this 28th day of November, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

- 5 -



# United States District Court

### District of Nevada
Bruce R. Thompson U.S. Courthouse and Federal Building
400 South Virginia Street, Room 404
Reno, Nevada 89501

Chambers of Valerie P. Cooke
United States Magistrate Judge

Telephone: (775) 686-5855
Facsimile: (775) 686-5864

## FAX TRANSMITTAL

DATE:   November 28, 2006

THE FOLLOWING PAGES ARE BEING FAXED TO:

NAME:   Michael J. Flynn, Esq.  (#1-888-235-4279)
        Phillip Stillman, Esq. (#1-888-235-4279)
        Ronald Logar, Esq.  (#786-7544)
        Eric A. Pulver, Esq. (#786-7544)
        Paul Pugliese, Esq. (#784-5181)
        Jerry Snyder, Esq. (#786-6179)

RE:     In the Matter of the search of 12720 Buckthorn Lane

NUMBER OF PAGES INCLUDING COVER SHEET:  6

FROM:   The Honorable Valerie P. Cooke
        United States Magistrate Judge

PHONE:  (775) 686-5855

FAX NO.:  (775) 686-5864

If you do not receive all the pages indicated above or the message is poorly received, please contact our office as soon as possible at the phone number above. If the reader of this message is not the intended recipient, please contact our office as soon as possible at the phone number listed above.

ADDITIONAL COMMENTS:

## TRANSACTION REPORT
NOV/28/2005/M 04:35 PM

BROADCAST

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|----------|----------|------|-----------|---|------|
| 001 | NOV/28 | 04:22PM | 918882354279 | 0:02:10 | 6 | OK | ECM | 0014 |
| 002 |  | 04:24PM | 97867544 | 0:01:17 | 6 | OK | SG3 | 0014 |
| 003 |  | 04:26PM | 97845181 | 0:01:58 | 6 | OK | SG3 | 0014 |
| 004 |  | 04:28PM | 97866179 | 0:03:29 | 6 | OK | G3 | 0014 |
| TOTAL |  |  |  | 0:08:54 | 24 |  |  |  |



# United States District Court
**District of Nevada**

Bruce R. Thompson U.S. Courthouse and Federal Building
400 South Virginia Street, Room 404
Reno, Nevada 89501

Chambers of Valerie P. Cooke
United States Magistrate Judge

Telephone: (775) 686-5855
Facsimile: (775) 686-5864

## *FAX TRANSMITTAL*

DATE:   November 28, 2006

THE FOLLOWING PAGES ARE BEING FAXED TO:

NAME:   Michael J. Flynn, Esq. (#1-888-235-4279)
Phillip Stillman, Esq. (#1-888-235-4279)
Ronald Logar, Esq. (#786-7544)
Eric A. Pulver, Esq. (#786-7544)
Paul Pugliese, Esq. (#784-5181)
Jerry Snyder, Esq. (#786-6179)

RE:   In the Matter of the search of 12720 Buckthorn Lane

NUMBER OF PAGES INCLUDING COVER SHEET:  6

FROM:   The Honorable Valerie P. Cooke
United States Magistrate Judge

PHONE:   (775) 686-5855

FAX NO.:   (775) 686-5864

If you do not receive all the pages indicated above or the message is poorly received, please contact our office as soon as possible at the phone number above. If the reader of this message is not the intended recipient, please contact our office as soon as possible at the phone number listed above.

ADDITIONAL COMMENTS: