# SEALED

109



1 | DANIEL G. BOGDEN
United States Attorney
2 | STEVEN W. MYHRE
RONALD RACHOW
3 | Assistant United States Attorneys
District of Nevada
4 | 100 West Liberty Street, Ste. 600
Reno, Nevada 89501
5 | 775-784-5438

6

7 | UNITED STATES DISTRICT COURT

8 | DISTRICT OF NEVADA

9

10 | IN THE MATTER OF THE SEARCH OF:     )     3:06-CV-0263-LRH-VPC
                                      )     3:06-MJ-0023-VPC
11 | The Residence Located at 12720         )
Buckthorn Lane, Reno, Nevada, and     )     GOVERNMENT'S MOTION TO STRIKE
12 | Storage Units 136, 140, 141, 142, and 143,  )  PLEADINGS FILED BY "MICHAEL
Double R. Storage, 888 Maestro Drive,  )     JAMES FLYNN, ESQ." AND TO
13 | Reno, Nevada.                         )     PRECLUDE PRO HAC VICE ADMISSION
                                      )     OF "MICHAEL JAMES FLYNN, ESQ."
14

15 |     The United States hereby moves, pursuant to this Court's Local Rules IA 4-1(c), IA 10-1, and

16 | IA 10-2(I), to strike all pleadings filed in the above-captioned matter by Michael James Flynn

17 | ("Flynn"), on the grounds that (1) Flynn is not admitted to practice in this Court, (2) Flynn has neither

18 | sought nor obtained this Court's permission to appear pro hac vice in this case, and (3) Flynn has filed

19 | papers in this Court containing misleading statements and false, scandalous material.  Upon these

20 | grounds the United States also seeks preclusion of Flynn's admission pro hac vice in this matter.

21 | **FACTUAL AND PROCEDURAL BACKGROUND**

22 |     1.   Execution of Search Warrants.

23 |     In early March, 2006 agents of the Federal Bureau of Investigation executed search warrants

24 | on the premises located at 12720 Buckthorn Lane in Reno, Nevada, and storage units 136, 140, 141,

25 | 142 and 143 located at 888 Maestro Drive in Reno, Nevada.

26

2.    Unauthorized Appearance of Michael James Flynn

On March 10, 2006, Dennis Montgomery, Brenda Montgomery, and the Montgomery Family Trust (collectively "Montgomery") filed a motion to unseal the search warrant affidavits, return property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, and segregate and seal certain materials claimed to be privileged or to contain trade secret material seized during execution of the search warrants.  The motion was filed on their behalf by "Michael J. Flynn, Attorney for Dennis Montgomery."  The motion lists Flynn's address as "P.O. Box 690, Rancho Santa Fe, CA 92067," but does not list a California or Nevada state bar number.[1]  It does, however, represent that Flynn is a member of the Massachusetts bar and lists his Commonwealth of Massachusetts bar number as 172780.  *Id.*  The certificate of service attests that Flynn is "admitted pro hac vice in ... the related civil cases, U.S.D. Reno 3:06-CV-00056 and 3:06-CV-000145," but does not attest to his admission pro hac vice in the instant case.  In fact, Flynn has *not* petitioned for admission pro hac vice in the instant matter, despite having filed numerous pleadings on behalf of Dennis Montgomery.

3.    Apparently Misleading Statements

In *Montgomery, et al v. eTreppid Technologies, Inc.*, this Court's Case No. 3:06-CV-00056, and *Etreppid Technologies, LLC, v. Montgomery, et al.*, this Court's Case No. 3:06-CV-00145, Flynn filed a "Verified Petition for Permission to Practice Pro Hac Vice" on February 21, 2006 and April 4, 2006, respectively.[2]  This Court granted both of those petitions.

Flynn's verified pro hac vice petitions state that Flynn "regularly practices law" in Massachusetts.  Verified Petition at 2.  It appears, however, that Flynn does not "regularly practice"

---

[1] Local Rule 10-2(a) requires an attorney to set forth the "Nevada State Bar number, if any" on the first page of every paper presented for filing.

[2] The petition in Case No. 3:06-CV-00145 merely incorporates by reference the petition in Case No. 3:06-CV-00056.  Page references are to the former.

1  in Massachusetts, and has not maintained a practice there for many years. A search of Westlaw

2  "ALLFEDS," "ALLSTATES," and "DOCK-ALL" databases for "Michael J. Flynn" and "Michael

3  James Flynn" yields no references to Flynn as a Massachusetts attorney any later than 1991.[3] Such

4  searches did, however, yield numerous cases since 1997 referring to Flynn as a California attorney.[4]

5  　　　In his verified petitions for admission pro hac vice in Case Nos. 3:06-CV-00056 and 3:06-CV-

6  00145, Flynn listed his residential address as "16843 Via De Santa Fe, Rancho Santa Fe, CA 92067,"

7  and listed his law firm and office address as "Flynn & Stillman, One Center Plaza, Boston, MA," with

8  no zip code and a telephone number of (858) 775-7624.[5] Verified Petition at 1. According to Kiara

9  Regan, tel. (617) 425-7580, assistant to the Leasing Director for the One Center Plaza building in

10 Boston, there is no tenant at One Center Plaza by the name of "Flynn & Stillman," and no reference

11 to Flynn in any existing leasing records. Ms. Regan stated, however, that there is a tenant by the name

12 of Picardi, Lapping & Sheridan in Suite 240. The telephone number for Picardi, Lapping & Sheridan

13 is (617) 720-2700, the same number listed for "Michael J. Flynn, Esq." on Flynn's letterhead. Calls

14 to that telephone number are answered by a voice mail message which states that the caller has

15 reached "the law offices of William A Sheridan."

16 　　　Pleadings filed by Flynn in this case list his address as a post office box number in Rancho

17

18

---

19 [3]*Smyly v. Hyundai Motor America*, 762 F.Supp. 428 (D.Mass. 1991).

20 [4]

21 In *Michael J. Flynn, et al v. Superior Court*, 57 Cal.App.4th 990, 992, 67 Cal.Rptr.2d 491, 492
   (1997), the appellate decision describes an incident in 1995 in which Flynn, a partner in the

22 Rancho Santa Fe, California law firm of Flynn, Sheridan & Tabb, came upon a man removing
   bags of trash from the law firm's trash bin. This man allegedly tried to run Flynn over with his

23 van. *Id.* Notably, Flynn was represented in the appeal by Phillip H. Stillman of the firm "Flynn,
   Sheridan, Tabb & Stillman." *Id.* at 991, 67 Cal.Rptr.2d at 491.

24 [5]

25 The 858 area code is for telephone numbers in the vicinity of San Diego County, California.

26

Santa Fe, California.[6] His letterhead does not refer to "Flynn & Stillman," but rather states "Michael J. Flynn, Esq." and gives both the post office box in Rancho Santa Fe, California, and "One Center Plaza, Suite 240" in Boston as his addresses. The letterhead states that Flynn is "admitted only in Massachusetts." The Massachusetts Board of Bar Overseers has one listing for a "Michael J. Flynn," but lists his address as "Law Offices of William A. Sheridan, One Center Plaza, Suite 240, Boston, MA 02108," with a telephone number of (617) 720-2700.[7]

This Court also granted the petition of Phillip H. Stillman, Esq., to appear pro hac vice in Case Nos. 3:06-CV-00056 and 3:06-CV-00145. Although Stillman also states that he is with the firm of "Flynn & Stillman," he lists the office address for "Flynn & Stillman" as 224 S. Birmingham Dr., Cardiff, CA 92007," with the telephone number (888) 235-4279.

4.    False and Scandalous Statements

On December 3, 2006, in the instant case, Flynn filed a document captioned "MONTGOMERY'S OBJECTION TO THE GOVERNMENT'S 'MOTION FOR CLARIFICATION' AND REQUEST TO HOLD THE GOVERNMENT IN CONTEMPT." (Emphasis in original). At page 2 of that document, in footnote 1, Flynn wrote:

> Mr. Montgomery does not know the basis for the Government's motion for "clarification," and requests an opportunity to file an objection, if necessary, once he's served with it. However, *if* the Government filed its clarification to allege that the FBI is continuing its investigation, or there are further alleged state secrets concerns, that would be another sham.
>
> * * *
>
> If Montgomery is correct about the basis for the Government's motion, then it appears the ONLY reason Reno U.S. Attorney Bogden is continuing to investigate Mr. Montgomery is because he (Bogden) is trying to pin something, anything, on

---

6

This Court's Local Rule IA 10-1(b)(1), which applies to the practice of attorneys before this Court who are admitted in Nevada but do not maintain Nevada offices, states that "[a] post office box ... shall not constitute an office."

[7]Source: http://massbbo.org/bbolookup.php

4

1    Montgomery because Montgomery has blown the whistle on the combined misconduct
     of Trepp, Congressman Gibbons and Attorney Bogden. **Highly credible evidence** (in
2    fact, incontrovertible evidence) will show that *after* Trepp and Mr. Montgomery had
     their falling out and sued each other, Trepp called his "close personal friend"
3    Congressman Gibbons, and Gibbons then called his friend Reno U.S. Attorney
     Bogden, who then put the full force of the Reno FBI and U.S. Attorneys office behind
4    Trepp, and went after Montgomery on fabricated charges. Attorney Bogden will have
     to explain *why he used the power of his office to do a favor for his friend Congressman*
5    *Gibbons, which violated the law;* and Mr. Montgomery respectfully asks that this
     Court stop Attorney Bogden from continuing to improperly use his office, the power
6    of the Government, and this case, as a means to cover his (Bogden's) tracks.

7    (Emphases in original.) Thus, Flynn filed a pleading in this Court seeking a contempt citation against

8    the United States based upon allegations that United States Attorney Daniel Bogden (1) filed sham

9    pleadings, (2) attempted to prosecute Dennis Montgomery on fabricated charges, (3) did so in

10   retaliation after Dennis Montgomery revealed misconduct by the United States Attorney and former

11   Congressman (now Governor) Jim Gibbons, (4) did so in gross abuse of the office of the United States

12   Attorney, and (5) did so in order to conceal his own misdeeds.[8]  These statements are uniformly

13   without any evidentiary foundation. Despite his representation that he had "incontrovertible evidence"

14   to prove these baseless and outrageous allegations, Flynn has not come forward with any evidence.

15   No such evidence exists because the statements are uniformly false.

16       Flynn repeated and expanded upon his false conspiratorial allegations in "DECLARATION

17   OF ATTORNEY MICHAEL J. FLYNN IN SUPPORT OF EX PARTE MOTION TO SHORTEN

18   TIME AND MOTION TO UNSEAL," filed in this matter on January 19, 2007. In that filing (again,

19   made without obtaining pro hac vice admission in this case), Flynn states repeatedly that the Nevada

20   _____

     [8]

21   It was not Flynn's first allegation of conspiracy in the course of litigation. During the 1980's,
     while representing individual plaintiffs in civil actions against the Church of Scientology, Flynn
22   accused the church of sabotaging his private plane by putting water in the fuel tank. *See Church*
     *of Scientology of California v. Flynn*, 744 F.2d 694, 695 (9th Cir. 1984). Flynn's statements led
23   to a defamation action. In 1982, Flynn accused the church of "infiltrat[ing] the courthouse" in
     order to "intercept the mailed check" that Flynn had supposedly sent to cover a filing fee. *See*
24   *Church of Scientology of California v. Flynn*, 578 F.Supp.266, 267 (D. Mass. 1984). Again,
     Flynn's accusation resulted in a defamation action.
25

26                                                      5

1   United States Attorney is "corrupt," is abusing its power to serve "the personal and political agendas

2   of individuals at the highest levels of Government," and is concealing its own misconduct.

3   Declaration at 8. Flynn directs these accusations expressly at "[t]he Nevada U.S. Attorney's Office,

4   former Congressman James Gibbons, and Air Force General Ronald Bath," who, along with other

5   officials, "form the core of the misconduct ...." (Declaration at 3.) Flynn cynically and fancifully

6   declares that "an internal conflict has raged within the Bush administration" with one faction "led ...

7   by a group protecting the interests of Warren Trepp including Daniel Bogden, James Gibbons, Air

8   Force General Ronald Bath and Justice Department lawyer Peter Keisler ... and their allies." *Id.* at 4-5.

9   He declares that "[t]he corruption of the Nevada U.S. Attorney's Office by James Gibbons and Warren

10  Trepp" resulted in the "illegal raid" on Montgomery's home "for the purpose of 'stealing' source

11  codes to software." *Id.* at 6. As with the allegations in his contempt motion, the allegations here are

12  without any basis in fact or evidence. Flynn cannot ethically make such outrageous allegations

13  without adducing any evidence outside of his own musings. There simply is no evidence to support

14  the allegations in his declaration because none exists.

15      On February 5, 2007, Flynn filed in this case a pleading captioned, "MONTGOMERY'S

16  REPLY TO HIS MOTION TO UNSEAL THESE PROCEEDINGS FORTHWITH." In this pleading,

17  Flynn states that the United States' response to his underlying motion "is a sham;" that the response

18  consisted of "boilerplate assertions" that were "obviously false;" that Flynn "has reason to believe"

19  that the Department of Justice has "ordered" the United States Attorney to "to 'stand down' in

20  connection with any investigation of Mr. Montgomery;" and that the United States Attorney is "under

21  investigation" for making an "improper filing" in this case. Again, notwithstanding the failure to seek

22  permission to appear pro hac vice in this matter, Flynn has filed a pleading which contains false,

23  outrageous accusations not befitting an attorney who appears before this Court.

24      Flynn in fact has no evidence to support his supposed "reason to believe" that the Department

25  of Justice has "ordered" anything in regard to any investigation. In fact, in his letter to the Department

26                                              6

of Justice of February 7, 2007 (Exhibit 1), regarding the investigation of Montgomery, Flynn states:

> As you also know, I have filed a complaint with the Public Integrity Section of the Department of Justice and placed the Bush Administration and the Department of Defense on notice of these matters.  To date I have received *no response from anyone.* Yet, I continue to believe that *someone* in our Government will do the right thing, confront the issues, and resolve these matters in accordance with our laws.

(Emphasis in the original)

Thus, Flynn complains in his February 7 letter that he "received no response from anyone" at the Department of Justice about an investigation involving Montgomery while, at the same time, in his February 5 pleadings he states that he has reason to believe that the USAO has been ordered to "stand down."  Both statements cannot be true.  If the Department of Justice has told him nothing, as he admits, there is no basis for his supposed belief.

Flynn has not confined his pejorative comments and false, conspiratorial accusations to court filings.  In the February 7 letter referenced above (attached at Exhibit 1), Flynn states among other things that: the United States Attorney perpetrated a "patently corrupt and abusive miscarriage of justice" in this case (page 2); Government witnesses recited "fabrications and falsehoods" in the affidavits supporting the search warrants in this case (page 2); the United States Attorney "continues to mislead" this Court regarding an order issued in December, 2006 by Magistrate Judge Cooke (page 2); the United States Attorney has engaged in "continued deceit"and "the concealment of vital facts that the American people have a right to know" (page 2); "corruption" by the Nevada United States Attorney's Office has "jeopardized" the security of our citizens "relating to the war on terror" (page 2); this Court's failure to unseal the record in this case is causing the loss of life of American soldiers (page 3); Flynn has "reason to believe" that the United States Attorney's Office "collud[ed] with the attorneys for Warren Trepp (page 3); the United States Attorney's Office submitted and signed pleadings that "had actually been prepared by Warren Trepp's attorneys" (page 3); and that collusion by the United States Attorney is an "obstruction of justice" which "may implicate" "other crimes and rule violations" and amounts to "an egregious, ex parte attempt to prejudice Judge Hicks on the

7

pending appeal of Judge Cooke's Order" (page 3). The letter concludes by accusing President Bush's administration of "either unwarranted complacency, ineptitude, or worse."

On Thursday, February 8, 2007, Flynn sent yet another letter to the Nevada United States Attorney repeating most of the outrageous allegations noted above, and further scandalizing the Nevada United States Attorney's Office by likening the office to the Gestapo. *See* Exhibit 2. This letter followed a telephone call that AUSA Robert Ellman placed to Montgomery's local counsel – Logar & Pulver– to ask whether local counsel had read Flynn's pleadings before they were filed. Local counsel refused to answer AUSA Ellman's question. On February 9, 2007, the USAO received a letter from the local firm of Logar & Pulver reciting the same allegations as Flynn but refusing to answer whether the firm undertook its responsibility of reviewing the pleadings before they were filed.

## ARGUMENT

The pleadings filed by Flynn in this matter should be stricken and Flynn should be precluded from making any further appearances in this matter. As a threshold matter, he has not filed a petition to appear pro hac vice in this case, choosing instead to refer to the Rule 41 motion at issue here – a proceeding filed under the Rules of Criminal Procedure in response to the execution of a duly authorized search warrant – as "related" to a civil case to which the United States is not a party. Whatever his basis for believing the two are "related," his beliefs do not excuse his failure to file a petition to appear pro hac vice here.

More to the point, an examination of his petition in the supposedly "related" civil cases shows that, at best, he has not been candid with the Court as to who he is and his qualifications to practice law. Flynn's Petition states that he is associated with the firm of Flynn & Stillman that is supposedly located at One Center Plaza, Boston, Massachusetts. But, there does not appear to be any firm by the name of Flynn & Stillman located at that address. Stillman's petition, on the other hand, shows that "Flynn & Stillman" is supposedly located in Cardiff, California.

Flynn's petition states that he supposedly practices law regularly in Massachusetts. Yet, he

8

1  lists his residence as Rancho Sante Fe, California, and uses a Post Office Box – rather than an Office

2  address – located in California to receive his mail.  Flynn is referred to in reported cases in California

3  as a California attorney and database searches do not reveal any recent cases in Massachusetts where

4  Flynn has appeared as an attorney.

5       In sum, his petition for a admission pro hac vice is misleading and perhaps outright deceptive.

6  It is, at all events however, indicative of his lack of candor to the Court and when considered in

7  conjunction with the outrageous and untruthful pleadings he has filed in this case, demonstrates his

8  willingness to file pleadings without regard to facts.

9       Rule 11(b), Federal Rules of Civil Procedure, proscribes the filing of false and scandalous

10  pleadings.  And the Court is fully within its authority to revoke or preclude Flynn's pro hac vice

11  appearance on that basis alone.  *See  U.S. v. Collins*, 920 F.2d 619, 633 (10th Cir. 1990) (criminal

12  defense attorney's pro hac vice appearance revoked where attorney argued unsupportable theories).

13  After appearing in this case in violation of this Court's rules, Flynn filed two pleadings in which he

14  falsely accused the United States Attorney of personally committing acts which would not only violate

15  the Rules of Professional Responsibility, but which would constitute felonies.  The pleadings speak

16  for themselves and, on their face, are not worthy of belief, let alone supported by any evidence that

17  Flynn can advance.  Simply put, they are outrageous and apparently designed to do nothing more than

18  transform a civil proceeding into a carnival to showcase an extremely cynical and paranoid view of

19  the world that is divorced from reality.

20       This is even more apparent when viewed in conjunction with his recent correspondence of

21  February 8, 2007, to the U.S. Attorney, in which, among other outrageous things, he accuses Mr.

22  Ellman of the U.S. Attorney's office of engaging in "Gestapo" tactics, designed to "threaten and

23  intimidate [Flynn]."  The so-called "Gestapo" tactics to which he refers was a telephone call to local

24  counsel's office – Logar & Pulver and not Flynn – to ask whether local counsel had undertaken his

25  duty to read the pleadings of Flynn before they were filed – a question local counsel refused to answer.

26

9

The use of the term "Gestapo" to describe government actions in this, or any other context, is debasing and degrading and reflects a state of mind that has taken a serious departure from reality. A similar posture and tack appears to have been taken by the Logar & Pulver firm as evidenced by its letter of February 9, which engages in the same diatribe as Flynn's letters.

This Court and the government can expect more of the same in the event Flynn is not held accountable for his actions. Responding to such nonsense is an unnecessary and brutal waste of time and resources. The Court should not invite further pleadings along this vein by allowing Flynn to appear pro hac vice when he has demonstrated his willingness to abandon all ethical responsibilities as an officer of the court in favor of engaging in fantasy pleadings.

Flynn's appearance without this Court's permission provides grounds for striking the pleadings he has filed to date in the above-captioned matter, and his false and scandalous statements are grounds for precluding Flynn from appearing or filing additional papers in this case. If Flynn is in fact an attorney, then as an officer of the Court he is under a duty to be truthful and candid. Because he has violated that duty, he should be precluded from futher appearances and his pleadings should be stricken.

Rule IA 4-1(c) of this Court's Local Rules states that this Court "may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney ... who, without just cause ... fails to comply with these rules." Under Rule IA 10-1(a) of this Court's Local Rules prescribes the requirements for admission to practice in this court, and conditions eligibility upon, among other things, "admission to practice before the Supreme Court of Nevada." Flynn is not admitted to practice before the Supreme Court of Nevada.

An exception to Local Rule IA 10-1(a) applies to attorneys who are not members of the Nevada bar who seek admission to practice in a particular case. *See* Local Rule IA 10-2(a). Flynn petitioned under the pro hac vice exception in Local Rule IA 10-2 in order to appear in Case Nos. 3:06-CV-00056 and 3:06-CV-00145. Again, he violated Local Rule IA 10-1(a) by appearing in this

case without being admitted to practice before this Court and without seeking permission to appear pro hac vice. Under Local Rule IA 10-2(b)(9), an attorney admitted pro hac vice must "comply with the standards of professional conduct of the State of Nevada and all other standards of professional conduct required of members of the bar of this Court." Practice under the pro hac vice rule "is discretionary" and subject to revocation. *See* Local Rule IA 10-2(i).

Under Rule 3.3(a)(1) of the Nevada Rules of Professional Conduct, a lawyer "shall not knowingly ... make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Rule 3.1 of the Nevada Rules of Professional Conduct states that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous ...." Flynn's above-quoted statements in the pleading he filed on December 3, 2006, were false. His allegations lacked any basis in fact and were, at best, frivolous. Accordingly, he has violated Rules 3.3(a)(1) and 3.1 of the Nevada Rules of Professional Conduct and, therefore, Local Rule IA 10-2(l) of this Court.

Both Local Rule IA 4-1(c) and Ninth Circuit case law afford a pro hac vice attorney "notice and opportunity to be heard" prior to revocation of pro hac vice admission. *See Cole v. District Court*, 366 F.3d 813, 821 (9th Cir. 2004) (treating revocation of pro hac vice admission as a sanction triggering notice/opportunity requirement in the form of a show cause hearing). The notice and opportunity requirement appears to apply to applications for admission as well as revocations. *See Schlumberger Technologies, Inc. v. Wiley*, 113 F.3d 1553, 1558 (11th Cir. 1997) ("[O]nce a complaint alleging misconduct rising to the level of disbarment is made, the district court has broad discretion to deny admission pro hac vice after notice and a hearing, without necessarily finding that the misconduct actually rose to a level justifying disbarment."); *In re Evans*, 524 F.2d 1004, 1007-08 (5th Cir.1975).

/ / /

11

**CONCLUSION**

For all of the foregoing reasons, the United States respectfully requests that this Court strike all pleadings filed by Flynn in this matter and preclude his appearance before this Court pro hac vice.

DATED this 13th day of February, 2007

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

STEVEN W. MYHRE
RONALD RACHOW
Assistant United States Attorneys

12

CERTIFICATE OF SERVICE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: | )    3:06-CV-0263-LRH-VPC |
| | )    3:06-MJ-0023-VPC |
| The Residence Located at 12720 | ) |
| Buckthorn Lane, Reno, Nevada, and | )    GOVERNMENT'S MOTION TO STRIKE |
| Storage Units 136, 140, 141, 142, and 143, | )    PLEADINGS FILED BY "MICHAEL |
| Double R. Storage, 888 Maestro Drive, | )    JAMES FLYNN, ESQ." AND TO |
| Reno, Nevada. | )    PRECLUDE PRO HAC VICE ADMISSION |
| | )    OF "MICHAEL JAMES FLYNN, ESQ." |

The undersigned hereby certifies that she is an employee in the office of the United States Attorney for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on February 13, 2007, she served a copy of the attached **GOVERNMENT'S MOTION TO STRIKE PLEADINGS FILED BY "MICHAEL JAMES FLYNN, ESQ." AND TO PRECLUDE PRO HAC VICE ADMISSION OF "MICHAEL JAMES FLYNN, ESQ."** electronically to the person hereinafter named, at the place stated below, which is the last known address.

Addressee:

RONALD J. LOGAR, ESQ.
ERIC A. PULVER, ESQ.
Law Office of Logar & Pulver, PC
225 S. Arlington Avenue, Suite A
Reno, NV 89501

MICHAEL J. FLYNN, ESQ.
P. O. Box 690
Rancho Santa Fe, CA 92067

GLENDA NEWBY

13

# Exhibit 1

# MICHAEL J. FLYNN, ESQ.

P.O. BOX 690, 6125 EL TORDO
RANCHO SANTA FE, CALIFORNIA 92067

TELEPHONE (858) 759-7000 or 858-775-7624
FACSIMILE (858) 759-0711
e-mail mjfbb@msn.com

MICHAEL J. FLYNN
ADMITTED ONLY IN MASSACHUSETTS

SPECIALIZING IN
COMPLEX LITIGATION

ONE CENTER PLAZA, SUITE 240
BOSTON, MASSACHUSETTS 02108
TELEPHONE (617) 720-2700
FACSIMILE (617) 720-2709

February 7, 2007

*Via Facsimile  & U.S. Mail*

U.S. ATTORNEY, Reno, Nev.

FEB - 9 2007

RECEIVED

Alberto R. Gonzalez, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530 -001

Paul J. McNulty, Deputy Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue
Washington D.C. 20530 - 001

Edward Nucci, Acting Chief
Public Integrity Section
U.S. Department of Justice
Bond Building
Fifth and Constitution N.W.
Washington, D.C. 20530

Daniel Bogden
Personally and as the Nevada United States Attorney
100 West Liberty St., No. 600
Reno, NV 89501

Re: *Nevada U.S. Attorney's Continued Pursuit of Dennis Montgomery; and illegal collusion with attorneys for Warren Trepp* .

Gentlemen:

As set forth in prior correspondence dated March 1, 2006,  December 1, 2006,  and December 15, 2006,  and as appearing in the case of *In the Matter of the Search of 12720 Buckthorn Lane*, 3:06 -CV- 0263 - LRH (VPC), I represent Dennis Montgomery, the developer and exclusive owner of valuable technology Mr. Bogden's office tried to seize

1

from him during unconstitutional searches of his home and storage units on March 1 and 3, 2006 in Reno, Nevada. Initially, I note that none of my previous letters have been responded to by any of the addressees or by any agency of the United States Government; and that Mr. Bogden and the Department of Justice have apparently ignored my efforts to correct a patently corrupt and abusive miscarriage of justice, even though these matters admittedly involve a potentially grave danger to the national security interests of our country, as reflected in the declaration of John Negroponte.

As you also know, I have filed a complaint with the Public Integrity Section of the Department of Justice and placed the Bush Administration and the Department of Defense on notice of these matters. To date, I have received *no response from anyone*. Yet, I continue to believe that *someone* in our Government will do the right thing, confront the issues, and resolve these matters in accordance with our laws.

Notwithstanding the obvious fabrications and falsehoods recited in the search affidavits relied upon to obtain unconstitutional warrants in order to steal Mr. Montgomery's "source codes", as found by Judge Valerie Cooke, Mr. Bogden's office *to this day* continues to mislead the District Court currently reviewing Judge Cooke's "Order."

Although we understand that Mr. Bogden's office has been instructed to terminate the investigation of Mr. Montgomery and that he has been discharged as U.S. Attorney for the state of Nevada, his office recently filed the attached "Opposition" to Mr. Montgomery's Motion to Unseal the entire search case file. That Opposition once again recites that Mr. Montgomery is the subject of an "ongoing investigation" by Mr. Bogden's office. If we have an inaccurate understanding of these essential facts, please advise forthwith. Otherwise, please advise the Court immediately, in conformity with the rules and applicable disclosure requirements imposed by law, of the true and correct status of this matter. The continued deceit by the Nevada U. S. Attorney's Office operates to maintain the sealing of this case file, and hence, the concealment of vital facts that the American people have a right to know.

As recited extensively in our Motion to Unseal with the accompanying declaration of the undersigned, it is imperative for the security of our country, for the administration of justice, and for the preservation of fundamental liberties, that this entire matter be unsealed forthwith. The American people have a right to know *now* how corruption has jeopardized their security relating to the war on terror and how the Fourth amendment has been violated by public officials sworn to uphold our laws.

It is obviously preferable for the Bush administration to *now* do the right thing in this matter by: (i) unsealing the entire search case file; (ii) fully exercise the state secrets privilege forthwith in the pending civil cases (as opposed to the partial and conflicted assertion presently on file in connection with the Government's proposed protective order) in order to protect the utilization of Mr. Montgomery's technology in the war on terror; and (iii) make full use of Mr. Montgomery's technology forthwith. As proven by the demonstrable evidence, every minute of every day in which the technology is not fully

utilized results in more loss of life, particularly the loss of American soldiers. **This fact is demonstrated with the filmed assassination of our soldiers aired on al Jazeera.** As some of you may know, Mr. Montgomery's technology was successfully utilized in connection with this precise issue.

Also, please advise forthwith if Mr. Pugliese still has an appearance in this case. We have received no notification of his withdrawal, but again, we understand that he has also been discharged.

Finally, we have reason to believe that Mr. Bogden's office once again acted improperly in colluding with the attorneys for Warren Trepp during the course of this matter. More specifically, on December 4, 2006, Mr. Bogden's office filed a pleading "approximately 2" thick" under the name and signature of the U.S. Attorney's office when it had actually   been prepared by Warren Trepp's attorneys. If true, this, of course, regardless of the contents of the pleading, is in violation of numerous laws; and would constitute an egregious, ex parte attempt to prejudice Judge Hicks on the pending appeal of Judge Cooke's Order. Moreover, the collusion, in and of itself, smacks of obstruction of justice; and depending on the contents and representations in said pleadings, other crimes and rule violations may be implicated. At the very least, such improper conduct establishes the   continued corrupt use of the Nevada U.S. Attorney's office by Warren Trepp in violation of Mr. Montgomery's rights as Mr. Montgomery has alleged since last March 1, 2006 when his home was raided by Mr. Bogden on behalf of Warren Trepp and James Gibbons.

If the facts set forth herein  are true, then Mr. Bogden's continuation as Nevada U. S. Attorney until February 28, 2007, as he has reported, is incomprehensible. My very first letter to Mr. Gonzalez, Mr. Rumsfeld and others on March 1, 2006, almost one year ago, *given the vital national security issues at stake,* should  have caused *someone* responsible in our Government to address these matters. Moreover, the repeated visits of Mr. Montgomery's representatives to Mr. Cheney's office between May and December, 2006, coupled with the now established and adjudicated facts in these matters, without so much as a written acknowledgment of the issues by *someone* in the administration, suggests either unwarranted complacency, ineptitude, or worse.

Very Truly Yours,

Michael J. Flynn, Esq.

cc:   President George W. Bush
        Vice President Richard Cheney
        Peter Keisler, Dept. of Justice
        AUSA Ronald C. Rachow, Reno

3

# Exhibit 2



# MICHAEL J. FLYNN, ESQ.

P.O. BOX 680, 6125 EL TORDO
RANCHO SANTA FE, CALIFORNIA 92067

TELEPHONE (858) 759-7000 or 858-775-7624
FACSIMILE (858) 759-0711
e-mail mjfbb@msn.com

MICHAEL J. FLYNN
ADMITTED ONLY IN MASSACHUSETTS

SPECIALIZING IN
COMPLEX LITIGATION

ONE CENTER PLAZA, SUITE 240
BOSTON, MASSACHUSETTS 02108
TELEPHONE (617) 720-2700
FACSIMILE (617) 720-2709

February 7, 2007

***Via Facsimile***

Daniel Bogden U.S. Attorney and Personally
Robert Ellman, Assistant U.S. Attorney
Ronald Rachow, Assistant U.S. Attorney
 100 West Liberty St., No. 600
Reno, NV 89501

Re: *Request for Documents, In Camera Filings, and Disclosure*

Gentlemen:

Within the past several weeks, my office has received reliable information that the Justice Department in Washington, D.C. has assumed control of your so-called investigation of Dennis Montgomery, which your office has illegally conducted over the past year; and that your office has been instructed to "stand down." We further understand that the Department of Justice is now investigating Warren Trepp, James Gibbons and the conduct of your office in connection with your year long assault on Mr. Montgomery.

The most illustrative example of your unjustified, harrassive and abusive attack on Mr. Montgomery at the behest of Warren Trepp and James Gibbons is, of course, your outrageously unconstitutional raid on Mr. Montgomery's home under the pretext of overtly manufactured *but* sworn criminal charges in your now partially disclosed search affidavits. Notwithstanding Judge Cooke's "Order" issued on November 28, 2006, your apparent misconduct persists. Your office has filed a plainly frivolous appeal in order to delay the unsealing of both the search affidavits, your subsequent *in camera* filings, and the entire case file.

Most recently, on January 25, 2007, as recited in my letter of yesterday's date to Attorney General Gonzalez et al, your office has filed yet another pleading claiming that your "ongoing investigation" of Mr. Montgomery continues as set forth in your "Objections" to Judge Cooke's "Order." If, in fact your office has been instructed to "stand down," your pleading is plainly false. If our information is incorrect, Mr. Montgomery hereby requests that you provide written notice to us forthwith.

1



**E-MAILED**
2/8/07

Further, we have also received reliable information that your office filed pleadings with the Court which were allegedly prepared, at least in part, by Warren Trepp's attorneys, but submitted pursuant to Rule 11 requirements, by your office; and that this matter is currently under investigation by the Justice Department based on a complaint and notice filed by the District Court itself. If this information is incorrect, please advise my office in writing forthwith. If this information is accurate please provide forthwith a complete copy of all *in camera* filings that your office has made in this case from it's inception approximately a year ago, including but not limited to the "approximately 2" of material filed with the Court on December 4, 2006. Obviously, we cannot review and investigate filings, documents, pleadings and declarations which you have maintained under seal and/or lodged with the Court *in camera* and under seal.

The use of the sealing and in *camera* process by your office in this matter, given the demonstrably unconstitutional conduct already adjudicated by Judge Cooke, patently violates due process. In effect, the filing of secretive materials, particularly if they were prepared in part by Trepp's attorneys, in order to perpetuate an already fraudulent and unconstitutional assault on Mr. Montgomery, is unconscionable. We therefore request that you disclose forthwith all facts relating to any sealed, *in camera* filings that your office has submitted; and that you provide us forthwith all such filings.

We also note that Mr. Ellman called Mr. Eric Pulver yesterday essentially threatening and attempting to intimidate him. This, of course, is akin to Mr. Pugliese's/ Bogden's threats and intimidation last April when they had the FBI call the undersigned and Mr. Stillman threatening us with non-existent, specious, and later admitted to be unfounded charges of violations of national security laws. We respond now as we did then. Such Gestapo tactics will not work. Just as we have exposed the illegal raid on Mr. Montgomery's home, we will expose every act of deceit, malevolence and corruption routinely utilized by your office in this matter.

Finally, I address your citizenship and patriotism, particularly in connection with our Country's fight against terrorism. Mr. Montgomery is a **patriot** who continues to provide our Country with vital intelligence in the war on terror notwithstanding the efforts of your office to destroy him on behalf of Warren Trepp. Mr. Trepp is a notorious swindler. If any of you have access to any sources within the intelligence community who are aware of Mr. Montgomery's critical "output," particularly last August, then you should be ashamed of your conduct, you should stipulate to the immediate unsealing of this matter, you should fulfill our requests in this letter, and you should assist in both truth-seeking and justice. Such goals will resolve these matters very quickly. Propagating specious, adversarial positions will only prolong it.

Very Truly Yours,

Michael J. Flynn, Esq.

2