# SEALED

117

**FILED**

1  STEVEN W. MYHRE
   Acting United States Attorney
2  RONALD C. RACHOW
   Assistant United States Attorney
3  District of Nevada
   100 West Liberty Street, Ste. 600
4  Reno, Nevada 89501
   775-784-5438
5

MAR 13 2007

U.S. MAGISTRATE JUDGE
DISTRICT OF NEVADA

BY_____DEPU

6          UNITED STATES DISTRICT COURT

7              DISTRICT OF NEVADA

8

9  IN THE MATTER OF THE SEARCH OF:    )      3:06-CV-0263-LRH-VPC
                                      )      3:06-MJ-0023-VPC
10 The Residence Located at 12720     )
   Buckthorn Lane, Reno, Nevada, and  )      GOVERNMENT'S REPLY TO
11 Storage Units 136, 140, 141, 142, and 143, )  MONTGOMERY'S OPPOSITION TO
   Double R. Storage, 888 Maestro Drive,  )   THE GOVERNMENT'S MOTION TO
12 Reno, Nevada.                      )      STRIKE PLEADINGS FILED BY
                                      )      MICHAEL JAMES FLYNN, ESQ. AND TO
13 ―――――――――――――――――――――――――)      PRECLUDE  HIS  PRO  HAC  VICE
                                             APPLICATION
14

15         On February 8, 2007, the United States filed a motion to strike pleadings filed by Michael J.

16 Flynn, Esq. ("Flynn") in the above-captioned case, and to preclude Flynn from appearing pro hac vice.

17 The motion rested on three grounds: (1) Flynn is not admitted to practice in this Court, (2) Flynn has

18 neither sought nor obtained this Court's permission to appear pro hac vice in this case, and (3) Flynn

19 has filed papers in this Court containing misleading statements and false, scandalous material.  In

20 response to the government's motion, Flynn has filed a 20-page opposition (the "Opposition") and 15-

21 page declaration.

22         The Opposition does not dispute or refute the government's claims that (1) Flynn is not

23 admitted to practice before this Court, and (2) Flynn has been filing pleadings in violation of this

24 Court's pro hac vice admission requirements.  Flynn's pro hac vice applications in two other civil

25 cases are not "controlling" (Opposition at 13) and do not constitute an application in this proceeding,

26 notwithstanding Flynn's characterization of those cases as "related" to this one.  Opposition at 13-15.

117

Flynn offers no authority for his theory that this Court should infer pro hac vice admission in this case based on pro hac vice admission in other cases. Judge Trott's criticism of the Nevada District of the United States Attorney's Office ("NV-USAO") in *Weatherspoon* is irrelevant and does not excuse Flynn's non-compliance with this Court's rules. Opposition at 11-12, 14. The appropriate remedy under these circumstances, as requested in the government's motion, is to strike the unauthorized pleadings Flynn has filed in this case to date. *See* Local Rule IA 10-2(l) ("Failure to comply timely with this rule may result in the striking of any and all documents previously filed by such attorney, the imposition of other sanctions, or both.").

Flynn denies making false and scandalous representations in the pleadings he has filed. However, his opposition and accompanying declaration fail to address the substance of the false statements complained of in the government's motion. *See* Government's Motion to Strike Pleadings Filed by "Michael J. Flynn, Esq." and to Preclude Pro Hac Vice Admission of "Michael J. Flynn, Esq." at pp. 4-5 (quoting Flynn's pleading filed on 12/03/06). Rather than explaining the basis for his false and scandalous statements, Flynn repeats and embellishes them. Among the false statements in the response, Flynn represents that former United States Attorney Daniel Bogden "directly" and "personally" authorized an unconstitutional search of Flynn's client's property (page 3) at the behest of James Gibbons and for the benefit of Warren Trepp (pages 7 and n. 2, 9, 11-12, 20), and states that former Assistant United States Attorney Paul Pugliese was fired from his job (page 4). These statements are false. The Opposition does not establish or attempt to establish a good faith basis for these false statements.

Furthermore, the evidence adduced at the evidentiary hearing belies Flynn's scandalous accusations. This Court conducted an evidentiary hearing in this case in which Flynn examined FBI Special Agent Michael West, who coordinated the effort to obtain and execute the search warrant in this case. West testified that the FBI's investigation began when Air Force Special Agent Paul Harrelson referred the matter to the FBI. (Tr. 6/29/06 at 15, 31.) Harrelson told West that the Air

2

Force had investigated a report made by Trepp alleging that software "source codes" and hard drives went missing shortly after Montgomery left ETreppid's employ. (Tr. 6/29/06 at 15-16.) West testified that Trepp continued to provide information to the Air Force and FBI during the course of their respective investigations into what Trepp had reported in the first place. (*Id*. at 20-22.) After a month of investigation during which West corroborated information from Trepp, West concluded that probable cause existed and, at that point, he contacted the NV-USAO. (*Id*. at 26, 41, 43; Tr. 7/31/06 at 218; Tr. 8/17/06 at 54, 57-58.) Far from nefarious, West's testimony describes a scenario typical of the investigation-to-warrant process. Additionally, West testified that Trepp was "left in the dark about the execution of this search warrant" and was "totally unaware" that West "had sought the United States Attorney's assistance in getting a search warrant." (Tr. 6/29/06 at 80.) He also testified that Trepp "had no input into [West's] search warrant affidavit." (Tr. 7/31/06 at 198.)

Flynn's efforts to corroborate his collusion theory failed utterly. West testified that he had "no knowledge of Gibbons whatsoever." (Tr. 8/17/06 at 157.) Flynn's inquiry on this topic reached a dead end, producing nothing to suggest any improper conduct by the NV-USAO, and nothing to suggest a connection between the NV-USAO and either Trepp, ETreppid or Gibbons. (*Id*. at 157-60.)

There is a complete absence of any evidence to establish the "connection" Flynn claims exists between Trepp, Gibbons, and former United States Attorney Bogden. Despite West's testimony refuting Flynn's collusion theory, Flynn persists in his false, scandalous accusation that "Attorney Bogden ... used the power of his office to do a favor for his friend Congressman Gibbons, which violated the law," and that "Gibbons ... called his friend Reno U.S. Attorney Bogden, who then put the full force of the Reno FBI and U.S. Attorneys office behind Trepp, and went after Montgomery on fabricated charges." Montgomery's Objection to the Government's 'Motion for Clarification" and Request to Hold the Government in Contempt" at 2, n. 1 (filed December 3, 2006).

Flynn's notion that the United States filed the pending motion in "retaliation" is an extension of his false and baseless theory that the NV-USAO applied for a search warrant as favor to Warren

3

Trepp and/or James Gibbons. The bases for the pending motion–as stated therein and repeated here–are that this Court has not authorized Flynn to file any of the pleadings that he has filed in this case, and that those pleadings contain false and scandalous material. Nothing else is relevant to the adjudication of the motion. Flynn's accusatory tirade does not substantiate his false representations.

Flynn devotes 12 pages of his response to (1) demanding that the United States address his false and irrelevant allegation that the Department of Justice has ordered the NV-USAO to "stand down" with respect to an investigation of Flynn's client, Montgomery; (2) hypothesizing that the NV-USAO is trying to ferret out information related to Montgomery's civil litigation; (3) alluding to telephone calls and correspondence Flynn initiated with various Department of Justice officials concerning Flynn's allegations of misdeeds and misconduct by former United States Attorney Daniel Bogden and the NV-USAO; and (4) citing newspaper articles concerning the relationship between Warren Trepp and James Gibbons. None of this material sheds any light on the false statements Flynn made in his unauthorized pleadings. Flynn also cites excerpts from Magistrate Judge Cooke's decision concerning Montgomery's Rule 41(g) motion. *See* Opposition at 3, 7-8, 13-14. While that decision was adverse to the United States, it does not make Flynn's false statements true. Neither does the fact that the United States did not object earlier to Flynn's unauthorized pleadings (Opposition at 13-14).

The Opposition and declaration say nothing meaningful regarding the appearance that Flynn does not–contrary to his pro hac vice applications in the other cases–"regularly practice" in Massachusetts. In Flynn's hands, even simple matters such as his office address and the name of his firm have evaded cogent explanation and resulted in accusations of harassment. Opposition at 15. In any event, granting the pending motion does not require this Court to find that Flynn made misleading statements in his pro hac vice applications in other cases. Furthermore, Flynn has not refuted the objectively verifiable facts recited at pages 2-4 of the pending motion (regarding where Flynn practices law), and his statements have only obscured the matter further. *See* Opposition at 15

4

(Flynn "litigate[s] cases in Massachusetts with significantly less frequency" than in the past; he has "litigated numerous cases in Massachusetts" since 1991; within the last two years he litigated "related cases in the Boston Federal District Court and the District of Columbia;" he has a "multi-state and multi-district practice;" he "routinely addresses and refers Massachusetts matters to Massachusetts counsel," he "maintains an office address" in Massachusetts; and what "regularly practicing" means to other lawyers, it does not mean to Flynn because Flynn "only choose[es] very selective [sic] cases." Opposition at 15-16; Declaration at 3.

Montgomery has not been charged with a crime. The Sixth Amendment does not apply to his motion to return property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. Opposition at 16-18. *See United States v. Percy*, 250 F.3d 720, 725 (9th Cir. 2001) ("This Circuit adheres to the bright-line rule that the Sixth Amendment's right to counsel attaches upon the initiation of formal charges."). In any event, the Sixth Amendment does not require this Court to permit Flynn to make unauthorized appearances contrary to court rules.

Flynn's Opposition is prolix and vituperative. It demonstrates the merit of the pending motion to strike his pleadings and preclude his appearance pro hac vice in this matter. It also exemplifies what this Court can expect in future pleadings from Flynn and the attorneys with whom he practices. Accordingly, the United States requests that this Court grant the pending motion.

DATED this 13th day of March, 2007

Respectfully submitted,

STEVEN W. MYHRE
Acting United States Attorney

RONALD C. RACHOW
Assistant United States Attorney

5

CERTIFICATE OF SERVICE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: ) | 3:06-CV-0263-LRH-VPC |
| ) | 3:06-MJ-0023-VPC |
| The Residence Located at 12720 ) | |
| Buckthorn Lane, Reno, Nevada, and ) | GOVERNMENT'S REPLY TO |
| Storage Units 136, 140, 141, 142, and 143, ) | MONTGOMERY'S OPPOSITION TO |
| Double R. Storage, 888 Maestro Drive, ) | THE GOVERNMENT'S MOTION TO |
| Reno, Nevada. ) | STRIKE PLEADINGS FILED BY |
| ) | MICHAEL JAMES FLYNN, ESQ. AND TO |
| _____ ) | PRECLUDE HIS PRO HAC VICE |
| | APPLICATION |

The undersigned hereby certifies that she is an employee in the office of the United States Attorney for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on March 13 , 2007, she served a copy of the attached **GOVERNMENT'S REPLY TO MONTGOMERY'S OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE PLEADINGS FILED BY MICHAEL JAMES FLYNN, ESQ. AND TO PRECLUDE PRO HAC VICE APPLICATION** by mail to the persons hereinafter named.

Addressee:

RONALD J. LOGAR, ESQ.
ERIC A. PULVER, ESQ.
Law Office of Logar & Pulver, PC
225 S. Arlington Avenue, Suite A
Reno, NV 89501

MICHAEL J. FLYNN, ESQ.
P. O. Box 690
Rancho Santa Fe, CA 92067


GLENDA NEWBY

6